IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| v. | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES M. BLACKBURN, and | ) |
| EDWARD A. KESSLER. | ) |
| Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, EDWARD A. KESSLER'S, F.R.C.P. 12(B)(6) MOTION TO DISMISS**

This case arises out of an alleged breach of a certain Promissory Note and Loan and Security Agreement entered into between an automotive lender, Plaintiff, Nextgear Capital, Inc., and an automotive dealer, Defendant, Premier Group Autos, LLC ("Dealer"). As set forth in Plaintiff's Complaint, Plaintiff contends that the Dealer has breached the Promissory Note and Loan and Security Agreement by "failing to make payments of principal and/or interest…" as required under the Note. Plaintiff also seeks to hold the two (2) members of the Dealer responsible for the indebtedness under the Note by virtue of a personal guaranty signed by Defendants James M. Blackburn ("Blackburn") and Edward A, Kessler ("Kessler").[1]

Plaintiff's Complaint asserts the following causes of action: Count I—Breach of Contract; Count II—Breach of Guaranty—James Blackburn; Count III—Breach of Guaranty—Edward Kessler; and Count IV—Conversion. Pursuant to Count IV, based on an assertion of criminal conversion and pursuant to Ind. Code §34-24-3-1 *et seq.* (Indiana's Civil Action by Crime Victim

---

[1] Although not pertinent to the instant Motion, Kessler's signature is forged on certain of the Loan Documents, specifically including a Power of Attorney notarized by a Nextgear representative.

1

Statute), Plaintiff seeks treble damages. But, Plaintiff's claim for conversion (Count IV) fails as a matter of law, particularly as to Kessler as an individual. Specifically, at best, the current dispute is one for breach of contract and the alleged failure of the Dealer to pay a debt—nothing more. Under Indiana law, as a matter of law, "[t]he failure to pay a debt does not constitute criminal conversion as a matter of law." *Old Nat. Bank v. Kelly,* 31 N.E.3d 522, 532 (Ind., Ct. App. 2015) *citing*, *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004). As such, because the instant dispute centers around an alleged breach of contract and the failure to pay a debt, Plaintiff's claim for conversion and treble damages fails as a matter of law and must be dismissed.

I.     **RELEVANT FACTS**[2]

According to Plaintiff's Complaint, Plaintiff and Dealer entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") whereby Dealer granted Plaintiff a security interest in all of its assets, properties, equipment, vehicles, purchase money inventory, proceeds, accounts receivable, chattel paper, etc. (*See* Pl.'s Compl. at ¶ 6). Defendants Blackburn and Kessler executed personal guaranties in favor of the Plaintiff in which Defendants guaranteed prompt and full payment to Plaintiff of all liabilities and obligations of Dealer pursuant to the Note. (*Id*. at ¶¶ 7-8).

Pursuant to the Note, Plaintiff advanced funds to Dealer for the purchase of inventory. (*Id*. at ¶ 9). The funds advanced by Plaintiff to Dealer have not been repaid; and, under the terms of the Note, Dealer is in default under the Note. (*Id*. at ¶¶ 10-12). As a result of the default under the Note, the Plaintiff has accelerated the Note and declared the entire indebtedness due. (*Id*. at ¶¶ 12-14).

---

[2] Defendant Kessler disputes the validity of the allegations in Plaintiff's Complaint. However, for purposes of this Fed. R. Civ. P. 12(B)(6) Motion to Dismiss, the facts set forth in Plaintiff's Complaint are to be considered as true.

In Plaintiff's Complaint, Plaintiff has asserted a claim for Conversion—Count IV. According to Plaintiff, "[p]ursuant to the terms of the Note, Plaintiff possesses an immediate and unqualified right to possession of any proceeds resulting from the sale of the Collateral." (*Id*. at ¶ 37). And, "[d]ealer has sold no fewer than six (6) items of Collateral without remitting the proceeds from such sales as it was required to do under the terms of the Note." (*Id*. at ¶ 38). Plaintiff's conversion allegation goes on to state: "[b]y failing to remit the proceeds of one or more items of Collateral Dealer, Blackburn and Kessler, knowingly and intentionally exercised unauthorized control over the property of Plaintiff." (*Id*. at ¶ 41). The Complaint, however, contains no factual allegation of any specific conduct of Mr. Kessler as an individual; let alone, any conduct by Mr. Kessler as an individual supporting a claim against him for (criminal) conversion).[3]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. *Wise v. Stefanatos*, 2010 WL 3980279 (N.D. Ind. 2010). When ruling on a 12(b)(6) Motion to Dismiss, the Court is to construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d. 1074, 1081 (7th Cir. 2008). However, a Court is not required to take unsupported legal conclusions contained in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).

