IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. | ) |
| | ) |
|       Plaintiff | ) |
| | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| v. | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES M. BLACKBURN, and | ) |
| EDWARD A. KESSLER. | ) |
|       Defendants | ) |

### DEFENDANT EDWARD A. KESSLER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION

After the Plaintiff unilaterally decided to initiate this litigation in the Hamilton County, Indiana Superior Courts, Plaintiff is now seeking to completely ignore its own decision to litigate this case in a judicial forum and is seeking a stay of this case to require this dispute to be submitted to arbitration. Such inconsistent and unjustified actions do not permit the Plaintiff to file a lawsuit on the one hand, and then, after the case is removed to federal court, engage in forum shopping and decide to ignore its own decision to file a lawsuit and resolve the dispute through the courts. As the Seventh Circuit Court of Appeals has made clear: "a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720 726 (7th Cir. 2004). Accordingly, because Plaintiff chose to initiate this litigation in a judicial forum, Plaintiff has waived its right to compel arbitration of this dispute. Additionally, contrary to the assertions in Plaintiff's motion, the plain language of the arbitration clause at issue does not mandate arbitration of the instant dispute. For these reasons, Plaintiff's Motion to Compel Arbitration should be denied.

## I. PROCEDURAL HISTORY

According to Plaintiff's Complaint, Plaintiff and Dealer entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") whereby Dealer granted Plaintiff a security interest in all of its assets, properties, equipment, vehicles, purchase money inventory, proceeds, accounts receivable, chattel paper, etc. (*See* Pl.'s Compl. at ¶ 6). Defendants Blackburn and Kessler executed personal guaranties in favor of the Plaintiff in which Defendants guaranteed prompt and full payment to Plaintiff of all liabilities and obligations of Dealer pursuant to the Note. (*Id*. at ¶¶ 7-8).

Pursuant to the Note, Plaintiff advanced funds to Dealer for the purchase of inventory. (*Id*. at ¶ 9). According to Plaintiff, the funds advanced by Plaintiff to Dealer have not been repaid; and, under the terms of the Note, Dealer is in default under the Note. (*Id*. at ¶¶ 10-12). As a result of the default under the Note, the Plaintiff has accelerated the Note and declared the entire indebtedness due. (*Id*. at ¶¶ 12-14). The Note and the subject guaranties contain arbitration clauses, but those clauses are limited by their plain language and Plaintiff has the ability, which it exercised here, to litigate in court instead of arbitrating. (*See* Dkt. 1-2). Each provision states, in relevant part:

> In most cases, any disputes or claims that **Borrower** may have can be resolved quickly and to **Borrower's** satisfaction by contacting Lender regarding such dispute or claim. In the unlikely event that Lender is unable to resolve a dispute or claim that **Borrower** may have **Borrower** agrees to arbitrate such dispute or claim in accordance with this Section 22 . . . Additionally, Borrower acknowledges that Lender may (BUT SHALL IN NO EVENT BE REQUIRED TO) arbitrate any dispute or claim that it may have against Borrower, with any such arbitration being governed by the provisions of this Section 22.

Compl., Ex. A, ¶22 (bold added, all caps in original)

On December 18, 2019, Plaintiff, by its own choosing, filed the instant litigation in the Hamilton County Superior Court No. 3 against Defendants. (*See* Dkt. 1-2 at p. 1). In Plaintiff's Complaint, Plaintiff asserts claims for Breach of Contract (Count I); Breach of Guaranty (Counts II & III); and Conversion (Count IV). *See* Dkt. 1-2 at pp. 13-19).

On January 21, 2020, in the Hamilton County Superior Court, Defendants Blackburn and Premier Group Autos, LLC filed a Motion for Extension of Time to Answer the Plaintiff's Complaint. (*See* Dkt. 1-2 at p. 2). On the same date, January 21, 2020, Defendants Blackburn and Premier Group Autos also filed a Request for Jury Trial on the issues raised in Plaintiff's Complaint. (*See* Dkt. 1-2 at p. 64).

Later, on January 30, 2020, Plaintiff filed, in the Hamilton County Superior Court, its Motion to Deny Defendants' Request for Jury Trial. (*See* Dkt. 1-2 at pp. 68-70). In the Motion to Deny Defendants' Request for Jury Trial, Plaintiff cites to the Note and Guaranty and argues that Defendants waived their rights to seek a jury trial for the matters raised in the Plaintiff's Complaint by virtue of the "Waiver of Jury Trial" provisions in the Note and Guaranty. (*Id*. at pp. 68-70).

On January 31, 2020, Defendants filed their Notice of Removal with this Court and the Hamilton County Superior Court and removed the litigation from the Hamilton County Superior Court to the United States District Court for the Southern District of Indiana. (*See* Dkt. 1).

