UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES M. BLACKBURN, and | ) |
| EDWARD A. KESSLER, | ) |
| | ) |
| Defendants. | ) |

## NEXTGEAR CAPITAL'S RESPONSE IN OPPOSITION TO DEFENDANT EDWARD KESSLER'S MOTION TO DISMISS

NextGear Capital, Inc. ("NextGear Capital"), by counsel, respectfully objects and responds in opposition to *Defendant Edward Kessler's Motion to Dismiss Plaintiff's Complaint* ("Motion"), and in support states as follows:

### BACKGROUND FACTS

1. On December 12, 18, 2019, NextGear filed its Complaint in Hamilton County Superior Court at cause number 29D03-1912-PL-011904 ("Complaint").

2. On January 22, 2020, Defendant Edward Kessler ("Kessler") was granted until March 2, 2020 in which to answer the Complaint.

3. On January 31, 2020, Kessler filed his Notice of Removal to Federal Court.

4. As of March 25, 2020, Kessler has not answered the Complaint, but on March 6, 2020, Kessler filed a Motion to Dismiss Count IV of the Complaint only.

5. In Count IV, NextGear alleged Conversion. (Compl., ECF 1-2 (Jan. 31, 2020) ("Compl.") ¶¶ 36-44.)

6. Count IV alleged that Kessler was aware that the dealer sold six (6) items of Collateral without remitting the proceeds to NextGear. (Compl. ¶¶ 38-39.)

7. Count IV also alleged that Kessler was actively involved in the day-to-day operations of the dealer, such that he was responsible for or participated in the misappropriation of the proceeds of one or more items of Collateral. (Compl. ¶ 40.)

8. Count IV alleges that Kessler knowingly or intentionally exercised unauthorized control over NextGear's property, and that Kessler committed willful and malicious injury to NextGear by misappropriating and converting the proceeds. (Compl. ¶¶ 41, 44.)

9. The Complaint and exhibits thereto showed that NextGear had a security interest in the vehicles and in any proceeds obtained from the sales of those vehicles (Compl. ¶ 7; Compl. Ex. A ("Note") ¶ 2.) NextGear "possesse[d] an immediate and unqualified right to possession of any proceeds resulting from the sale of the Collateral." (Compl. ¶ 37.) The exhibits to the Complaint supported that NextGear retained an ownership and/or possessory right to the vehicles it floored. (See Note ¶ 2; ¶ 5(c) ("Borrower must deliver …to Lender the Title or MSO for any Unit of Inventory at the time of any related Floorplan Advance Request, or … within seven (7) days after Lender funds the related Floorplan Advance"); ¶ 5(d) ("Borrower must deliver … to Lender the original Receivable which is the subject of a Receivable Advance within seven (7) days after Lender funds such Receivable Advance"); ¶ 7(a) ("Upon any Event of Default, Lender may … take the possession of and remove any Collateral").

10. Paragraph 2(a) of the Note states, "Borrower grants to Lender a continuing security interest in all of Borrower's assets and properties, including …all Lender Financed Inventory now owned or hereafter acquired; all amounts in Borrower's Reserve held by or on behalf of Lender … deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper,

including, without limitation, all Receivables and general intangibles …and proceeds of any of the foregoing." (Compl., Ex. A.)

11.     The Complaint alleged that NextGear "advanced funds to Dealer and to certain parties on Dealer's behalf for the purchase of inventory." (Compl. ¶ 10.) The inventory was, specifically, vehicles, which served as collateral for the Note. (See Note.)

12.     Each vehicle was financed for a specifically identifiable amount of money.

13.     Defendants were required to hold proceeds in trust for NextGear and remit the proceeds from the sale of the vehicles to NextGear after resale. (Note ¶ 4(f) ("To hold all amounts received from the sale of any Unit of Lender Financed Inventory in the form received in trust for the sole benefit of and for Lender.")

14.     The vehicles the Defendants sold out of trust were sold for a specifically identifiable amount of money. In other words, the amount of proceeds was specifically identifiable.

