IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| v. | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER. | ) |
| Defendants | ) |
| | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| Vs. | ) |
| | ) |
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Counterdefendant. | ) |

**ANSWER OF PREMIER GROUP AUTOS, LLC AND JAMES BLACKBURN AND COUNTERCLAIM OF PREMIER GROUP AUTOS, LLC**

Premier Group Autos, LLC ("Premier") and James Michael C. Blackburn ("Blackburn"), by counsel, respond to the allegations of the Plaintiff's Complaint as follows:

1. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 1 of the Complaint.

2. Premier and Blackburn admit the allegations of rhetorical paragraph 2 of the Complaint.

3. Premier and Blackburn admit the allegations of rhetorical paragraph 3 of the Complaint.

4. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the

1

truth of the allegations stated in rhetorical paragraph 4 of the Complaint.

5. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 5 of the Complaint.

6. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 6 of the Complaint.

7. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 7 of the Complaint.

8. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 8 of the Complaint.

9. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 9 of the Complaint.

10. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 10 of the Complaint.

11. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 11 of the Complaint.

12. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 12 of the Complaint.

13. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 13 of the Complaint.

14. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 14 of the Complaint.

15. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 15 of the Complaint.

16. In response to rhetorical paragraph 16, Premier and Blackburn restate their responses to rhetorical paragraph 1 through 15 of the Complaint.

17. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 17 of the Complaint.

18. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 18 of the Complaint.

19. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 19 of the Complaint.

20. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 20 of the Complaint.

21. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 21 of the Complaint.

22. In response to rhetorical paragraph 22, Premier and Blackburn restate their responses to rhetorical paragraph 1 through 21 of the Complaint.

23. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 23 of the Complaint.

24. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 24 of the Complaint.

25. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 25 of the Complaint.

26. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 26 of the Complaint.

27. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the

truth of the allegations stated in rhetorical paragraph 27 of the Complaint.

28. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 28 of the Complaint.

29. In response to rhetorical paragraph 29, Premier and Blackburn restate their responses to rhetorical paragraph 1 through 28 of the Complaint.

30. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 30 of the Complaint.

31. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 31 of the Complaint.

32. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 32 of the Complaint.

33. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 33 of the Complaint.

34. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 34 of the Complaint.

35. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 35 of the Complaint.

36. In response to rhetorical paragraph 36, Premier and Blackburn restate their responses to rhetorical paragraph 1 through 35 of the Complaint.

37. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 37 of the Complaint.

38. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 38 of the Complaint.

39. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 39 of the Complaint.

40. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 40 of the Complaint.

41. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 41 of the Complaint.

42. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 42 of the Complaint.

43. Premier and Blackburn deny the truth of the allegations stated in rhetorical paragraph 43 of the Complaint.

44. Premier and Blackburn lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in rhetorical paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

Premier and Blackburn state the following affirmative defenses in further response to the allegations of the Plaintiff's Complaint:

1. Plaintiff has waived any claims herein.

2. Plaintiff is estopped to bring this action by reason of its own breach of the stated agreements.

3. Premier and Blackburn are excused from performance under the stated agreements by reason of the Plaintiff's interference in certain business relationships of Premier and Blackburn rendering their performance impossible.

4. Count IV of Plaintiff's Complaint fails to state a claim for treble damages and attorney fees as to Premier and Blackburn.

Counterclaim

Premier and Blackburn state the following counterclaims against the Plaintiff:

### Jurisdictional Allegations

1. At all times relevant to this cause of action, Premier was and is a citizen of the state of Florida with its principal place of business located in Dania Beach, Florida.

2. At all times relevant to this cause of action, Blackburn, a principal in the ownership of Premier was and is a citizen of the State of Florida.

3. At all times relevant to this cause of action, Edward Kessler, a principal in the ownership of Premier was and is a citizen of the State of Pennsylvania.

4. At all times relevant to this cause of action, Plaintiff and its principals were believed to be citizens of the State of Indiana.

5. This Court has jurisdiction of this matter pursuant to 28 USC §1332 and 28 USC §1337.

### Factual Allegations

6. Prior to the alleged breach of the agreements as stated in Plaintiff's Complaint Premier was negotiating alternate finance arrangements with a funding source other than Plaintiff.

7. Without the knowledge, consent or permission of Premier, a representative contacted Premier's alternate funding source and made incorrect or false statements regarding Premier to the alternate funding source, causing the alternate funding source to withdraw from the negotiations with Premier.

8. Premier believes that without the interference of Plaintiff, the negotiations with Premier's alternate funding source would have been concluded successfully, resulting in full payment to Plaintiff of all sums due.

9. Also, without the knowledge, consent or permission of Premier, a representative contacted Overfinch North America, Inc. and made incorrect or false statements regarding Premier, causing Overfinch North America, Inc. to cancel its distribution agreement with Premier.

<u>COUNT I – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP</u>

10. Premier restates the common allegations set forth in rhetorical paragraphs 6 through 9 inclusive.

11. Premier had a valid business relationship with Overfinch North America, Inc. prior to the cancelation of Premier's distribution agreement with Overfinch North America, Inc.

12. Plaintiff and its representatives knew that Premier had a valid business relationship with Overfinch North America, Inc.

13. Plaintiff and its representatives, without justification, intentionally interfered with the valid business relationship between Premier and Overfinch North America, Inc.

14. Premier has suffered damages as a direct result of the wrongful interference of Plaintiff and its representatives with the valid business relationship between Premier and Overfinch North America, Inc.

<u>COUNT II – TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP</u>

15. Premier restates the common allegations set forth in rhetorical paragraphs 6 through 9 inclusive.

16. Premier had a valid contract with Overfinch North America, Inc. prior to the cancelation of Premier's distribution agreement with Overfinch North America, Inc.

17. Plaintiff and its representatives knew that Premier had a valid contract with Overfinch North America, Inc.

18. Plaintiff and its representatives, without justification, intentionally induced a breach of the valid contract between between Premier and Overfinch North America, Inc.

19. Premier has suffered damages as a direct result of the wrongful interference of Plaintiff and its representatives with the valid contract between Premier and Overfinch North America, Inc.

<u>COUNT III – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP</u>

20. Premier restates the common allegations set forth in rhetorical paragraphs 6 through 9 inclusive.

21. Premier had a valid business relationship with an alternate funding source prior to the interference of Plaintiff and its representatives.

22. Plaintiff and its representatives knew that Premier had a valid business relationship with an alternate funding source.

23. Plaintiff and its representatives, without justification, intentionally interfered with the valid business relationship between Premier and its alternate funding source.

24. Premier has suffered damages as a direct result of the wrongful interference of Plaintiff and its representatives with the valid business relationship between Premier and alternate funding.

Wherefore, Premier demands judgment of Plaintiff in an amount sufficient to compensate Premier for its damages, and for all other relief necessary and proper in the premises.

        Respectfully submitted:

        ROCAP LAW FIRM LLC

        /s/ Richard A. Rocap
        Richard A. Rocap, #6333-49
        *Attorney for Premier Group Autos, LLC and James Michael C. Blackburn*

ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Indianapolis, IN 46290-1130
(317) 846-0700
rar@rocap-law.com

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on April 1, 2020, a true and correct copy of the above and foregoing *Answer and Counterclaim* was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

        /s/ Richard A. Rocap
        Richard A. Rocap, #6333-49
        *Attorney for Premier Group Autos, LLC and James Michael C. Blackburn*

ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Indianapolis, IN 46290-1130
(317) 846-0700
rar@rocap-law.com