UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 1:20-cv-00354-TWP-DLP ) |
| PREMIER GROUP AUTOS, LLC, JAMES BLACKBURN, and EDWARD A. KESSLER, | ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT KESSLER'S OBJECTION TO MOTION TO STAY PROCEEDING TO COMPEL ARBITRATION

NextGear Capital, Inc. ("NextGear"), by counsel, and for its Response to Defendant Kessler's Objection to Motion to Stay Proceeding and to Compel Arbitration, states:

#### INTRODUCTION

On March 5, 2020, NextGear filed its Motion to Stay Proceeding and to Compel Arbitration ("Motion") based upon the Defendants' execution of loan documents including Notes and Guaranties that require arbitration of all disputes.

On March 19, 2020, Defendant Edward Kessler ("Kessler") filed his *Response in Opposition to Plaintiff's Motion to Compel Arbitration* ("Objection"). Kessler makes two arguments which are based in one and the same point, that NextGear has waived its ability to arbitrate. Kessler is incorrect.

"Waiver of a contractual right, including the right to arbitrate, requires a showing of an intentional relinquishment of a known right." *Welty Bldg. Co. v. Indy Fedreau Co., LLC*, 985 N.E.2d 792, 798 (Ind. Ct. App. 2013) *citing Northern Ind. Commuter Transportation Dist. V. Chicago SouthShore and South Bend R.R.*, 685 N.E.2d 680, 695 (Ind. 1997). While it is true that

1

"invoking judicial process is *presumptive* waiver," courts also acknowledge that "it is easy to imagine situations . . . in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration." *Cabintree v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995). Indiana and federal public policy alike "favors arbitration when possible." *Welty*, 985 N.E.2d at 799; 9 U.S.C. 1, 2. "The United States Supreme Court has stated, in light of this policy, that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver.'" *Id.* Citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The totality of the circumstances show that NextGear has not acted inconsistently with the intent to arbitrate. In making this determination, the Court should consider that (1) NextGear has been diligent in seeking the right to compel arbitration, and (2), that there is no prejudice to the Defendants in compelling arbitration at this early juncture. *Cabintree*, 50 F.3d at 391.

First, NextGear has been diligent in seeking to compel arbitration. NextGear filed its complaint in Indiana State Court on December 18, 2019, and Defendants removed the case on January 31, 2019. Soon thereafter, on March 5, 2020, NextGear moved to stay the proceedings and compel arbitration. At that time, no Defendant had answered, nor had any Defendant filed a motion to dismiss. NextGear was not trying to evade a dismissal of its claims or some negative order from this Court. NextGear simply wished to invoke its right under the contract, and invoked that right as early as possible and before it would harm the Defendants.

Second, neither Kessler nor any other Defendant answered or otherwise responded to the Complaint until after NextGear had moved to compel arbitration. Kessler and the other Defendants have not shown that they would be prejudiced by having to resolve this matter by arbitration. The

pleadings are not closed, the parties have not undertaken expensive discovery, and NextGear is not merely seeking to try its claims in another forum due to "things go[ing] poorly" in this foru. Nothing has yet occurred in this case that would cause the Defendants prejudice by moving the matter to arbitration. *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002).

There is no prejudice to Kessler or the other Defendants in compelling the parties to arbitrate as agreed in the contract.

## CONCLUSION

The law favors arbitration. NextGear has moved to compel arbitration in a timely manner, and the Defendants will not be prejudiced by moving to arbitration at this early juncture. NextGear's Motion should be granted.

Respectfully submitted,

/s/ David J. Jurkiewicz
David J. Jurkiewicz
Attorney No. 18018-53
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com

Attorney for Plaintiff, NextGear Capital, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3, 2020, a true and correct copy of the above and foregoing was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ <i>David J. Jurkiewicz</i><br>
David J. Jurkiewicz

3837188_1