UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00354-TWP-DLP |
| ) | |
| PREMIER GROUP AUTOS, LLC, ) | |
| JAMES M BLACKBURN, ) | |
| EDWARD A KESSLER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| JAMES M BLACKBURN, ) | |
| PREMIER GROUP AUTOS, LLC, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Counter Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion to Stay Proceeding to Compel Arbitration, Dkt. [18]. The motion was referred to the Undersigned for a report and recommendation.

**I.   Background**

On December 18, 2019, Plaintiff NextGear Capital, Inc. ("NextGear") filed a complaint in Indiana state court against the Defendants, Premier Group Autos, LLC, James M. Blackburn, and Edward A. Kessler, alleging that they breached a

contract and guaranty agreement. (Dkt. 1). NextGear contends that it entered into a Demand Promissory Note and Loan and Security Agreement with Defendant Premier, wherein Premier granted NextGear a security interest in all its assets. (Dkt. 1-3). In exchange, Plaintiff advanced funds to Premier and other third parties on Premier's behalf. (Id). Defendants Blackburn and Kessler, employees of Premier, executed personal guaranties and agreed to the prompt and full payment of all liabilities. (Id). Plaintiff asserts that Premier defaulted on the Promissory Note by failing to make payments and brings a claim for breach of contract against Premier and breach of guaranty against Blackburn and Kessler. (Dkt. 1-3). On January 31, Defendants removed the matter to this Court. (Dkt. 1). The Court promptly scheduled an initial pretrial conference for March 17, 2020, which was continued to April 17, 2020 on request of the parties. (Dkts. 7, 17).

On March 5, 2020, the Plaintiff filed the present motion to compel arbitration and stay this action pending arbitration. (Dkt. 18). Defendants Blackburn and Premier Group Autos, LLC did not file a response and the deadline for doing so has now passed. Defendant Kessler opposes the Plaintiff's motion on two grounds: 1) Plaintiff waived the right to arbitration by filing suit in Hamilton County, Indiana; and 2) the arbitration clause language in the parties' contract is permissive, not mandatory. (Dkt. 22). On August 11, 2020, the parties participated in oral argument before the Undersigned. (Dkt. 40).

## II.   Arbitration Agreement

The parties' Promissory Note contains an arbitration provision that states:

DISPUTE RESOLUTION; WAIVER OF CLASS ACTION RIGHTS.

(a)
    In most cases, any disputes or claims that Borrower may have can be resolved quickly and to Borrower's satisfaction by contacting Lender regarding such dispute or claims. In the unlikely event that Lender is unable to resolve a dispute or claim that Borrower may have, Borrower agrees to arbitrate any such dispute or claim in accordance with this Section 22. This agreement to arbitrate is intended to be broadly interpreted, and includes (i) all disputes, claims and counterclaims arising out of or relating to this Note or any other Loan Document or any aspect of Borrower's past, present or future relationship with Lender, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; (ii) all disputes, claims and counterclaims that may have arisen prior to the Effective Date or from any prior dealings, contract or agreement between Borrower and Lender (including all disputes, claims and counterclaims relating to any marketing or advertising by Lender); and (iii) any disputes, claims and counterclaims that may arise after the termination of this Note and any other Loan Document. Additionally, Borrower acknowledges that Lender may (BUT SHALL IN NO EVENT BE REQUIRED TO) arbitrate any dispute or claim that it may have against Borrower, with any such arbitration being governed by the provisions of this Section 22. BY AGREEING TO ARBITRATION, BORROWER UNDERSTANDS AND AGREES THAT IT IS WAIVING ITS RIGHTS TO MAINTAIN OTHER AVAILABLE RESOLUTION PROCESSES, SUCH AS COURT ACTION (INCLUDING A JURY TRIAL) OR ADMINISTRATIVE PROCEEDING, IN ORDER TO SETTLE OR RESOLVE DISPUTES OR ANY CLAIMS AGAINST LENDER. ARBITRATION IS DIFFERENT THAN A COURT ACTION, AND THE RULES IN ARBITRATION ARE DIFFERENT THAN THE RULES THAT APPLY IN COURT. THERE IS NO JUDGE OR JURY IN ARBITRATION, AND REVIEW IS LIMITED, BUT AN ARBITRATOR CAN AWARD THE SAME DAMAGES AND RELIEF AS A COURT, SUBJECT TO THE AGREED TERMS AND LIMITATIONS IN THIS NOTE. Borrower, at its election, may opt-out of the arbitration provisions set forth in Sections 22(a), 22(c) and 22(d) by providing written notice of its election to opt-out no later than thirty (30) days after the Effective Date, which notice shall be provided to Lender pursuant to Section 15 ("Opt-Out Notice"), provided that such Opt-Out Notice shall become effective only upon Borrower's receipt of written confirmation from Lender that such "Opt-Out Notice has been received by Lender within the required time period. Borrower acknowledges and agrees that, irrespective of any Opt-Out Notice or any written confirmation thereof, Borrower shall in all events be subject to the provisions of Section 22(b).

