UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER, | ) |
| | ) |
| Defendants. | ) |

**OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiff NextGear Capital, Inc. ("NextGear"), by counsel, and pursuant to Federal Rule of Civil Procedure 72(a), respectfully objects to Magistrate Pryor's (the "Magistrate Judge") denial of NextGear's Motion to Stay Proceeding to Compel Arbitration (*Motion to Stay Proceeding to Compel Arbitration*, (Dkt. 18) ("Motion to Compel Arbitration"). *Report & Recommendation*, (Dkt. 42) (Aug. 25, 2020) (the "Denial").

The Magistrate Judge was, respectfully, incorrect to find implied waiver of the arbitration clause between the parties for at least two reasons. First, the analysis of the Denial disregards the totality of the circumstances test required by the Seventh Circuit and second, the Note and Guaranty documents that contain the arbitration provision also include arbitration anti-waiver provisions applicable to the waiver analysis.

Two of the defendants, Premier Group Autos, LLC and James Blackburn did not object to NextGear's Motion to Compel Arbitration and the Motion to Compel Arbitration should be granted.

A.     **Federal Rule of Civil Procedure 72(a)**

Rule 72(a) of the Federal Rules of Civil Procedure requires a party who disagrees with a magistrate judge's report and recommendation on a dispositive issue to file "objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The district court 'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to and adopt those conclusions where a party does not timely object." *Jamerson v. Colvin*, 2013 WL 6119245, at I8 1 (S.D. Ind. Nov. 21, 2013). Upon a timely objection, the district court must determine, *de novo*, "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *McVay v. Store House Co.*, 289 F.Supp. 3d 7892, 895-96 (S.D. Ind. 2017).

B.     **The Denial ignores the totality of the circumstances which "appear[ed] to weigh in favor of the Plaintiff," instead focusing on one factor as a bright-line rule.**

In the Denial, the Magistrate Judge acknowledged that a court "must" compel arbitration where a valid agreement exists, where the dispute falls within the scope of that agreement, and where a party has refused to proceed to arbitration in accordance with the agreement. (Denial p. 5) (*citing Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006)). All of these factors are satisfied (this is not in dispute), and so the court should compel arbitration.

Instead, the Denial determines that the contractual agreement of the parties to arbitrate has been waived. While it is true that waiver of the right to arbitrate may be inferred from a party's actions where "the totality of the circumstances" suggest a party has acted inconsistently with the right to arbitrate, the Denial found that "[a] review of those individual factors appears to weigh in favor of Plaintiff." (Denial p. 9.) Nevertheless, the Magistrate Judge disregarded the factors,

instead adopting a bright line approach: because NextGear had filed in state court, no other factor mattered.

The Magistrate Judge recognized that NextGear "did not substantially delay its request for arbitration," "invoked the right to arbitrate before the Court conducted an initial pretrial conference and discovery commenced," "no Defendant had responded to the Plaintiff's complaint, discovery had not begun, and no deadlines had been established," and further, "Defendants cannot be said to be prejudiced by the Plaintiff's request to arbitrate. (Denial p. 9.) The circumstances overwhelmingly favored granting the arbitration request. However, disregarding the circumstances favoring arbitration, the Magistrate Judge relied on case law where the parties were not quick to exercise the right to arbitrate and considered only that NextGear filed its lawsuit in Indiana State court. (Denial p. 9.) This is not what it means to consider the totality of the circumstances.

The Denial effectively holds that once a party has filed in a judicial forum, it cannot seek to compel arbitration. This is contrary to the totality of the circumstances inquiry required by the Seventh Circuit, and goes against public policy set forth in the Federal Arbitration Act in favor of enforcing arbitration agreements.

**C.    The contract contained a no-waiver provision, and so NextGear's filing suit does not preclude its request to arbitrate.**

Courts should enforce contracts as written, and a contractual analysis controls the arbitration dispute. When considering whether a party has waived its right to arbitrate, courts should employ the same standard as would apply to any other waiver, and enforce the parties' contract as written. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter ..., courts generally ... should apply ordinary state-law principles that govern the formation of contracts."); *DePuy Sythes Sales, Inc. v.*

*OrthoLA, Inc.* 953 F.3d 469, 478 (7th Cir. 2020) (in determining whether there is an agreement to arbitrate, courts are tasked with "applying normal contract rules.")

Writing for the Seventh Circuit in *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995), Chief Judge Posner stated:

> [i]n determining whether a waiver has occurred, the court is not to place its thumb on the scales; the federal policy favoring arbitration is, at least so far as concerns the interpretation of an arbitration clause, merely a policy of treating such clauses no less hospitably than other contractual provisions.

Here, the unambiguous Note and Guaranty specifically address whether NextGear would waive the right to arbitrate if it failed or delayed to exercise that right. Paragraph 5(e) of the Guaranty states as follows:

> (a) <u>No Waiver</u>.  No failure or delay by Lender in exercising any right, power, or privilege or the granting of an exception by Lender with respect to any term or condition of this Guaranty will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege, or the exercise of any other right, power, or privilege by Lender.

(Dkt. 1-3, Exs. B & C.) NextGear has not waived its right to arbitrate.  Just as the parties agreed to arbitrate all disputes, the parties agreed that NextGear's failure or delay to exercise its right to arbitrate would not "operate as a waiver of such right, power, or privilege."

Following the direction of the Seventh Circuit, to apply contract interpretation principles to arbitration provisions and waiver analysis leads to the conclusion that NextGear's right to compel arbitration of the disputes in this matter has not been waived and that the lawsuit should be stayed and arbitration ordered.

## Conclusion

For the foregoing reasons, NextGear respectfully requests that the Court sustain NextGear's objection to the Magistrate Judge's Recommendation and Report, and grant NextGear's Motion to Compel Arbitration.

         Respectfully submitted,

         */s/ David J. Jurkiewicz*
         David J. Jurkiewicz
         Attorney No. 18018-53
         BOSE MCKINNEY & EVANS LLP
         111 Monument Circle, Suite 2700
         Indianapolis, Indiana 46204
         Telephone: (317) 684-5000
         Facsimile: (317) 684-5173
         djurkiewicz@boselaw.com

         Attorney for Plaintiff, NextGear Capital, Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on September 8, 2020, a true and correct copy of the above and foregoing was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

         /s/ *David J. Jurkiewicz*
         David J. Jurkiewicz

3921383_1