IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 1:20-cv-00354-TWP-DLP |
| v. ) | |
| ) | |
| PREMIER GROUP AUTOS, LLC, ) | |
| JAMES M. BLACKBURN, and ) | |
| EDWARD A. KESSLER. ) | |
| Defendants ) | |

**DEFENDANT EDWARD A. KESSLER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Pryor's finding that Plaintiff waived its right to compel arbitration in this litigation is correct and should be confirmed and approved by the District Court. (*See* Dkt. 42). As Judge Pryor correctly found in the Report and Recommendation, when Plaintiff decided to institute this matter, "Plaintiff had the option in December 2019 of proceeding with arbitration or in court, and, absent extraordinary circumstances which are not presented here, the Plaintiff should be bound by its election to proceed in a judicial forum." (*See* Dkt. 42 at p. 10), *citing*, *Cabintree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 391 (7th Cir. 1995).

The issue of waiver in this case could not be clearer. As the Seventh Circuit has routinely stated, "[a] court must presume that a party implicitly waived its right to arbitrate when it chooses a judicial forum for the resolution of a dispute." *Grumhaus v. Comerica Sec., Inc.,* 223 F.3d 648, 650 (7th Cir. 2000); *see also Cabintree,* 50 F.3d at 390. In the Plaintiff's Objection to Report and Recommendation (Dkt. 43), Plaintiff argues that Judge Pryor disregarded the "totality of the circumstances" analysis and adopted "a bright line approach: because NextGear had filed in state

court, no other factor mattered." (*See* Dkt. 43 at pp. 2-3).  Contrary to Plaintiff's Objection, Judge Pryor did, in fact, consider the totality of the circumstances and still found that waiver had taken place.  Judge Pryor noted that the "[t]he central question is whether the party against whom the waiver is to be found intended its selection and not whether either party would be prejudiced by the forum change." (*See* Dkt. 42 at pp. 9-10), *citing*, *Grumhaus*, 223 F.3d at 650.

As Judge Pryor noted, there are no special circumstances or facts that may absolve the Plaintiff of its waiver of the arbitration provision and the "Plaintiff has failed to demonstrate any concerns or conditions that prevented it from pursuing arbitration rather than a judicial forum at the outset." (*See* Dkt. 42 at p. 10).  It is clear, through Plaintiff's own actions, that it voluntarily chose to ignore its own arbitration provision and file this litigation in the Hamilton County, Indiana state court.  The limited and special circumstances that might allow a court to overlook the issue of waiver and still allow a party to seek to compel arbitration are not present here.  As such, Judge Pryor's Report and Recommendation is correct and should be confirmed and approved by the District Court.

Also, Plaintiff's argument regarding the anti-waiver provision in the subject Note and Guaranty should not, and does not, change Judge Pryor's finding of waiver in the Report and Recommendation.  It is well-established that anti-waiver provisions in a contract, just like any other provision in a contract, can be waived.  *See Farm Equipment Store, Inc. v. White Farm Equipment Co.,* 596 N.E.2d 274 (Ind. Ct. App. 1992); 13 Williston on Contracts § 39:36 (4th ed.). Here, Plaintiff's ability to enforce the arbitration provision was undoubtedly waived when it consciously decided to file this action in state court and ignore the arbitration provision in Plaintiff's own boiler-plate contract.  Plaintiff's anti-waiver provision in the Note and Guaranty does not override or change well-established Seventh Circuit precedent that confirms Plaintiff has

2

waived its right to seek enforcement of the arbitration provision, especially when Plaintiff chose to institute this litigation in state court.

Finally, Plaintiff's argument regarding the anti-waiver provision in the Note and Guaranty should be rejected and disregarded by the District Court as Plaintiff did not raise this issue in the original briefing and/or oral argument before Judge Pryor. Because Plaintiff is asserting the anti-waiver provision argument for the first time in its Objection, Plaintiff cannot now raise this argument in its Objection. *See Gookins v. County Materials Corp.*, 2019 WL 3253666, *4 (S.D. Ind. 2019)(finding that a party waived an argument that was not previously raised), *citing*, *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012).

In short, Judge Pryor's Report and Recommendation on Plaintiff's Motion to Compel Arbitration is well-reasoned and correctly finds that Plaintiff waived its right to enforce the arbitration provision in the Note and Guaranty. As such, the District Court should overrule the Plaintiff's Objection and confirm/approve Magistrate Judge Pryor's Report and Recommendation (Dkt. 42).

Respectfully submitted,

DELK McNALLY LLP

*/s/ Jason R. Delk*
Jason R. Delk, Atty. No. 24853-18
*Attorney for Defendant, Edward Kessler*

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765-896-9495
Facsimile: 888/453-0545

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's electronic case filing system this 22nd day of September, 2020:

              */s/ Jason R. Delk*
              Jason R. Delk

DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
Telephone: 765/896-9495
Facsimile: 888/453-0545