**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00354-TWP-DLP |
| ) | |
| PREMIER GROUP AUTOS, LLC, ) | |
| JAMES M BLACKBURN, ) | |
| EDWARD A KESSLER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| JAMES M BLACKBURN, ) | |
| PREMIER GROUP AUTOS, LLC, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on a Motion to Stay Proceeding to Compel Arbitration filed by Plaintiff Nextgear Capital, Inc. ("Nextgear") (Filing No. 18). Nextgear brought this action in the Hamilton County Superior Court on December 18, 2019, to assert claims against Defendants Premier Group Autos, LLC, James Blackburn, and Edward Kessler ("Kessler") for breach of contract, breach of guaranty, and conversion (Filing No. 1-3). After receiving the complaint and summonses in early January 2020, the Defendants jointly filed a Notice of Removal to this Court on January 31, 2020 (Filing No. 1). On March 5, 2020, Nextgear moved to stay the proceeding and compel arbitration (Filing No. 18). After all supporting briefing was submitted, the Court

referred this Motion to Magistrate Judge Doris L. Pryor. Following an oral argument on the matter on August 11, 2020, (*see* Filing No. 40), the Magistrate Judge issued a Report and Recommendation on August 25, 2020, ultimately recommending that the Court deny Nextgear's Motion (Filing No. 42 at 11). Nextgear timely objected on September 8, 2020 (*see* Filing No. 43). For the following reasons, the Court **overrules** Nextgear's Objection (Filing No. 43), **adopts** the Magistrate Judge's Report and Recommendation (Filing No. 42), and **denies** Nextgear's Motion to Stay Proceeding to Compel Arbitration (Filing No. 18).

## I.    LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A district court also may assign non-dispositive matters to a magistrate judge under Rule 72(a).

## II.     DISCUSSION

The history and facts of this matter are sufficiently set forth in the Magistrate Judge's Report and Recommendation, (Filing No. 42 at 1-5); which the Court adopts, so only a brief synopsis of the background was stated in this Order above. In addition, the Court declines to repeat all of the legal analysis and conclusions of the Magistrate Judge and points the parties to the Report and Recommendation for that information.

According to Nextgear's Objection to Report and Recommendation, the Magistrate Judge erred in two ways: (1) the Report and Recommendation "disregards the totality of the circumstances test required by the Seventh Circuit," and (2) "the Note and Guaranty documents that contain the arbitration provision also include arbitration anti-waiver provisions applicable to the waiver analysis." (Filing No. 43 at 1.) First, despite the Magistrate Judge noting that "'a review of those individual factors appears to weigh in favor of Plaintiff,'" *id.* at 2 (quoting Filing No. 42 at 9), Nextgear contends that the Magistrate Judge "disregarded the factors" and instead "adopted a bright line approach" foreclosing arbitration any time a party requesting a court compel arbitration had filed an action in court. *Id.* at 2–3. Nextgear points out that

> [t]he Magistrate Judge recognized that NextGear "did not substantially delay its request for arbitration," "invoked the right to arbitrate before the Court conducted an initial pretrial conference and discovery commenced," "no Defendant had responded to the Plaintiff's complaint, discovery had not begun, and no deadlines had been established," and further, "Defendants cannot be said to be prejudiced by the Plaintiff's request to arbitrate.

*Id.* at 3 (quoting Filing No. 42 at 9). "[E]ffectively," Nextgear urges, the Report and Recommendation "holds that once a party has filed in a judicial forum, it cannot seek to compel arbitration." *Id.* Second, Nextgear cannot waive arbitration under the Note and Guaranty when Paragraph 5(e) (entitled "No Waiver") of those documents instructs that

3

> No failure or delay by [Nextgear] in exercising any right, power, or privilege or the granting of an exception by [Nextgear] with respect to any term or condition of this Guaranty will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege, or the exercise of any other right, power, or privilege by [Nextgear].

