UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 1:20-cv-00354-TWP-DLP |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Counterdefendant. | ) |

**CASE MANAGEMENT PLAN**

## I.      Parties and Representatives

A.      Plaintiff:      NextGear Capital, Inc.

David J. Jurkiewicz
Attorney No. 18018-53
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 684-5000
Facsimile:  (317) 684-5173
djurkiewicz@boselaw.com
*Counsel for Plaintiff*

B.      Defendant:    Edward A. Kessler

Jason R. Delk
Attorney No. 24853-18
DELK MCNALLY, LLP
211 S. Walnut Street
Muncie, IN  47305
Telephone: (765) 896-9495
Facsimile: (888) 453-0545
delk@delkmcnally.com
*Counsel for Edward A. Kessler*

C      Defendants:    Premier Group Autos, LLC
James Blackburn

Richard A. Rocap
Attorney No. 6333-49
ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Indianapolis, IN  46290-1130
Telephone: (317) 846-0700
rar@rocap-law.com
*Counsel for Premier Group Autos, LLC and James Blackburn*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   **Jurisdiction and Statement of Claims**

A.    The parties shall state the basis for subject matter jurisdiction.  If there is disagreement, each party shall state its position.

B.    Plaintiff's Position:  NextGear Capital filed its Complaint in the Hamilton Superior Court under Cause No. 29D03-1912-PL-011904 against Defendants for breach of the Note and Guaranties and for conversion of collateral seeking damages of not less than $357,588.73.  On January 31, 2020, Defendants filed a Notice of Removal to this Court.  On March 5, 2020, NextGear Capital filed its Motion to Stay and Compel Arbitration. On December 30, 2020, the Court entered its Order denying NextGear Capital's Motion to Stay and Compel Arbitration.

C.    Kessler's Position:  Defendant Kessler believes that this Court has subject matter jurisdiction over this dispute on the basis of diversity jurisdiction.  As it relates to the merits of the Plaintiff's Complaint, Defendant Kessler is not indebted to the Plaintiff for the monies Plaintiff claims it is owed.  For example, most, if not all, of the purported debt that Plaintiff seeks to recover from Defendant Kessler as a

guarantor was fraudulently obtained by the Plaintiff and the Co-Defendants. Plaintiff and/or Co-Defendants forged Defendant Kessler's signature to a certain power of attorney document that was fraudulently notarized in Florida by an employee/agent of Plaintiff on a date when Defendant Kessler not in Florida, which document purportedly provided authority for the bulk of the loans that form the basis of the debt that Plaintiff claims it is owed. Also, Plaintiff's claim for conversion fails as this litigation relates to the alleged failure to pay a debt. Under Indiana law, the failure to pay a debt cannot serve as the basis for a claim for conversion. As such, Defendant Kessler has filed a Motion to Dismiss Count IV of the Plaintiff's Complaint, which Motion is pending before the Court. Once the Court decides the pending Motions, it is anticipated that Defendant Kessler will pursue his own Counterclaims against Plaintiff and/or Co-Defendants.

D.    Premier Auto Group and Blackburn's Position: These Defendants agree that this Court has subject matter and personal jurisdiction of the matters at issue. These Defendants have filed a counterclaim against NextGear Capital asserting claims of negligent/intentional interference in business/contractual relationships. These Defendants generally deny the allegations of the Plaintiff's complaint. Further, these Defendants assert that Plaintiff has waived any right to recovery herein and is estopped to pursue its claims by reason of its own breach of the agreements in question. These Defendants contend that they are excused from performance by Plaintiff's action and interference in Defendants' business relationships. These Defendants further contend that the actions of these Defendants, if any, do not support the recovery of treble damages or attorney fees.

## III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 30, 2021**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.] Due to the unusual circumstances surrounding the initial phases of this litigation, the parties do not believe that setting the initial filing date as the Anchor Date promotes the orderly resolution of the litigation. Instead, the parties propose and have designed this proposed Case Management Plan utilizing an Anchor Date of **December 30, 2020** based upon the Order Adopting Magistrate Judge's Report and Recommendation entered on that date.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 7, 2021**.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **May 14, 2021**.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 30, 2021**.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 30, 2021**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 30, 2021**.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 30, 2022**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **January 30, 2022**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 28, 2022**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **February 28, 2022**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement

to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. NextGear intends to file a Motion for Summary Judgment on its breach of Note and Guaranty claims.  NextGear will designate evidence that the loan documents were executed, were breached and that NextGear was damaged in the amount of a sum certain.

B.      On or before **November 7, 2021**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

___X___ Track 2: Dispositive motions are expected and shall be filed by **November 30, 2021**; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 30, 2021**; expert witness discovery and discovery relating to damages shall be completed by **December 30, 2021**. All remaining discovery shall be completed by **January 30, 2022**.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

### V.     Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in November 2021.**

### VI.     Trial Date

The parties request a trial date in **May 2022**.  The trial is by Court and is anticipated to take two (2) days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII.     Referral to Magistrate Judge

A.     **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.     **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII.     Required Pre-Trial Preparation

A.     **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

3837917.2                                          7

2.      Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

     a.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

     b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to

offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

None.

/s/ David J. Jurkiewicz
David J. Jurkiewicz (# 18018-53)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
djurkiewicz@boselaw.com

*Attorneys for Plaintiff, NextGear Capital, Inc.*

/s/ Richard A. Rocap
Richard A. Rocap (#6333-49)
ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Indianapolis, IN 46290-1130
rar@rocap-law.com

*Counsel for Premier Group Autos, LLC and*
*James Blackburn*

/s/ Jason R. Delk
Jason R. Delk (# 24853-18)
DELK MCNALLY, LLP
211 S. Walnut Street
Muncie, IN  47305
delk@delkmcnally.com

*Attorneys for Defendant, Edward A. Kessler*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**


_____                    _____

Date                                                                           U. S. District Court
                                                                                    Southern District of Indiana