UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JAMES M. BLACKBURN, | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Counterdefendant. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM**

NextGear Capital, Inc. ("NextGear Capital"), by counsel, respectfully moves the Court to dismiss the Counterclaim filed by Premier Group Autos, LLC and James Blackburn, and states:

**Factual Background**

This case arises from a line of credit lending relationship pursuant to a March 26, 2019 Demand Promissory Note and Loan and Security Agreement (the "Note") between NextGear Capital and Premier Group Autos, LLC ("Borrower"), guaranteed by two (2) March 26, 2019 Individual Guaranties (the "Guaranties") between NextGear Capital and James Blackburn ("Blackburn") and Edward A. Kessler ("Kessler") (Blackburn and Borrower are collectively

3992082

"Counterclaim Plaintiffs"). True and correct copies of the Note and Guaranties are attached to the Complaint as Exhibit A, Exhibit B and Exhibit C, respectively.

NextGear Capital is an automotive financing company that provides lines of credit to used car dealers, among others, to enable them to finance vehicle inventory. (Compl. ¶ 9 [ECF No. 1].) These lines of credit are often referred to in the industry as "floor plan" arrangements. A used car dealer who has a floor plan with NextGear Capital can purchase a vehicle at auction, take it off the lot, and market it for resale, but defer payment on that vehicle until a later date. In turn, the borrowing dealer agrees to pay interest and fees to NextGear Capital for the benefit of access to this funding. (*See, e.g.*, Compl. Ex. A.) A dealer that does not have a floor plan agreement with NextGear Capital (or another finance company), on the other hand, must use its own funds to acquire vehicle inventory.

The Counterclaim Plaintiffs in this case entered into a valid and binding Note with NextGear Capital and financed inventory using NextGear Capital lines of credit. (Compl.) There is no dispute that the agreement was valid and that Counterclaim Plaintiffs owe NextGear Capital principal and interest repayment obligations.

In response to NextGear Capital's Complaint for repayment, Counterclaim Plaintiffs generically allege that NextGear Capital interfered with their business relationships in three ways. Count I relates to a claimed business relationship with an entity entitled Overfinch North America, Inc. ("Overfinch"), Count II relates to an alleged contract between Borrower and Overfinch, and Count III relates to an alleged relationship with an unidentified alternate funding source.

Counterclaim Plaintiffs provide no allegations that would explain why a third party's decision not to do business with it is NextGear Capital's fault and not its own. Nor do Counterclaim Plaintiffs explain why, after they explicitly agreed to such communications in the

Note, NextGear Capital should somehow be precluded from notifying third parties that NextGear Capital funding was no longer available for this Borrower that defaulted on its repayment obligations.

## Motion to Dismiss Standard

A counterclaim must be dismissed if the counterclaim plaintiff's factual allegations do not state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court assumes on a motion to dismiss that all facts alleged in the complaint are true, courts need not accept labels or legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555. If the well-pleaded facts only allow a court to infer "the mere possibility of misconduct," the plaintiff has not met its burden to show its entitlement to relief, and the complaint should be dismissed. *Iqbal*, 556 U.S. at 679.

## Argument and Citation of Authority

**I.     The Tortious Interference Claims Against NextGear Capital Must Be Dismissed.**

Counterclaim Plaintiffs have not stated a claim that NextGear Capital tortiously interfered with any relationships or contracts. Counterclaim Plaintiffs' tortious interference claims are so vaguely pleaded that it is unclear what NextGear Capital is supposed to have done to interfere with Counterclaim Plaintiffs' contract and business relationships or with which relationships NextGear Capital is supposed to have interfered. The Counterclaims merely state conclusory allegations that NextGear Capital "intentionally interfered" with Counterclaim Plaintiffs' contract and business relationships with Overfinch and an unidentified alternate funding source. (Counterclaim, ¶¶ 13, 18, 23 [Doc. 26]) The Counterclaim provides no explanation of how NextGear Capital could have

caused third parties to take action against Counterclaim Plaintiffs. These "legal conclusion[s] couched as . . . factual allegation[s]" are insufficient to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In any event, Counterclaim Plaintiffs' allegations are insufficient to state a claim for tortious interference. Under Indiana law,[1] a cause of action for tortious interference with a contract or business relationship requires Counterclaim Plaintiffs to plead: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *Gov't Payment Serv., Inc. v. Ace Bail Bonds*, 854 N.E.2d 1205, 1209 (Ind. Ct. App. 2006). The tort of tortious interference with a business relationship also requires "some independent illegal action." *Id.* (quoting *Brazauskas v. Fort Wayne-South Bend Diocese, Inc.*, 796 N.E.2d 286, 291 (Ind. 2003)).

