IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| PREMIER GROUP AUTOS, LLC, JAMES BLACKBURN, and EDWARD A. KESSLER. | ) |
| Defendants. | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| Counterclaimant, | ) |
| v. | ) |
| NEXTGEAR CAPITAL, INC., | ) |
| Counterdefendant. | ) |

**RESPONSE OF PREMIER GROUP AUTOS, LLC AND JAMES BLACKBURN TO MOTION TO DISMISS COUNTERCLAIM**

Premier Group Autos, LLC ("Premier") and James Michael C. Blackburn ("Blackburn"), by counsel, respectfully requests the Court deny the Motion to Dismiss Counterclaim filed by NextGear Capital, Inc. (hereafter the "Motion to Dismiss"). In response to the Motion to Dismiss, Premier and Blackburn state:

**Standard of Review**

It is well established that Rule 12(b)(6) applies by to counterclaims as well as to a plaintiff's claims in the complaint. *See, e.g.*, *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). In reviewing a motion to dismiss a counterclaim under Rule 12(b)(6), the Court must take

the facts alleged in the counterclaim as true and draw all reasonable inferences in favor of the counterclaimant. *Id.*

A counterclaim must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no need for detailed factual allegations, and in fact, "[m]ore is not necessarily better under the Federal Rules; a party 'can plead himself out of court by unnecessarily alleging facts which . . . demonstrate that he has no legal claim.'" *Peters*, 69 F.3d at 129 (quoting *Trevino v. Union Pac. R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir.1990)).

The counterclaim simply must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.2009) (citations omitted). To be facially plausible, the counterclaim must allow "the court to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Importantly, ". . . well pleaded allegations of the [counterclaim] are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194, 1198–99 (7th Cir.1977), *cert. denied*, 435 U.S. 905 (1978).

Dismissal is disfavored unless it appears that "in no event" would the counterclaimant be able to prove an actionable claim. *Parr v. Great Lakes Exp. Co.*, 484 F.2d 767, 770 (7th Cir. 1973). "To withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the [counterclaimant] must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)) (emphasis in original).

**Argument**

NextGear Capital, Inc. ("NextGear") assert several reasons why Premier fails to state a claim upon which relief may be granted. The first reason, NextGear argues, is that the claims "are so vaguely pleaded" and "merely state conclusory allegations". (Doc. 56, page 3.)

On the contrary, Premier asserts that its claims are "short and plain statement[s]" showing why Premier "is entitled to relief". *See* Fed. R. Civ. P. 8(a)(2). Importantly, Premier included enough information in its "Factual Allegations" and in each specific count to satisfy the bar that it plead "enough facts to state a claim to relief that is plausible on its face." *Hecker*, 556 F.3d at 580.

Premier included the following facts in its counterclaim:

- "Prior to the alleged breach of the agreements as stated in [NextGear's] Complaint Premier was negotiating alternate finance arrangements with a funding source other than [NextGear]." (Doc. 26, page 6, ¶ 6.)

- "Without the knowledge, consent or permission of Premier, a representative contacted Premier's alternate funding source and made incorrect or false statements regarding Premier to the alternate funding source, causing the alternate funding source to withdraw from the negotiations with Premier." (Doc. 26, page 6, ¶ 7.)

- "Premier believes that without the interference of [NextGear], the negotiations with Premier's alternate funding source would have been concluded successfully, resulting in full payment to NextGear of all sums due." (Doc. 26, page 6, ¶ 8.)

- "Also, without the knowledge, consent or permission of Premier, a representative contacted Overfinch North America, Inc. and made incorrect or false statements regarding Premier, causing Overfinch North America, Inc. to cancel its distribution

agreement with Premier." (Doc. 26, page 7, ¶ 9.)

Premier then incorporated these facts into each separate Count. (Doc. 26, pages 7-8, ¶¶ 10, 15, 20.)

On its face, the facts plead in Premier's counterclaim qualify as "short and plain statement[s]" showing why Premier "is entitled to relief". *See* Fed. R. Civ. P. 8(a)(2). Further, Premier includes "enough facts to state a claim to relief that is plausible on its face." *Hecker*, 556 F.3d at 580. As the Seventh Circuit stated in *Estate of Davis*, *supra*, "To withstand a Rule 12(b)(6) challenge . . . the [counterclaimant] must give enough details about the subject-matter of the case to present a story that holds together. . . ." 633 F.3d at 533 (internal quotations omitted). Based on the facts as alleged in its counterclaim, Premier asserts that it satisfies this bar, and for this reason, its claims against NextGear should not be dismissed.

