UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JAMES BLACKBURN, | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Counterdefendant. | ) |

**REPLY BRIEF IN SUPPORT OF NEXTGEAR CAPITAL, INC.'S
MOTION TO DISMISS COUNTERCLAIM**

Plaintiff-Counterclaim Defendant, NextGear Capital, Inc. ("NextGear"), by counsel, respectfully submits the following Reply Brief in Support of NextGear's Motion to Dismiss Counterclaim.

**I.**

**PROCEDURAL BACKGROUND**

1.  On January 29, 2021, NextGear filed its Motion to Dismiss Counterclaim ("Motion"), asking this Court to dismiss the Counterclaim filed by the Defendants, Premier Group

Autos, LLC and James Blackburn (collectively "Defendants"). Contemporaneously therewith, NextGear also filed a Brief in Support of Motion to Dismiss Counterclaim (the "Brief in Support").

2. On or about February 16, 2021, the Defendants filed their Response to Motion to Dismiss Counterclaim (the "Response").

## II.

## ARGUMENT

The Defendants' Counterclaim fails to state claims under the law. Specifically, Defendants omitted essential elements of the claims for tortious interference with a business relationship and tortious interference with a contract. As a result, the Counterclaim should be dismissed in its entirety.

**A.   The Defendants And Their Respective Claims**

The Counterclaim is in three Counts:

- Count I states a claim for tortious interference with a business relationship between Defendants and Overfinch North America, Inc. ("Overfinch").

- Count II states a claim for tortious interference of contract between Defendants and Overfinch.

- Count III states a claim for tortious interference with a business relationship between Defendants and an unidentified, alternate funding source.

**B.   Defendants Have Failed To State A Claim For Tortious Interference With A Business Relationship**

As stated in the Brief in Support, the Defendants have failed to allege "some independent illegal action" as required to establish a claim for tortious interference with a business relationship (*Brazauskas v. Fort Wayne-South Bend Diocese, Inc.*, 796 N.E.2d 286, 291 (Ind. 2003)). Counts I and III of the Counterclaim do not allege any independent illegal action. Likewise, Defendants' Response fails to articulate any independent illegal action taken by NextGear in regards to

2

Defendants' business relationships. For that reason alone, the Court should dismiss Counts I and III of the Counterclaim. In addition to this deficit, the Counterclaim failed to plead an additional element required to establish tortious interference with a business relationship and tortious interference with contract. Specifically, Defendants failed to allege absence of justification.

### 1. **Defendants have failed to allege the absence of justification**

Defendants take the position that by simply alleging NextGear made "incorrect or false statements" that "Premier is signaling that the conduct was not justified." *Response* at p. 5.

In an attempt to overcome this pleading deficit, Defendants' Response raises the concept that they may rely on factual allegations from which it can be reasonably be inferred that conduct was unjustified, *citing Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1271 (Ind. Ct. App. 2000). However, *Morgan Asset* does not support Defendants' position.

In *Morgan Asset*, the Court of Appeals considered a claim for tortious interference with a contractual relationship arising out of financing commitments made to Eastern Morgan County Rural Water Company Inc. (the "Utility") and efforts to purchase the Utility's assets. Specifically, Morgan Asset (an assignee creditor of debts previously owed by the Utility) asserted that CoBank (a lender) tortiously interfered with Morgan Asset's subordination agreement (with the Utility) when it executed an amendment to the Utility's construction loan agreement (with CoBank), which Cobank "knew . . . would make the Utility unable to meet its obligations under [both] the loan agreement and surbordination agreements, and therefore, the subordinated creditors [(i.e., Morgan Asset)] would not be paid." *Id.* at 1271.

The *Morgan Asset* Court stated:

> "To satisfy [the element of lack of justification], the breach must be malicious and exclusively directed to the injury and damage of another." *Winkler v. V.G. Reed & Sons, Inc.*, 619 N.E.2d 597, 600-01 (Ind. Ct. App. 1993) (citations omitted), *aff'd*, 638 N.E.2d 1228 (1994); *see also Flintridge Station Associates v. American*

> *Fletcher Mortgage Co.*, 761 F.2d 434, 441 (7th Cir. 1985) (defining unjustified as "disinterested malevolence"; "a malicious [conduct] unmixed with any other and exclusively directed to injury and damage of another"); *Economation, Inc. v. Automated Conveyor Sys., Inc.*, 694 F. Supp. 553, 562 (S.D. Ind.1988). Moreover, the existence of a legitimate reason for the defendant's actions provides the necessary justification to avoid liability. *Winkler*, 619 N.E.2d at 600-01.

*Morgan Asset*, 736 N.E.2d at 1272 (alterations in original).

