UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,                              ) | |
| )        | |
| Plaintiff,        ) | |
| )        | |
| v.                                                                    ) | Case No. 1:20-cv-00354-TWP-DLP |
| )        | |
| PREMIER GROUP AUTOS, LLC,                    ) | |
| JAMES M BLACKBURN,                                ) | |
| EDWARD A KESSLER,                                   ) | |
| )        | |
| Defendants.         ) | |
| )        | |
| JAMES M BLACKBURN,                                ) | |
| PREMIER GROUP AUTOS, LLC,                    ) | |
| )        | |
| Counter Claimants,        ) | |
| )        | |
| v.                                                                    ) | |
| )        | |
| NEXTGEAR CAPITAL, INC.,                            ) | |
| )        | |
| Counter Defendant.         ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Edward A. Kessler (Filing No. 19). Plaintiff NextGear Capital, Inc., ("NextGear"), initiated this action against Defendants Premier Group Autos, LLC, (doing business as Overfinch Miami) (the "Dealer"), James Michael C. Blackburn, ("Blackburn"), and Edward Anthony Kessler, ("Kessler"). NextGear asserted claims for breach of contract (Count I), breach of guaranty (Counts II and III), and conversion (Count IV). NextGear alleges breach of promissory note and loan and security agreement, (the "Note"), and conversion of collateral. (Filing No. 1-3). Kessler moves to dismiss the conversion claim, (Count IV,) filed against him. For the following reasons, the Court **grants** Kessler's Motion.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of NextGear as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In its Complaint, NextGear alleges the following. Nextgear and Dealer entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") whereby Dealer granted Nextgear a security interest in all of its assets, properties, equipment, vehicles, purchase money inventory, proceeds, accounts receivable, chattel paper, etc. ([Filing No. 1-3 at 2](Filing No. 1-3 at 2)–3). Blackburn and Kessler both individually executed guaranty agreements in favor of NextGear to secure the funds used to purchase the inventory. *Id*. at 2. Both Blackburn's and Kessler's guaranty agreements "guaranteed prompt and full payment to [NextGear] of all liabilities and obligations of Dealer pursuant to the Note." *Id*. Dealer subsequently defaulted under the Note after failing to make payments of principal and/or interest due. *Id*. at 3. Under the Note's acceleration clause, NextGear declared the entire indebtedness due. *Id*. As of November 4, 2019, this indebtedness totaled $357,588.73, exclusive of attorneys' fees and costs. *Id*. The unpaid amounts due and owing by Dealer, "constitute Guaranteed Obligations of Kessler." *Id*. at 5.

Under the Note, NextGear possesses an immediate and unqualified right to possession of any proceeds resulting from the sale of collateral. *Id*. at 6. Dealer, however, sold no fewer than six items of collateral without providing NextGear with the proceeds. *Id*. Kessler knew of Dealer's sales of the collateral out of trust and "knowingly and intentionally exercised unauthorized control over [NextGear's property]" by failing to remit the collateral proceeds. *Id*. Further, Kessler was

"actively involved in the day-to-day operations of Dealer and was responsible for, or participated in, the misappropriation of the proceeds of one or more items of collateral." *Id*.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

