# Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.**<br><br>*Plaintiff*,<br><br>v.<br><br>**PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,**<br><br>*Defendants.* | CASE NO. 1:20-cv-00354-TWP-DLP |

### NEXTGEAR CAPITAL, INC.'S FIRST COMMON SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, NextGear Capital, Inc. ("NextGear") requests that each Defendant produce the following requested documents to Bose McKinney & Evans LLP, 111 Monument Circle, Suite 2700, Indianapolis, IN 46204, within thirty (30) days of service.

### DEFINITIONS

1. The terms "Plaintiff," and "NextGear" mean NextGear Capital, Inc., and its predecessors, successors, agents, servants, employees, and/or representatives.

2. The terms "Premier," "PGA," and "Overfinch" mean and include Premier Group Autos, LLC, Premier Group Autos, LLC d/b/a Overfinch Miami, and Premier Group Autos, LLC doing business as any other name, and their predecessors, affiliates, parents, subsidiaries, successors, agents, servants, employees, representatives, owners, managers, members, shareholders, partners, officers, directors, attorneys, and assigns.

3. The term "Kessler" means Edward A. Kessler and his heirs, successors, beneficiaries, grantees, agents, representatives, assigns, and attorneys.

4. The term "Blackburn" means James M. Blackburn and his heirs, successors, beneficiaries, grantees, agents, representatives, assigns, and attorneys

1

5. The term "Lawsuit" means Case No. 1:20-cv-00354-TWP-DLP, in the United States District Court for the Southern District of Indiana.

6. The term "document" means both drafts and final versions of any written, typed, printed, recorded, graphic, photographic matter, or sound productions, however produced or reproduced, including copies, computer or data processing inputs or outputs in whatever form, including electronically stored information. These include, but are not limited to, all emails, letters, faxes, telegrams, cables, wires, notes, memoranda, accounts, studies, opinions, translations, charts, graphics, brochures, instruction sheets, advertisements, articles, excerpts, invoices, ledgers, books, publications, diagrams, statements, drafts, transcripts, agreements, contracts, minutes, records, diaries, voice recordings, journals, logs, work papers, manuals, calendars, governmental forms, computer or data processing inputs or printouts, microfiche or microfilm, videotapes, recordings, statistical compilations, slides, photographs, negatives, motion pictures or other film, samples or other physical objects of whatever nature, whether originals or reproductions, now or formerly in the possession, custody, access or control of you or any servant, employee, agent, representative or affiliate of yours. The term "document" also includes every copy where the copy is not an identical reproduction of the original or where the copy contains any commentary, marginal comment or any notation that may not appear in the original.

7. A document is deemed within your control if you have ownership, possession, or custody of the document, or may obtain a copy of it from any other person or public or private entity having possession thereof.

8. The term "ESI" means "electronically stored information" and includes, but is not limited to, all word processing documents, spreadsheets, slides, e mails, information concerning e mail (e.g., logs of e mail history and usage, header information, and deleted files), internet history files, preferences, graphical image files (including .jpg, .gif, .bmp, .pdf and TIFF files), databases, calendar and scheduling information, computer system activity logs and print reports, and all file fragments and backup files containing electronically stored information. ESI also includes all information, files, or data on computer hard drives, solid state drives, removable drives, optical discs, tapes, floppy discs, and smartphones in your possession, custody or control; e mail repositories; and web-based document repositories that may contain relevant documents and information. ESI also includes all metadata.

9. The term "communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and all other forms of oral or written intercourse.

10. The term "individual" means a natural person.

11. The term "identify" means:

    a. When used with reference to a document, state:

   i. The type of document (i.e., letter, memorandum, report, tape, printout, etc.);

   ii. The name of the individual who drafted or prepared the document;

   iii. The present or last known location of the document or the identity of the individual who has custody of the document; and

   iv. Such other information sufficient to enable the requesting party and its counsel to identify the document, such as the addressee(s), the approximate length in pages, persons who received copies, and a synopsis of its contents.

b. When used with reference to a person (as defined herein), state:

   i. Name;

   ii. Organizational status (i.e., corporation, partnership, etc.);

   iii. Business address; and

   iv. Other similar identifying information, with the exception that if the person to be identified is an individual then identify as in subparagraph I.

c. When used with reference to an individual, state his or her:

   i. Name;

   ii. Last known residence address and telephone number; and

   iii. Business address and employer, if any.

d. When used with reference to a communication:

   i. If written, identify the document as in subparagraph (a); and

   ii. If oral, state the date of the communication and the individuals who sent, received and otherwise participated or had knowledge of the communication, and state the substance thereof.

12. With respect to any document for which a privilege is being asserted, identify such document by stating:

   a. The name, title and job or position of the document's author, its sender, and every person who received or saw the document or any of its copies;

   b. The date of the document;

3

    c.  The physical description of the document, including size, length, typed or handwritten, etc.;

    d.  A brief description of the document's subject matter;

    e.  The basis for the privilege asserted; and

    f.  The name, title and job or position of all persons on whose behalf the privilege is asserted.