## II.  ARGUMENT

### A.  Plaintiff's Claim for Conversion Fails as a Matter of Law.

---

[3] The wholly conclusory allegations in Paragraphs 40, 41 and 43 of the Complaint do not pass muster under *Iqbal* and its progeny. This is particularly true since criminal conversion requires *mens rea*.

Indiana courts have consistently held that "[t]he failure to pay a debt does not constitute criminal conversion as a matter of law." *Old Nat. Bank v. Kelly,* 31 N.E.3d 522, 532 (Ind., Ct. App. 2015) *citing*, *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004). "In enacting the criminal conversion statute, the legislature did not intend to criminalize a bona fide contract dispute." *Id*. at 1079. Further, "Indiana courts have repeatedly held that a mere failure to pay a debt does not amount to civil or criminal conversion." *JP Morgan Chase Bank, N.A. v. Smith Brother's Builders & Supply,* 2009 WL 2413832 [*2] (S.D. Ind. 2009).

Here, Plaintiff's claim for conversion is nothing more than a repackaged version of its breach of contract claim for failure to pay the debt owed under the loan which is brought for no other purpose than to improperly "up the ante" in this case. Plaintiff's claim for conversion is premised solely upon the Note and the Note's requirement that the Dealer repay the proceeds from the sale of the Collateral. In other words, the obligation to repay the money from the sale of the Collateral is contractually based and arises solely by virtue of the contractual relationship between Plaintiff and Defendants. And, as Indiana courts have made clear, where the source of the duty owed to repay money arises from a contract, "then tort law should not interfere." *French-Tex Cleaners, Inc. v. Cafaro Co.,* 893 N.E.2d 1156, 1166-68 (Ind. Ct. App. 2008); *Paniaguas v. Endor, Inc.,* 847 N.E.2d 967, 970 (Ind. Ct. App. 2006). In the present case, that is precisely what is at issue—the Defendants alleged failure to repay money that is allegedly due under the Note. i.e., the failure to pay a contractual debt.

Simply, this litigation centers around a bona fide business dispute over a debt that is allegedly owed through a financing program entered into between Plaintiff and the Dealer. Beyond the alleged failure to repay the proceeds received from the sale of the Dealer's inventory, there are no allegations presented in the Complaint that transforms this collection action into a quasi-

4

criminal action due to unauthorized control over loan proceeds, which, according to Plaintiff, were not repaid in accordance with the terms of the Note.[4]  Accordingly, Plaintiff's claim for Conversion (Count IV) fails as a matter of law and Defendant Kessler's Motion to Dismiss Count IV of Plaintiff's Complaint should be granted.

### III.  CONCLUSION

For the foregoing reasons, Defendant Kessler respectfully requests that his Motion to Dismiss for Failure to State a Claim be granted and for all other just and proper relief in the premises.

Respectfully submitted,

DELK McNALLY LLP

*/s/ Jason R. Delk*
Jason R. Delk, Atty. No. 24853-18
*Attorney for Defendant, Edward Kessler*

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765-896-9495
Facsimile: 888/453-0545

---

[4] While money may the subject of an action for conversion, the money must be capable of being identified as a special chattel and must be a determinate sum with which the defendant was entrusted to apply to a certain purpose. *Newland Resources, LLC v. Branham Corp.,* 918 N.E.2d 763, 776 (Ind.Ct.App.2009).  Here, there are no allegations that Plaintiff provided a specific amount of money that was entrusted to the Defendants for a specific and certain purpose.  Rather, the claim for conversion lies in the alleged failure to repay the Plaintiff proceeds under the terms of the Note, i.e., the alleged failure to pay a debt.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's electronic case filing system this 6th day of March, 2020:

                                            */s/ Jason R. Delk*
                                            Jason R. Delk

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765/896-9495
Facsimile: 888/453-0545