## II.   ARGUMENT

### A.  Plaintiff Waived Its Right to Arbitrate this Dispute.

"A contractual right to arbitrate may be waived expressly or implicitly, and a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 20, 726 (7th Cir. 2004), *citing*, *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 757 (7th Cir. 2002). *See also Cabinetree*

*of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 390 (7th Cir. 1995)(holding "that an election to proceed before a nonarbitribal tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate.") "Invoking judicial process is *presumptive* waiver." *Id*. "Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream." *Grumhaus v. Comerica Sec., Inc.,* 223 F.3d 648, 650 (7th Cir. 2000). "A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum." *Id.*

Courts in the Seventh Circuit have repeatedly explained that "litigating a claim is clearly inconsistent with any perceived right to arbitration." *E.g. Linda Constr., Inc., v. Republic Servs. Procurement, Inc.,* 2017 WL 2619140, at *5 (N.D. Ill. June 16, 2017). The presumption of waiver can be rebutted, however, but only when the waiving party has not acted inconsistently with the right to arbitrate. *Kawasaki Heavy Indus., Ltd. V. Bombardier Recreational Prod., Inc.,* 660 F.3d 988, 995 (7th Cir. 2011). When determining waiver, the Court should ask whether the waiving party did "all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Sharif,* 376 F.3d at 726. "Except in extraordinary circumstances, though, parties should be bound by their election." *Cabinetree*, 50 F.3d at 391.

Here, in the case at bar, in choosing to file this case in the Hamilton County Superior Courts, it is clear that Plaintiff decided to ignore the terms of its own contract that it claims requires arbitration, and, instead, decided to litigate this dispute in a court of law. If Plaintiff wanted to arbitrate this dispute, Plaintiff should have filed its arbitration demand and instituted arbitration proceedings. But, instead, with complete knowledge of the terms of the Note and Guaranty, Plaintiff ignored its right to seek arbitration and filed the instant action in a court of law.

At the time of filing this litigation, Plaintiff had complete control of where to file this claim and chose litigation in Hamilton County.  But, now that the case has been removed to federal court, Plaintiff apparently does not like this forum and wants to arbitrate this dispute.  Plaintiff cannot have it both ways.  Plaintiff can hardly argue that it has acted consistent with its claimed right to demand arbitration.  If Plaintiff acted consistent with its desire to seek arbitration then why file this action in a court of law?  Why file a Motion to Strike Defendants' Jury Demand in state court, but not file a motion to compel arbitration?  The answer is clear: Plaintiff is engaged in improper forum shopping.  Plaintiff has acted entirely inconsistent with its claimed right to seek arbitration.  Plaintiff chose litigation and now Plaintiff must litigate this case in this Court.  *See Cabinetree*, 50 F.3d at 391 (stating parties "should be bound by their election.").  Plaintiff has waived its right to enforce the arbitration clause in the Note and Guaranty.  As such, Plaintiff's Motion to Compel Arbitration should be denied.

    **B. The Arbitration Clause Does Not Mandate Arbitration of a Dispute, Such as the Instant One, Brought by Lender/Plaintiff**

As quoted above, the arbitration provision at issue is not mandatory when the suit is brought by Lender/Plaintiff: "Lender may (BUT SHALL IN NO EVENT BE REQUIRED TO) arbitrate any dispute or claim that it may have against Borrower." Contrary to Plaintiff's positions taken in its motion, arbitration is ***not*** mandatory here. By the plain language of the arbitration clause, arbitration is optional – and Plaintiff opted to litigate in court. Accordingly, in addition to waiver, Plaintiff's Motion should be denied because the arbitration clause at issue does not require the instant dispute to be arbitrated and Plaintiff chose not to arbitrate the action by filing it in court.[1]

---

[1] The non-bilateral nature of the arbitration clause also renders it suspect, unfair and unconscionable.

### III.     CONCLUSION

For the foregoing reasons, Defendant Edward A. Kessler respectfully requests that Plaintiff's Motion to Compel Arbitration be denied and that this litigation be allowed to continue in this Court as Plaintiff has waived its right to seek arbitration of this dispute and the arbitration clause does not mandate arbitration of this dispute brought by Lender, not by Borrower. The Motion should be denied.

Respectfully submitted,

DELK McNALLY LLP


*/s/ Jason R. Delk*
Jason R. Delk, Atty. No. 24853-18
*Attorney for Defendant, Edward Kessler*

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765-896-9495
Facsimile: 888/453-0545

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's electronic case filing system this 19th day of March, 2020:

*/s/ Jason R. Delk*
Jason R. Delk

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765/896-9495
Facsimile: 888/453-0545