## ARGUMENT

### A. Standard of Review

It is well-established that "in ruling on the 12(b)(6) motion, a district court must accept the well-pleaded allegations of the complaint as true. In addition, the court must view those allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987); *Sanner v. Bd. of Trade of City of Chicago*, 62 F.3d 918, 927 (7th Cir. 1995) (same). As this Court has recognized, "[a] party seeking dismissal under Rule 12(b)(6)'s requirement that the complaint state a claim upon which relief can be granted bears a heavy burden." *Rackemann v. LISNR, Inc.*, 2018 WL 4574342, at *4 (S.D. Ind. Sept. 24, 2018) (Pratt, J.). In deciding on the motion, "the court views the complaint in the light most favorable to the plaintiffs, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiffs." *Rackemann* at *4 (citing *Lee v. City*

3

*of Chi.*, 330 F.3d 456, 459 (7th Cir. 2003). "The plaintiff 'receives the benefit of imagination' at this stage '[as] long as the hypotheses are consistent with the complaint.' . . . 'To withstand a Rule 12(b)(6) challenge . . . the plaintiff must give enough details about the subject-matter of the case to present a story that holds together, and the question the court should ask is could these things have happened, not did they happen.'" *Id.* (quoting, respectively, *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) and *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (emphasis original; internal quotations omitted)).

### B.  The Complaint Adequately Alleges Kessler's Role in the Conversion

A claim for conversion requires allegations that the Defendants "knowingly or intentionally exert[ed] unauthorized control over property of another person." *Jet Credit Union v. Loudermilk*, 879 N.E.2d 594, 597 (Ind. Ct. App. 2008) (*citing* Ind. Code 35-43-4-3). A plaintiff must allege that "(1) the defendant's control over the property was unauthorized; and (2) the defendant was aware of a high probability that the control was unauthorized." *Young v. Smith*, 2017 WL 3581656 (S.D. Ind. Aug. 17, 2017). NextGear's complaint alleges each of these elements. NextGear has alleged that Kessler knowingly participated with the Dealer to exert unauthorized control by selling vehicles without remitting the proceeds from the sale, and in so doing, exerting unauthorized control over the proceeds.

It is Kessler's burden to prove that "no set of facts" would entitle NextGear to relief under Count IV. *Rackemann*, at *4 (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). NextGear alleged that Kessler was ***aware*** that the dealer sold six (6) items of Collateral without remitting the proceeds to NextGear. (Compl. ¶¶ 38-39.) NextGear also alleged that Kessler was ***actively involved*** in the day-to-day operations of the dealer, such that he was responsible for or participated in the misappropriation of the proceeds of one or more items of Collateral. (Compl. ¶ 40.) NextGear further alleged that Kessler knowingly or intentionally

4

exercised unauthorized control over NextGear's property, and that Kessler committed willful and malicious injury to NextGear by misappropriating and converting the proceeds. (Compl. ¶¶ 41, 44.)

Kessler's Motion falls far short of satisfying his burden as the movant. His Motion ignores NextGear's well-pled allegations and fails to show that the facts alleged cannot, under any circumstances, entitle NextGear to relief.

### C. The Complaint Adequately Pleads Conversion of the Proceeds

Kessler incorrectly argues that "[t]he failure to pay a debt does not constitute criminal conversion as a matter of law." (Motion, p. 2) (alteration in original, citation omitted). This is an incomplete rendition of Indiana law.[1]  Kessler incorrectly suggests that as a rule, money cannot be the subject of a conversion action.

Indiana law recognizes that special chattel may the subject of conversion. In *Bowden v. Agnew*, the Indiana Court of Appeals stated, "[o]ur cases make clear, however, that money may be the subject of an action for conversion only if it is capable of being identified as special chattel. 2 N.E.3d 743, 750 (Ind. Ct. App. 2014) (*citing Huff v. Biomet, Inc.*, 654 N.E.2d 830 (Ind. Ct. App. 1995) *abrogated on other grounds*.) "A 'special chattel' is 'a determinative sum with which the defendant was entrusted to apply to a certain purpose.'" *Mlungwana v. Covenant Care Marion LLC*, 2015 WL 1636993 (N.D. Ind. Apr. 13, 2015) (*quoting Huff*, 654 N.E.2d at 835-36 (*citing Stevens v. Butler*, 639 N.E.2d 662, 666 (Ind. Ct. App. 1994) *trans denied*)).

The threshold for claiming conversion of "special chattel" is that "[A] plaintiff must allege sufficient facts to 'allow the Court to draw the reasonable inference that the Plaintiff [ ] entrusted

---

[1] To the extent Kessler argues that NextGear cannot plead both conversion and breach of contract, his arguments fail. Both Federal Rule of Procedure 8(a) and Indiana Trial Rule 8(A) permit pleading in the alternate. Moreover, Kessler's apparent dispute of the contractual relationship would make the alleged facts fit even more squarely within a conversion claim.