(b)

    ANY ARBITRATION OR OTHER LEGAL PROCEEDING OF ANY TYPE OR NATURE ARISING UNDER OR RELATING TO THIS NOTE OR ANY OF THE OTHER LOAN DOCUMENTS, OR TO ANY ASPECT OF BORROWER'S PAST, PRESENT OR FUTURE RELATIONSHIP OR ACTIVITIES WITH OR INVOLVING LENDER (INCLUDING ANY MARKETING ACTIVITIES OR SOLICITATIONS BY OR ON BEHALF OF LENDER), WILL TAKE PLACE ON AN INDIVIDUAL BASIS. CLASS ARBITRATIONS AND CLASS ACTIONS OF ANY KIND (WHETHER PURSUED THROUGH ARBITRATION OR THROUGH THE COURTS) ARE NOT PERMITTED. BORROWER AGREES THAT IT MAY BRING CLAIMS AGAINST LENDER ONLY IN ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING, BORROWER AGREES THAT, BY ENTERING INTO THIS NOTE, BORROWER IS WAIVING ITS RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR OTHER SIMILAR REPRESENTATIVE PROCEEDING. UNLESS CONSENTED TO IN WRITING BY LENDER, THE ARBITRATOR MAY NOT CONSOLIDATE MORE THAN ONE PERSON'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A REPRESENTATIVE OR CLASS PROCEEDING. BORROWER ACKNOWLEDGES AND AGREES THAT THE SIZE OF BORROWER'S CREDIT LINE, THE INTEREST RATE TO WHICH ADVANCES ARE SUBJECT AND CERTAIN FEES CHARGED TO BORROWER, AS WELL AS THE SIZE AND DATES OF SPECIFIC ADVANCES, ARE UNIQUE TO AND NEGOTIATED BY BORROWER, AND THAT SUCH FACTORS WILL AND DO VARY AMONG BORROWERS.

(c)    Any dispute or claim subject to arbitration pursuant to this Section 22 shall be submitted to binding arbitration administered by the Judicial Arbitration and Mediation Service ("<u>JAMS</u>") pursuant to its Comprehensive Arbitration Rules and Procedures as then in effect (the "<u>JAMS Comprehensive Rules</u>"); <u>provided</u>, <u>however</u>, that any dispute or claim that is subject to arbitration pursuant to this Section 22 and that involves disputes or claims where the aggregate amount reasonably in dispute or controversy is less than $100,000, shall be submitted to binding arbitration administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures as in effect on the Effective Date (the "<u>JAMS Streamlined Rules</u>"). The disputes and claims subject to arbitration pursuant to this Section 22 will be resolved by a single arbitrator selected pursuant to the JAMS Comprehensive Rules or the JAMS Streamlined Rules, as the case may be. The arbitrator shall be bound by and shall strictly enforce the terms of this Note and the other Loan Documents and may not limit, expand, or otherwise modify any term or provision of this Note or any other Loan Document or any other contract or document between Borrower and Lender. The arbitrator shall not have the power to award to Borrower any damages that are excluded or that have been waived by Borrower under this Note or any other Loan Document, and Borrower irrevocably waives any claim that it may have thereto. The arbitrator shall not have the power to order pre-hearing discovery of documents or the taking of depositions. The arbitrator shall render a written decision within six (6) months after being selected. Any arbitration will be held in Indianapolis, Indiana (or its greater metro area). Each Party will bear its own expenses in the

arbitration and will share equally the costs of the arbitration; <u>provided</u>, <u>however</u>, that the arbitrator may, in his or her discretion, award costs and fees to the prevailing Party. The result of any arbitration shall be final and binding upon the Parties. Judgment upon any arbitration award may be entered in any court having jurisdiction over the award or over the applicable party or its assets.