*Id.* at 4 (quoting Filing No. 1-3 at 17, 37). Under basic contracting principles, Nextgear argues, its "right to compel arbitration of the disputes in this matter has not been waived." *Id.*

In opposition, Defendant Kessler argues that the Report and Recommendation properly found waiver when Nextgear "'had the option in December 2019 of proceeding with arbitration or in court, and, absent extraordinary circumstances which are not presented here, [Nextgear] should be bound by its election to proceed in a judicial forum.'" (Filing No. 44 at 1 (quoting Filing No. 42 at 10) (citation omitted)). Instead of disregarding the totality of the circumstances, the Magistrate Judge weighed all the factors and "still found that waiver had taken place." *Id.* at 2. All told, "[t]he limited and special circumstances that might allow a court to overlook the issue of waiver and still allow a party to seek to compel arbitration are not present here." *Id.* As for the anti-waiver provision, these, "just like any other provision in a contract, can be waived." *Id.* Here, Nextgear's "ability to enforce the arbitration provision was undoubtedly waived when it consciously decided to file this action in state court and ignore the arbitration provision in [its] own boiler-plate contract." *Id.* In any event, this argument should be discarded because Nextgear "did not raise this issue in the original briefing and/or oral argument before" the Magistrate Judge. *Id.* at 3.

The Court's review of the Magistrate Judge's consideration, analysis, and conclusions regarding Nextgear's waiver of arbitration leads the Court to conclude that the Magistrate Judge's determination was correct and without error. "[W]aiver of the right to arbitration depends on the facts of each particular case." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products*

4

*Co.*, 969 F.2d 585, 588 (7th Cir. 1992). To answer this inquiry, "[t]he central question is whether the party against whom the waiver is to be found intended its selection." *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000). "Unlike a defendant, a plaintiff expresses his intent to submit to a judicial forum by filing a complaint," as Nextgear did in the state court. *Id.* at 651. Had the Defendants "failed to respond at all to the suit," the Court has "no doubt [Nextgear] would have thought [itself] entitled to a default judgment." *Id.* at 651–52. Nextgear, "having filed a complaint . . . [,] may not now say [it] did not submit the case for judgment." *Id.* at 652. "Filing a complaint" after all, "most certainly constitutes a request for judgment." *Id.* at 651, 650 ("[W]e have held that a court must presume that a party implicitly waived its right to arbitrate when it chooses a judicial forum for the resolution of a dispute."); *see also Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) ("[W]e have deemed an election to proceed in court a waiver of a contractual right to arbitrate.").

Examining the totality of the circumstances, Nextgear, by suing the Defendants in state court, "has acted inconsistently with the right to arbitrate." *St. Mary's*, 969 F.2d at 588. "Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream." *Grumhaus*, 223 F.3d at 650. Nextgear—as plaintiff—selected the courts to redress its rights. It cannot now change course, and the parties must "duke out their dispute in court." *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 695 (7th Cir. 2009). As for any argument concerning an anti-waiver provision, an objection to a Report and Recommendation, like "a Rule 59(e) motion[,] is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT & T, Inc.*, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). Because it failed to present

5

this issue in either its lead Motion (Filing No. 18) or its reply brief (Filing No. 27), Nextgear cannot now present this new argument in its Objection.

### III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Nextgear's Objection (Filing No. 43), **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 42), and **DENIES** Nextgear's Motion to Stay Proceeding to Compel Arbitration (Filing No. 18).

**SO ORDERED.**

Date: 12/30/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christina M. Bruno
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
cbruno@boselaw.com

Jason R. Delk
DELK MCNALLY LLP
delk@delkmcnally.com

Ryan Lee Garner
ROCAP LAW FIRM LLC
rlg@rocap-law.com

Michael G Gibson
NEXTGEAR CAPITAL, INC.
michael.gibson@nextgearcapital.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
djurkiewicz@boselaw.com

Sarah Thompson Parks
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sparks@boselaw.com

Richard A. Rocap
ROCAP LAW FIRM LLC
rar@rocap-law.com