As an initial matter, Counterclaim Plaintiffs' conclusory allegations do not identify any allegedly illegal action performed in connection with the purported interference. Counterclaim Plaintiffs do not allege any specific action, let alone an illegal action, that NextGear Capital took which would constitute interference with Counterclaim Plaintiffs' Overfinch and unidentified alternate funding source relationships. Under Indiana law, the tortious interference claim should be dismissed on that ground alone. *See Pierce v. Zoetis, Inc.*, No. 15-1900, 2016 WL 1015130, at *5-6 (7th Cir. Mar. 15, 2016) (affirming dismissal of tortious interference claim where there was no plausible logical connection between alleged illegal action and termination of business relationship).

---

[1] Borrower and Guarantor agreed that the validity, enforceability and interpretation of the Note and Guaranty shall be governed by the laws of the State of Indiana (Compl. Ex. A, ¶20, Compl. Ex. B, ¶5(g)).

Additionally, Counterclaim Plaintiffs have not alleged the element of absence of justification. "'[A]bsence of justification is established only if the interferer acted intentionally, without a legitimate business purpose, and the breach is malicious and exclusively directed to the injury and damage of another.'" *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, No. 3:15-cv-00022-RLY-WGH, 2015 WL 7721223, at *8 (S.D. Ind. Nov. 30, 2015) (quoting *Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156-57 (Ind. Ct. App. 2005)). However, ceasing to do business with someone who has failed to pay you is a legitimate business purpose. *See, e.g.*, *Am. Commercial Lines LLC v. Lubrizol Corp.*, No. 4:12-cv-00135-SEB-WGH, 2015 WL 5295128, at *4 (S.D. Ind. Sept. 10, 2015) (granting summary judgment to defendant where evidence established "legitimate business purpose" for ending commercial relationship with third party, which then terminated contracts with plaintiff).

Furthermore, any alleged communications by NextGear Capital to third parties were authorized and justified pursuant to the terms of the Note. Section 4(d) of the Note explicitly authorizes NextGear Capital to share "any and all information regarding Borrower's Credit Line or Borrower's Relationship with Lender" with any and all persons that NextGear Capital, in its sole discretion, deems reasonable:

> ***Borrower authorizes Lender to share such information and any and all other information that Lender may possess regarding Borrower's Credit Line or Borrower's relationship with Lender***, including information regarding this Note and the other Loan Documents; Borrower's loan history; account history; payment history; audit history; account balance; loan application; credit worthiness; credit availability; and such other general business information regarding Borrower's Credit Line and Borrower's relationship with Lender, ***to any and all Persons that Lender, in its sole discretion, deems reasonable, including auctions***.

(Emphases added). It is impossible for the Counterclaim Plaintiffs to establish the absence of justification element. In order to do so, the Counterclaim Plaintiffs must assert NextGear Capital is liable for doing exactly what the Note authorizes.

**Conclusion**

Counterclaim Plaintiffs have not stated a claim for tortious interference with any contract or business relationship.  Counterclaim Plaintiffs have failed to meet the burden under 12(B)(6) to adequately plead the Counterclaim and it is impossible for the Counterclaim Plaintiffs to establish the elements necessary to assert the Counterclaim.  For all the reasons stated above, the Court should dismiss the Counterclaim.

Respectfully submitted, this 29th day of January, 2021.

                                        Respectfully submitted,

                                        */s/ David J. Jurkiewicz*
                                        David J. Jurkiewicz
                                        Attorney No. 18018-53
                                        BOSE MCKINNEY & EVANS LLP
                                        111 Monument Circle, Suite 2700
                                        Indianapolis, Indiana 46204
                                        Telephone: (317) 684-5000
                                        djurkiewicz@boselaw.com

                                        *Attorney for Plaintiff, NextGear Capital, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 29, 2021, a true and correct copy of the above and foregoing was filed electronically through the Court's CM/ECF system.  Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

                                            /s/  *David J. Jurkiewicz*
                                            David J. Jurkiewicz