Next, NextGear claims Premier's claims must be dismissed because they are "insufficient to state a claim for tortious interference". (Doc. 56, page 4.) Contrary to NextGear's assertions, nothing in the Federal Rules of Civil Procedure require Premier to plead the precise elements of tortious interference with specificity in its counterclaim. *Cf.* Fed. R. Civ. P. 9. Notwithstanding this, a cursory reading in fact indicates that Premier did plead these elements, with enough specificity to overcome a Rule 12(b)(6) motion. (*See* Doc. 26, pages 7-8, ¶¶ 10-24.)

NextGear's arguments sound in summary judgment analysis under Rule 56, rather than Rule 12(b)(6). Premier is under no obligation at this stage to prove that the elements of tortious interference are indeed met (and that accordingly, judgment should be entered in favor of Premier). The analysis at this stage is "*could* these things have happened, not *did* they happen." *Estate of Davis*, 633 F.3d at 533 (internal quotations omitted). The allegations as pled in Premier's counterclaim sufficiently show that tortious interference by NextGear "*could* have

4

happened". After discovery, during summary judgment motion practice and/or at trial, Premier and NextGear can each argue whether the tortious interference "*did* happen". However, Premier's counterclaim should not be dismissed under Rule 12(b)(6).

Next, NextGear claims that because Premier did not "allege[] the element of absence of justification", the counterclaim must be dismissed. Under Indiana law, the claimant must set forth factual allegations from which it can reasonably be inferred that the conduct was unjustified. *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000). Indiana courts have held that, in this context, "unjustified" means "malicious and exclusively directed to the injury and damage of another." *Duty v. Boys & Girls Club of Porter Cty.*, 23 N.E.3d 768, 774 (Ind. Ct. App. 2014).

Premier alleges that "a representative of NextGear contacted Premier's alternate funding source and made *incorrect* or *false* statements regarding Premier . . . ." (Doc. 26, page 6, ¶ 7) (emphasis added). In evaluating a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the counterclaim as true and draw all reasonable inferences in favor of the counterclaimant. *Peters*, 69 F.3d at 129. By alleging that NextGear made incorrect or false statements to the relevant third party, Premier is signaling that the conduct was not justified. In fact, a standalone statement alleging the communication of incorrect or false information is axiomatically unjustified, absent other qualifying information. Premier has sufficiently alleged that NextGear's conducted lacked justification and thus dismissal for this reason is improper.

Lastly, NextGear argues that Premier's counterclaim must be dismissed because the terms of the Note allow for communication of information to third parties at the discretion of NextGear. (Doc. 56, page 5.) While this provision is indeed contained in the Note, Premier would strongly assert that this provision does not pertain to incorrect or false information. In

fact, Premier did not and would not have contracted to allow NextGear to share incorrect or false information with a third party. In ruling on NextGear's motion to dismiss, all reasonable inferences are interpreted in favor of Premier. Premier asserts that it is reasonable to interpret the provision as to not include incorrect or false information.

If NextGear disagrees with particular argument, then this matter resolves, in part, on a contract interpretation issue. It is well-established Indiana law that contract construction is a question of law. *Forty-One Assocs., LLC v. Bluefield Assocs., L.P.*, 809 N.E.2d 422, 427 (Ind. Ct. App. 2004). Premier has pled enough facts to interpret said contract provision in its favor, and dismissal of its claims against NextGear would be improper.

## Conclusion

NextGear provides several rationales for the dismissal of Premier's counterclaim. However, these arguments should fail. A cursory reading of Premier's allegations clearly indicate that Premier included enough factual information as required by Rule 8(a)(2). In evaluating NextGear's motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take the facts alleged in Premier's counterclaim as true and draw all reasonable inferences in favor of the Premier. For this reason, dismissal of Premier's counterclaim is improper, and NextGear's motion to dismiss must be denied.

Respectfully submitted:

ROCAP LAW FIRM LLC

 /s/ Ryan L. Garner
Richard A. Rocap, #6333-49
Ryan L. Garner, #34597-49
*Attorneys for Premier Group Autos, LLC and James Michael C. Blackburn*

Rocap Law Firm llc
10293 North Meridian Street, Suite 175
Carmel, IN 46290-1130
(317) 846-0700
rar@rocap-law.com
rlg@rocap-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2021, a true and correct copy of the above and foregoing *Response of Premier Group Autos, LLC and James Blackburn to Motion to Dismiss Counterclaim* was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

    /s/ Ryan L. Garner
Richard A. Rocap, #6333-49
Ryan L. Garner, #34597-49
*Attorneys for Premier Group Autos, LLC and James Michael C. Blackburn*

Rocap Law Firm llc
10293 North Meridian Street, Suite 175
Carmel, IN 46290-1130
(317) 846-0700
rar@rocap-law.com
rlg@rocap-law.com