Ultimately, the Court of Appeals analyzed and rejected both (i) a direct but cursory allegation by plaintiff that "[n]o justification exists for CoBank's inducement of the breach of the Subordination Agreements by [the Utility]," *Morgan Asset*, 736 N.E.2d at 1272, and (ii) an indirect and after-the-fact characterization by plaintiff in its reply brief that it had adequately pled "lack of justification" elsewhere in its initial complaint when it alleged that CoBank "engaged in a strategy specifically intended to thwart efforts by the subordinated creditors . . . to enforce their rights under the Subordination Agreements." *id.*

### a. The Counterclaim relies on conclusory statements concerning the absence of justification

In *Morgan*, the plaintiff's direct allegation was as follows: "[N]o justification exists for CoBank's inducement of the breach of the Subordination Agreements by [the Utility]," *Morgan Asset*, 736 N.E.2d at 1272. The Court of Appeals found this allegation to be wholly insufficient: "This conclusory statement without more is not sufficient to allege the absence of justification. Rather, ***Morgan Asset must allege conduct by CoBank that was intended for the sole purpose of causing injury and damage to Morgan Asset***." *Id.* (emphasis added).

Here, the Counterclaim simply recites "without justification." This is not sufficient. "A plaintiff must state more than a mere assertion that the defendant's conduct was unjustified." *Morgan Asset*, 736 N.E.2d at 1272. More importantly, Defendants fell far short of satisfying the standard set forth by the Court of Appeals, that is, "alleg[ing] conduct by [NextGear] ***that was***

4

*intended for the sole purpose of causing injury and damage* to [Defendants]." *Id.* (emphasis added).

> **b.** **Even Defendants' indirect and after-the-fact characterization of their Counterclaim fails to reveal any element of absence of justification by NextGear**

In *Morgan*, the plaintiff also made an indirect and after-the-fact characterization in its reply brief that it had adequately pled "lack of justification" elsewhere in its initial complaint. The Court of Appeals was unpersuaded, noting that the plaintiff still had not alleged the requisite *malum in se*:

> In its reply brief, Morgan Asset urges that it did adequately allege the absence of justification in its cross-claim when it asserted that CoBank "engaged in a strategy specifically intended to thwart efforts by the subordinated creditors . . . to enforce their rights under the Subordination Agreements." Record at 1190. However, this statement does not necessarily mean that such intent to "thwart" was the *exclusive* purpose of the First Amendment.

*Morgan Asset*, 736 N.E.2d at 1272 (emphasis in original).

Here, the Defendants creatively attempt to obscure their pleading inadequacy by culling out statements from the Counterclaim that NextGear made "incorrect or false" statements.

Below is a breakdown of the "allegations" that Defendants claim are sufficient to satisfy Indiana's threshold pleading requirement for the "absence of justification." Significantly, each statement is void of **any allegation** that NextGear acted with malice exclusively directed to injury and damage to the Defendants:

- "Without the knowledge, consent or permission of Premier, a representative contacted Premier's alternate funding source and made incorrect or false statements…" (¶7).

- "Without the knowledge, consent or permission of Premier, a representative contacted Overfinch North America, Inc. and made incorrect or false statements…" (¶9).

Again, neither of these allegations satisfies the requisite "*malum in se*," *Winkler*, 638 N.E.2d at 1235, which is not surprising given that the Defendants fail to allege facts concerning the topic or content of the alleged communications or the relationship or conduct between NextGear and Overfinch or NextGear and the unidentified alternate funding source.

Furthermore, Defendants gave consent and permission to all alleged communications by NextGear Capital to third parties pursuant to the terms of the Note. Section 4(d) of the Note explicitly authorizes NextGear Capital to share "any and all information regarding Borrower's Credit Line or Borrower's Relationship with Lender" with any and all persons that NextGear Capital, in its sole discretion, deems reasonable:

> Borrower authorizes Lender to share such information and any and all other information that Lender may possess regarding Borrower's Credit Line or Borrower's relationship with Lender, including information regarding this Note and the other Loan Documents; Borrower's loan history; account history; payment history; audit history; account balance; loan application; credit worthiness; credit availability; and such other general business information regarding Borrower's Credit Line and Borrower's relationship with Lender, to any and all Persons that Lender, in its sole discretion, deems reasonable, including auctions.

In summary, in the Note the Defendants agreed that NextGear had a "legitimate reason" to communicate with third parties and the Defendants "have failed to allege that [NextGear] acted exclusively to harm [Defendants'] business interest," *Morgan Asset*, 736 N.E.2d at 1232. Notably, Defendants do not allege that any "incorrect or false statements" purportedly made to any third party by a NextGear representative were made by such representative *with knowledge* that such statements were "incorrect or false" (assuming for the moment that they were, a point that NextGear does not concede), let alone that such statements were made with malice, or for the sole purpose of causing injury and damage to Defendants. Accordingly, this Court should follow the lead of the Court of Appeals in *Morgan Asset* and dismiss the Counterclaim.

## III.

## CONCLUSION

For all the foregoing reasons, NextGear Capital, Inc. respectfully requests that this Court grant its Motion to Dismiss in its entirety and for all other appropriate relief.

Respectfully submitted,

/s/ David J. Jurkiewicz
David J. Jurkiewicz
Attorney No. 18018-53
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com

*Attorney for Plaintiff, NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2021, a true and correct copy of the above and foregoing was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ David J. Jurkiewicz
David J. Jurkiewicz

4029600