In Count IV of its Complaint, NextGear alleges that the Defendants converted proceeds from collateral, seeking recovery under Indiana Code Section 34-24-3-1, which permits victims of certain crimes, including conversion, to bring a civil action for treble damages and attorney's fees (Filing No. 1-3 at 5). To show that the Defendants committed the crime of conversion, NextGear must establish that they knowingly or intentionally exerted unauthorized control over NextGear's property. Ind. Code § 35-43-4-3; *Breining v. Harkness*, 872 N.E.2d 155, 159 (Ind. Ct. App. 2007) *trans. denied*. Generally, "'[t]he failure to pay a debt does not constitute criminal conversion as a matter of law.'" *Old Nat. Bank v. Kelly*, 31 N.E.3d 522, 532 (Ind. Ct. App. 2015) (quoting *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004)). "[M]oney may be the subject of an action for conversion," however, "if it is capable of being identified as a special chattel." *Bowden v. Agnew*, 2 N.E.3d 743, 750 (Ind. Ct. App. 2014). Indiana courts classify special chattel as "'a determinate sum with which the defendant was entrusted to apply to a certain purpose.'" *Id.* (quoting *Trietsch v. Circle Design Grp., Inc.*, 868 N.E.2d 812, 821–22 (Ind. Ct. App. 2007). In short, a conversion claim fails "if the money that was allegedly converted is not special chattel." *McLeskey v. Morris Invest*, 2020 WL 3315996 (S.D. Ind. June 18, 2020) (citing *Kopis v. Savage*, 498 N.E.2d 1266, 1270 (Ind. Ct. App. 1986); *see also Clark-Silberman v. Silberman*, 78 N.E.3d 708, 715 (Ind. Ct. App. 2017) ("Indiana courts do not allow claims for conversion in the context of contract disputes.").

Kessler argues that NextGear's claim for conversion against him falters, because this breach of contract case involves an "alleged failure to pay a debt," and "'[t]he failure to pay a debt does not constitute criminal conversion as a matter of law.'" (Filing No. 19 at 1 (quoting *Old Nat. Bank*, 31 N.E.3d at 532).) He argues that NextGear's conversion claim merely repackages its claim for

breach of contract, and "where the source of the duty owed to repay money arises from a contract, 'then tort law should not interfere.'" (Filing No. 20 at 4 (quoting *French-Tex Cleaners, Inc. v. Cafaro Co*., 893 N.E.2d 1156, 1166-68 (Ind. Ct. App. 2008)).) Kessler contends, "there are no allegations … that transform[] this collection action into a quasi-criminal action due to unauthorized control over loan proceeds". (Filing No. 20 at 4–5.) Kessler maintains that the Complaint "contains no factual allegation of any specific conduct of Mr. Kessler as an individual" or "any conduct by Mr. Kessler supporting a claim against him for … conversion." *Id*. at 3.

In response, NextGear argues its Complaint sufficiently alleges that "Kessler knowingly participated with the Dealer to exert unauthorized control by selling vehicles without remitting the proceeds from the sale[,] . . . exerting unauthorized control over the proceeds." (Filing No. 25 at 4.) The Complaint alleges that "Kessler was *aware* [that the Dealer sold the vehicles] without remitting the proceeds to NextGear" and that "Kessler was *actively involved* in the day-to-day operations of the dealer, such that he was responsible for or participated in the misappropriation of the proceeds". *Id*. (Emphasis in original.) Moreover, NextGear contends, the proceeds at issue represent "special chattel" and "[w]hat separates a legitimate conversion claim . . . is whether the plaintiff can point to some specifically identifiable property as opposed to an amount of money." *Id.* at 5-6 (quoting *G&M Hardware, Inc. v. Do It Best Corp.*, 2015 WL 4876248 at *3 (N.D. Ind. Aug. 14, 2015)). Moreover, the monies advanced to Dealer were not general loans, but specific funds to be used for "flooring pre-specified vehicles," with NextGear entrusting Dealer "with funds which correlated to each individual vehicle." *Id.* at 7. As guarantor, "Kessler … [was] entrusted with the vehicles, . . . and [was] expected and responsible to remit funds to NextGear upon the sale of each vehicle." *Id*. Kessler argues that the Defendants retained specific funds that could be

5

directly attributable to Nextgear and the amount for each vehicle was "separately held and accounted for respective to each vehicle." *Id*. (citation omitted).

In reply, Kessler argues that while debt can sometimes serve as the medium for conversion claims, "'Indiana courts have adopted the general rule that when there is no obligation to return ***identical money***, but only the relationship of debtor and creditor, an action for conversion of money will not lie against a debtor.'" (Filing No. 28 at 3 (emphasis in original) (quoting *David R. Manthey Estate ex. Rel. Manthey v. Kruse, Inc.*, 2011 WL 5101802, *4 (N.D. Ind. 2011)).) Kessler argues that because NextGear "wants the amount it loaned but not the exact, specific money loaned," its conversion claim must fail. *Id*. at 4. Kessler also argues that NextGear's Complaint does not "present sufficient allegations to demonstrate [his] alleged involvement" because the allegations are merely "upon information and belief." *Id*. at 7.