13. With respect to any conversation for which a privilege is being asserted, identify such conversation by stating:

    a.  When the conversation occurred;

    b.  Where the conversation occurred;

    c.  The name, title and job or position of each person who was present at or during the conversation whether or not such conversation was in person or by telephone;

    d.  A brief description of the conversation's subject matter;

    e.  The basis for the privilege; and

    f.  The name, title and job or position of all persons on whose behalf the privilege is asserted.

14. The terms "person" or "persons" mean and include all natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or *quasi* governmental agencies. If a person is not a natural person, then it includes all natural persons associated with the entity.

15. The terms "relate" or "pertain" mean and include any and all documents that relate or pertain to the requested material or information in whole or in part, or that contain or reflect the information, requested in whole or in part. When referring to an allegation in any pleading, "relate" or "pertain" also mean and include any and all documents that tend to support or to disprove any allegation set out in the pleading.

16. The masculine gender of any word used in these requests includes the feminine and the neutral.

17. The terms "You," "Your," and "Yours" mean the party or parties to whom these requests are directed and its/their agent(s), servants, employees, representatives, and attorneys.

18. The terms "concerning" and "evidencing," or any variant thereof, include referring to, supporting, located in, considered in connection with, bearing, bearing on,

evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, being, and demonstrating.

19. The term "Complaint" means, collectively, Plaintiff's Original Complaint and any subsequent supplementation or amendment.

20. The term "Collateral" means all assets and property owned by Premier on or after March 26, 2019, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory, including, without limitation, purchase money inventory, the purchase of which was financed or floorplanned by NextGear for Premier, of whatever kind or nature, and all returns, repossession, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general intangibles, together with the proceeds thereof; and all of Premier's documents, books and records relating to the foregoing.

21. The term "Kessler Counterclaim" means, collectively, Kessler's Original Counterclaim against NextGear and any subsequent supplementation or amendment.

22. The term "2019 Note" means the Demand Promissory Note and Loan and Security Agreement between NextGear and Premier dated on or about March 26, 2019, including all addendums and amendments thereto.

23. The term "2019 Blackburn POA" means the Power of Attorney executed by Blackburn on or about April 18, 2019.

24. The term "2019 Kessler POA" means the Power of Attorney purportedly executed by Kessler on or about April 18, 2019.

25. The term "2019 Blackburn Guaranty" means the Individual Guaranty executed by Blackburn on or about March 26, 2019.

26. The term "2019 Kessler Guaranty" means the Individual Guaranty executed by Kessler on or about March 27, 2019.

27. The term "SOT Vehicles" means the following:

| Stock Number | Date Floored | Vehicle Description | VIN | Original Amount Advanced | Principal Balance Remaining |
|---|---|---|---|---|---|
| 7 | 5/9/2019 | 2019 Land Rover Range Rover | SALGS5RE4KA551428 | $39,999.00 | $32,489.19 |
| 8 | 6/5/2019 | 2018 Land Rover Range Rover Evoque | SALVP2RX6JH295033 | $33,100.00 | $29,790.00 |
| 10 | 8/6/2019 | 2002 Hummer H1 TDSL | 137FA84352E197749 | $42,700.00 | $42,700.00 |

| 11 | 9/10/2019 | 2019 Land Rover Range Rover V8 | SALGS5RE6KA530077 | $45,000.00 | $45,000.00 |
|----|-----------|-------------------------------|-------------------|------------|------------|
| 12 | 9/11/2019 | 2019 Land Rover Range Rover V8 | SALGS5RE5KA548540 | $99,999.00 | $99,999.00 |
| 14 | 9/19/2019 | 2019 Land Rover Range Rover | SALGS2RE6KA546018 | $95,000.00 | $95,000.00 |

28. The term "vehicle" means automobiles, motorcycles, motorbikes, sport vehicles, and other machines.

29. All documents identified, in whole or in part, in response to a request should be produced in their entirety. Documents that in their original condition were stapled, clipped, or otherwise fastened together should be produced in such form. Where multiple copies of documents exist, each non-identical copy should be produced.

30. ESI in the form of documents should be provided in a Group IV, 300 dpi, single page black and white TIF format, (if color is necessary, documents will be provided in JPEG compression format), with a DII or OPT load file (which is used for Summation, Concordance, or other document management systems), with clearly defined document boundaries. ESI in the form of spreadsheets, databases, and other formats for which image production does not preserve all metadata should be produced in their native file formats. Where reasonably available (depending on the type of document), the following metadata fields should be populated on all documents produced as part of the load file: Begdoc, Enddoc, ParentID, AttachIDs, Author, BCC, CC, Docextension (i.e., filetype), FileName, Filesize, Custodian, Source Device, Source Path, Modified Date, Modified Time, Email Attachment Count, Email Attachment Name, Email Sent Date, Email Sent Time, Email topic (subject), From, and Recipient. A header row, or other documentation, explaining the field order of the data contained in the metadata load file should also be supplied by producing parties. This load file should be ASCII-delimited, preferably utilizing delimitation characters that will not be commonly found in meta-data fields (e.g. Concordance-default DAT delimitation vs. CSV delimitation), and clearly indicated in either the header row or accompanying documentation. OCR should be provided in document-level TXT files, where all OCR text associated with the particular documents of the production set is contained within separate TXT files. When producing native files, they should be numbered in the file name and produced in a separate folder with a cross-reference file in ASCII-delimited format matching load file formats utilized for other meta-data cross-reference files (e.g. Concordance DAT-delimitation).