determinable sums of money to the Defendants to apply for a certain purpose.'" *Foster v. W-Transfer, Inc.*, 2012 WL 2376188 at *1 (S.D. Ind. June 22, 2012) (*quoting Puma v. Hall*, 2009 WL 5068629 at *4 (S.D. Ind. Dec. 17, 2009)). Put another way, a plaintiff must allege conversion with respect to funds that are specifically "earmarked" for a certain purpose. *See, e.g.*, *In re Clayton*, 778 N.E.2d 404, 405 (Ind. 2002) (an attorney spent settlement proceeds earmarked for a client); *Roake v. Christensen*, 528 N.E.2d 789, 791 (Ind. Ct. App. 1988) (employer failed to remit group health insurance premium payments withheld from employee paychecks). "What separates a legitimate conversion claim … is whether the plaintiff can point to some specifically identifiable property as opposed to an amount of money." *G&M Hardware, Inc. v. Do It Best Corp.*, 2015 WL 4876248 at *3 (N.D. Ind. Aug. 14, 2015) (*citing Bowden*, 2 N.E.2d at 750)).

As an example of a conversion claim for a "specifically identifiable property" is *G&M Hardware*, where the court sustained G&M's claim for conversion because G&M "allege[d] that DIB ha[d] taken specific property: 1217 Preference Shares and 20 Common Shares of DIB stock owned by G & M." *Id.* Similarly, in *Midland-Guardian Co. v. United Consumers Club, Inc.*, an ongoing business relationship existed (similar to that between NextGear and Kessler), and the plaintiff was permitted to assert a claim for conversion.

> Midland and UCC were engaged in an ongoing business relationship in which Midland purchased installment contracts from UCC. Midland paid an agreed upon price for the contracts, but retained a set percentage of the purchase price for use as a contingency fund. *Id.* The contingency fund, the holdback reserve account, belonged to UCC, subject only to Midland's right to charge back uncollectible contracts according to a pre-arranged formula. Those specific funds were, in effect, entrusted to Midland to be separately held and accounted for. The holdback reserve agreements did not create an obligation to create a debt, instead they placed Midland in a position of responsibility to return the remainder of these separately identified accounts at the appropriate time.

*Bowden*, 2 N.E.3d at 751-52 (*quoting Midland-Guardian Co. v. United Consumers Club, Inc.*, 502 N.E.2d 1354, 1355 (Ind. Ct. App. 1987)).

Similarly to *Midland*, NextGear and Kessler's ongoing business relationship resembled multiple installment contracts, and each floored vehicle represents "separately held and accounted for" funds. *Id.* NextGear's advances were not general loans, which funded the dealership's general operating expenses, but rather were to be used for flooring pre-specified vehicles. NextGear entrusted the dealership with funds which correlated to each individual vehicle on the floor plan. Kessler and the other defendants were entrusted with the vehicles, even though NextGear retained the titles and possessory right, and all were expected and responsible to remit funds to NextGear upon the sale of each vehicle.

The Complaint alleges facts that could allow the Court to find that the Defendants "retained specific funds that could be directly attributable to the plaintiff." *Bowden*, 2 N.E.2d at 752 (*citing Huff*, 654 N.E.2d at 830). The amount for each vehicle was "separately held and accounted for" respective to each vehicle. *Midland*, 502 N.E.2d at 1355. Kessler was in "a position of responsibility to return the remainder of these separately identified" and floored vehicles "at the appropriate time," or upon resale. *Id.* NextGear advanced funds for specific vehicles, and retained a possessory interest in those vehicles. *See Kopis*, 498 N.E.2d 1266. Upon resale, NextGear retained a security interest in the proceeds.

## CONCLUSION

Accepting the facts in the Complaint as true, and making all reasonable inferences in favor of NextGear, dismissal of Count IV is inappropriate. Kessler has failed to show that the Complaint cannot, under any circumstances, support relief. The Complaint alleges that the Defendants, including Kessler, knowingly or intentionally took a determinative sum, and specific property -- the funds NextGear advanced which were earmarked for certain vehicles. Because the funds were earmarked and entrusted to Kessler and the other defendants to purchase specific property, the

converted property could reasonably be viewed as "special chattel." Thus, dismissal at this stage is inappropriate. The Motion to Dismiss should be denied.

>Respectfully submitted,
>
>*/s/ David J. Jurkiewicz*
>David J. Jurkiewicz
>Attorney No. 18018-53
>Sarah T. Parks
>Attorney No. 34798-53
>BOSE MCKINNEY & EVANS LLP
>111 Monument Circle, Suite 2700
>Indianapolis, Indiana 46204
>Telephone: (317) 684-5000
>Facsimile: (317) 684-5173
>djurkiewicz@boselaw.com
>
>Attorney for Plaintiff, NextGear Capital, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 30, 2020, a true and correct copy of the above and foregoing was filed electronically through the Court's CM/ECF system.  Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

/s/  *David J. Jurkiewicz*
David J. Jurkiewicz

3832006_1