(d) This Note and the other Loan Documents evidence transactions in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this Section 22, notwithstanding the provisions of Section 20.

### III. Legal Standard

A court must compel arbitration under the Federal Arbitration Act ("FAA") where: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) a party has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). The FAA establishes a strong presumption of arbitrability. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

"Despite the federal policy favoring arbitration, a contractual right to arbitration can be waived." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). That waiver can be either explicit or inferred from a party's actions. *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587 (7th Cir. 1992).

### IV. Discussion

In assessing the Plaintiff's request to stay this matter and compel the parties to arbitrate, the Court must first evaluate whether the three factors to compel arbitration are met, as outlined in *Zurich Am. Ins. Co. v. Watts. Indus.,* 466 F.3d 577, 580 (7th Cir. 2006). Defendant Kessler does not dispute that the parties' Promissory Note contains a valid arbitration agreement and that the arbitration agreement covers the dispute alleged in the Plaintiff's complaint. Thus, the Court must only address the third factor, whether there has been a demonstrated refusal to arbitrate.

#### a. Defendants Premier and Blackburn's Refusal to Arbitrate

"[U]nless and until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause, no breach of contract has occurred, no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner—hence, the petitioner cannot claim to be 'aggrieved' under the FAA." *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 753 (N.D. Ill. 2012) (internal citation omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983) ("[a]n indispensable element of Mercury's cause of action under § 4 for an arbitration order is the Hospital's refusal to arbitrate").

The Plaintiff does not allege in its brief or attach any exhibits to support a contention that Defendants Premier and Blackburn have refused to participate in arbitration. Both Premier and Blackburn failed to respond to the present motion to compel arbitration. At oral argument, however, counsel for Premier and Blackburn

indicated to the Court that his clients were neither in favor of nor opposed to participating in arbitration. Without a definitive showing that the Plaintiff has been aggrieved by the failure, neglect, or refusal of Defendants Premier and Blackburn to participate in arbitration, Plaintiff has not shown that it is entitled to relief under § 4 of the FAA. Thus, the Plaintiff has failed to satisfy the third prong, and the Court should decline to compel Defendants Premier and Blackburn to arbitrate.

    b. *Defendant Kessler*

Through Kessler's response brief in opposition to arbitration and his presentation at oral argument, the Court understands Kessler to refuse to arbitrate because the Plaintiff has allegedly waived the right to arbitrate. Defendant does not contest that all three elements of the *Zurich* analysis are satisfied, but argues that the Court should not compel arbitration because the Plaintiff waived the right to arbitrate by filing this case in Indiana state court. (Dkt. 22 at 3-4). By choosing to proceed with litigation, Kessler maintains that the Plaintiff has acted inconsistently with its claimed right to arbitration. (Id. at 4-5). The Plaintiff contends in response that it did not act inconsistently with an intent to arbitrate simply by filing in state court; rather, within three months of filing suit and within five weeks of the matter being removed to federal court, and prior to the Defendants filing a response to the Complaint, the Plaintiff filed the present motion to compel arbitration. (Dkt. 27 at 1-2). Plaintiff further maintains that it acted diligently and that there would be no prejudice to the Defendants if the Court granted the motion to compel arbitration. (Id. at 3).

Defendant Kessler does not allege that the Plaintiff expressly waived the right to arbitrate, thus the Court must determine whether waiver can be inferred from Plaintiff's actions. "[A] court must presume that a party implicitly waived its right to arbitrate when it chooses a judicial forum for the resolution of a dispute." *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000); *see also Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) ("…invoking judicial process is presumptive waiver."). While the courts have an interest in enforcing a party's choice of forum and not allowing parties to change course midstream, *Grumhaus*, 223 F.3d at 650, the Seventh Circuit recognizes that there are "a variety of circumstances which may make the case abnormal, and [in those circumstances] the district court should find no waiver or should permit a previous waiver to be rescinded." *Cabintree*, 50 F.3d at 391.