The Court agrees that NextGear's conversion claim fails as a matter of law because the debt stems from a contract dispute and the money owed is not special chattel. As Kessler points out, "the obligation to repay the money from the sale of the [vehicles] is contractually based and arises solely by virtue of the contractual relationship between [the parties]." (Filing No. 20 at 4.) Kessler's duty to remit the proceeds from the sale of the vehicles to NextGear, then, flows directly from the Note signed by the parties obliging repayment. *See Old Nat. Bank*, 31 N.E.3d at 532 ("The failure to pay a debt does not constitute criminal conversion as a matter of law.") (quotation omitted). As argued by Kessler, "[NextGear's] claim for conversion is nothing more than a repackaged version of its breach of contract claim for failure to pay the debt owed under the loan". (Filing No. 20 at 4.) NextGear's contention that the money at issue is special chattel because it signifies proceeds arising from the sale of vehicles specified by the Note, money—even that advanced for a particular purpose—cannot form the basis for a conversion claim if the borrower

6

is not required to give back the *identical* funds provided. *See Kopis*, 498 N.E.2d at 1270 (holding that a seller's retention of a monetary deposit after a specified property deal fell through was not conversion because the seller was under no contractual obligation to "return the *specific* $40,000 which [the purchaser] had given him") (emphasis added); *Burget v. R.A.M. Entm't, LLC*, No. 2:14-CV-373-PRC, 2015 WL 4490938, at *10 (N.D. Ind. July 23, 2015) (dismissing a conversion claim when a borrower "entered into a contractual relationship with [a lender] for the repayment of the" loaned amount and "the Promissory Note [did] not require the return of the *specific* [funds] but rather money in that same amount") (emphasis added).

While Indiana law provides that money can serve as the basis for conversion in *some* cases, *see Bowden*, 2 N.E.3d at 750, Indiana courts have made clear that these claims do not belong in garden-variety contract disputes like this, *see Clark-Silberman*, 78 N.E.3d at 715; *see also JPMorgan Chase Bank, N.A. v. Smith Bros. Builders & Supply*, No. 1:08-CV-1504-DFH-DML, 2009 WL 2413832, at *1 (S.D. Ind. July 27, 2009) ("The siren song of treble damages has led many civil plaintiffs to try to stretch the criminal conversion statute to cases where no sensible prosecutor would try to bring a criminal case."). Even accepting all the Complaint's factual allegations as true, NextGear's conversion claim fails as a matter of law because this case hinges upon a failure to pay a debt and the challenged funds are not special chattel. Accordingly, the Court **grants** Kessler's Motion as it relates to NextGear's conversion claim.

### IV. CONCLUSION

For the preceding reasons, the Court **GRANTS** Kessler's Motion to Dismiss (Filing No. 19) and **dismisses with prejudice** NextGear's claim for conversion (Count IV) because no amount of revision could cure its fatal legal defect.

**SO ORDERED.**

7

Case 1:20-cv-00354-TWP-DLP Document 59 Filed 03/08/21 Page 8 of 8 PageID #: 358

Date: 3/8/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christina M. Bruno
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
cbruno@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
djurkiewicz@boselaw.com

Michael G Gibson
NEXTGEAR CAPITAL, INC.
michael.gibson@nextgearcapital.com

Sarah Thompson Parks
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sparks@boselaw.com

Richard A. Rocap
ROCAP LAW FIRM LLC
rar@rocap-law.com

Ryan Lee Garner
ROCAP LAW FIRM LLC
rlg@rocap-law.com

Jason R. Delk
DELK MCNALLY LLP
delk@delkmcnally.com