31. Use of the singular shall be deemed to include the plural, and vice versa.

32. The term "all" includes "any," and vice versa.

33. The terms "and" and "or" should be interpreted as conjunctive, disjunctive, or both, depending on the context, so as to have their broadest meaning.

34. Whenever necessary to bring within the scope of an request all information or documents that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of the verb in all other tenses.

35. Unless otherwise specified, these requests require production of documents and ESI prepared, sent, received, used, produced, dated, in effect, or relating to events which occurred, up to and including the date on which you complete your response to these requests. Additionally, these requests are continuing in nature and you are under a duty to supplement or correct any responses that are incomplete or incorrect.

36. Unless otherwise specified, the applicable time period for these requests is from January 1, 2019 to the present.

## INSTRUCTIONS

1. Each request must be answered with your entire knowledge, available from all sources, including all information and documents in your possession, custody or control, or in the possession, custody or control of any of your agents, officers, employees, partners, representatives, and attorneys, or otherwise available to you.

2. If you cannot respond fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and: (1) answer such request to the extent possible; (2) specify the portion of such request that you are unable to respond to fully, completely, and in detail; and (3) state the reason why a response cannot be given. If your response is qualified in any particular respect, set forth the details of such qualification.

3. If the attorney-client privilege, work product immunity, or any other privilege or protection is asserted as to any request, state the following:

(a) the specific ground(s) for not responding to the request in full;

(b) the bases for such a claim of privilege or immunity; and

(c) the information, document, or material for which such privilege or immunity is asserted, including the name of any document, the name, address and title of its author, each addressee, and each person to whom a copy of the document or thing has been sent or received.

4. If you object to any portion or subpart of a request for information or object to providing certain information requested, state your objection and answer any unobjectionable portion(s) or subpart(s) of the request for information and/or supply the unobjectionable information requested.

5. To the extent you allege that the meaning of any term in these requests is unclear, then you are to assume a reasonable meaning, state that assumed reasonable meaning and answer the request on the basis of that assumed meaning.

6. Please take notice that these requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of any evidence on subjects covered by these requests.

## REQUESTS FOR PRODUCTION

1. All documents, communications, and ESI reviewed by, relied upon, or referenced by You in Your answers to NextGear's interrogatories or the preparation of Your answers to NextGear's interrogatories.

2. All documents, communications, and ESI relating to the execution of the 2019 Note.

3. All documents, communications, and ESI relating to the execution of the 2019 Blackburn Guaranty.

4. All documents, communications, and ESI relating to the execution of the 2019 Kessler Guaranty.

5. All documents, communications, and ESI relating to the execution of the 2019 Blackburn POA.

6. All documents, communications, and ESI relating to the execution of the 2019 Kessler POA.

7. All documents, communications, and ESI between You and Blackburn relating to NextGear.

8. All documents, communications, and ESI between You and Kessler relating to NextGear.

9. All documents, communications, and ESI between You and any third party relating to NextGear.

10. All documents, communications, and ESI relating to Your performance under the 2019 Note.

11. All documents, communications, and ESI relating to Your performance under the 2019 Blackburn Guaranty.

12. All documents, communications, and ESI relating to Your performance under the 2019 Kessler Guaranty.

13. All documents, communications, and ESI referencing any payments made by You to NextGear.

14. Copies of your federal and state tax returns for the years 2019 and 2020.

15. All documents, communications, and ESI between You and any purchaser of an SOT Vehicle.

16. All documents, communications, and ESI relating to any vehicle You financed using funds obtained from NextGear pursuant to the 2019 Note.

17. All documents, communications, and ESI between You and any third party relating to obtaining financing, of any kind or form, for Premier.

18. All documents, communications, and ESI evidencing any damages You allege You have suffered as a result of any conduct by NextGear.

19. All documents, communications, and ESI between You and NextGear not otherwise produced in response to any other Request for Production.

20. All documents, communications, and ESI pertaining in any way to any or all of the SOT Vehicles, including but not limited to purchase orders, bills of sale, payment receipts or other proof of payments received, trade-in information, retail installment contracts, and any communications with any purchaser of an SOT Vehicle.

21. Copies of account statements for all financial accounts You identified in response to NextGear's interrogatories for each month from March 2019 to the present.

22. All documents, communications, and ESI concerning any payment, transfer, investment, or any other disposition of any proceeds from the sale of any or all of the SOT Vehicles.

Dated: May 27, 2021

Respectfully submitted,

/s/ Brian S. Jones
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

9

## CERTIFICATE OF SERVICE

I certify that on May 27, 2021, a true and correct copy of the above and foregoing was served via email on all counsel of record.

/s/ Brian S. Jones
BRIAN S. JONES

4118047