In considering whether a waiver of the right to arbitrate may be implied, the Court must look to the totality of the circumstances to determine whether a party has acted inconsistently with the right to arbitrate. *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 499 (7th Cir. 2018) (citing *Kawasaki*, 660 F.3d at 994). A totality of the circumstances analysis looks to several factors, including whether the party attempting to invoke arbitration acted diligently in doing so, whether the invoking party participated in litigation, substantially delayed its request for arbitration, or participated in discovery. *St. Mary's*, 969 F.2d at 589-91. The Court also considers the degree of prejudice that would be suffered by the non-moving party, although

this Circuit does not require a showing of prejudice to find waiver. *Kawasaki*, 660 F.3d at 994.

Defendant Kessler argues that Plaintiff's decision to file its claim in Indiana state court is inconsistent with an intent to arbitrate. (Dkt. 22 at 5). The Plaintiff maintains, especially with regard to Plaintiff's diligence and any prejudice to the Defendants, that the totality of the circumstances demonstrates that NextGear has not acted inconsistently with the intent to arbitrate. (Dkt. 27 at 2).

As noted previously, the Plaintiff filed suit in Indiana state court on December 18, 2019, and the Defendants removed the case to this Court on January 31, 2020. Plaintiff filed the present motion to compel arbitration on March 5, 2020, before any Defendant had answered, the Court held its initial pretrial conference, and any discovery had yet to be conducted. The Plaintiff did not substantially delay its request for arbitration, filing it a mere five weeks after the Defendants removed the matter to this Court. Instead, the Plaintiff invoked the right to arbitrate before the Court conducted an initial pretrial conference and discovery commenced. Similarly, because at the time this motion was filed no Defendant had responded to the Plaintiff's complaint, discovery had not yet begun, and no deadlines had been established nor have been established, the Defendants cannot be said to be prejudiced by the Plaintiff's request to arbitrate.

A review of those individual factors appears to weigh in favor of the Plaintiff, but by considering those factors in their totality and in the context of the case at large, a different conclusion is warranted. "The central question is whether the

party against whom the waiver is to be found intended its selection and not whether either party would be prejudiced by the forum change." *Grumhaus*, 223 F.3d at 650. The Plaintiff's participation in litigation began with its decision to file suit in state court instead of requesting arbitration proceedings. Although its participation after filing suit has been negligible, the mere fact of filing in state court demonstrates the Plaintiff's clear intention to proceed in a judicial forum rather than in arbitration.

While there are special circumstances that may absolve the Plaintiff of this waiver, the Undersigned does not find any applicable here. The Plaintiff has failed to demonstrate any concerns or conditions that prevented it from pursuing arbitration rather than a judicial forum at the outset. There have been no unexpected developments in the case that have altered the Plaintiff's view of its right to arbitrate. Moreover, the Plaintiff has provided no reason or justification, other than timing, for its decision to first file its complaint in a judicial forum and now request to pursue arbitration.

The Plaintiff had the option in December 2019 of proceeding with arbitration or in court and, absent extraordinary circumstances which are not presented here, the Plaintiff should be bound by its election to proceed in a judicial forum. *See Cabinetree*, 50 F.3d at 391. Thus, the Court should conclude that the Plaintiff has acted inconsistently with the right to arbitrate and, thus, has waived the right to arbitrate.

### c. *Permissive Arbitration Clause*

Although the Court should conclude that the Plaintiff has waived the right to arbitrate, the Undersigned will consider Defendant Kessler's final argument, which was included in a very short paragraph at the end of his response brief, and alleges that the plain language of the arbitration clause indicates that arbitration can be permitted, but not mandated. (Dkt. 22 at 5). The Defendant does not develop this argument or provide any factual or legal support; as stated previously, undeveloped arguments are ordinarily waived. Nevertheless, the Court can resolve Defendant's argument in short order. The arbitration clause in the parties' Promissory Note indicates that Plaintiff may arbitrate any claim it has against the Defendants, but that it shall not be required to arbitrate. (Dkt. 1-3 at 18). The Defendant misconstrues the purpose of this clause – it simply states that the Plaintiff is not required to arbitrate, but can request arbitration of its claim if it so chooses. In this case, the Plaintiff has attempted to ask the Court to choose arbitration. Regardless of the outcome, the Plaintiff was entitled to make that choice.

## V. Conclusion

The Court should conclude that the Plaintiff waived the right to arbitrate and, therefore, the Undersigned recommends that Plaintiff's Motion to Stay Proceeding to Compel Arbitration, Dkt. [18], be **DENIED**. The parties should be required to file a proposed case management plan within seven (7) days of the Court's order.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So RECOMMENDED.

Date: 8/25/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email