UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00354-TWP-DLP |
| ) | |
| PREMIER GROUP AUTOS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| JAMES M BLACKBURN, *et al.*, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| NEXTGEAR CAPITAL, INC., *et al.*, ) | |
| ) | |
| Counter Defendants. ) | |

**O<small>RDER</small> D<small>ENYING AS</small> M<small>OOT</small> N<small>EXT</small>G<small>EAR</small> C<small>APITAL</small>, I<small>NC</small>.'<small>S</small> M<small>OTION TO</small> C<small>OMPEL</small> D<small>ISCOVERY AND</small> G<small>RANTING ITS</small> R<small>EQUEST FOR</small> A<small>TTORNEY</small>'<small>S</small> F<small>EES</small>**

This matter comes before the Court on the Plaintiff's Motion to Compel Discovery from Premier Group Autos, LLC ("Premier") and James M. Blackburn ("Blackburn") and Request for Attorney's Fees, Dkt. [80]. NextGear Capital, Inc. ("NextGear") asserts that on May 27, 2021, it served Requests for Production and Interrogatories on Defendants Premier and Blackburn. (Id. at 1). Thereafter, Plaintiff voluntarily extended the deadline for Defendants Premier and Blackburn to respond to July 28, 2021 to align their response deadline with that of Defendant Edward Kessler. (Id. at 1-2). After repeated requests by NextGear to counsel for

1

Defendants Premier and Blackburn, Plaintiff was forced to file a motion to compel. (Dkt. 80).

On August 31, 2021, Defendants filed a response not disputing that their discovery responses were overdue. (Dkt. 81). In the response, Defendants explain that counsel has been working with his clients to complete responses and that responses and should be finalized and completed shortly. (Id. at 1). On September 8, 2021, Defendants filed a supplemental response stating that their outstanding discovery responses had been served on Plaintiff. (Dkt. 82). Because the Defendants have served their discovery responses, the Court **DENIES AS MOOT** the motion to the extent it seeks an order compelling responses.

Federal Rule of Civil Procedure 37 provides that if discovery disclosures are made after a motion to compel is filed –

> …. the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Because it was necessary, however, for NextGear to file the motion to compel and the Defendants Premier and Blackburn have not demonstrated substantial justification for the multiple delays, the Court finds that an award of fees is appropriate.

2

In this case, the Defendants were served with discovery May 27, 2021. (Dkt. 80-4 at 4). When Defendants Premier and Blackburn did not respond by the June 28, 2021 deadline, Plaintiff's counsel reached out to defense counsel on July 14, 2021, and voluntarily extended Defendants' deadline to July 28, 2021, iterating that "we do need to get responses in by the end of this month." (Id.). Defense counsel did not respond to this email until July 22, after being prodded by Plaintiff's follow-up email. (Id. at 3). In his response, defense counsel states that he "will work on these," with his goal being to have the responses to Plaintiff's counsel by July 31. (Id. at 3). Plaintiff's counsel attempted to follow-up with defense counsel twice by email and once by phone regarding the overdue responses but did not receive a response. (Dkt. 80 at 2; Dkt. 80-4 at 2). The Plaintiff repeatedly attempted in good faith to get Defendants to comply with their discovery obligation prior to filing the motion to compel. Defendants consistently failed to respond or comply. Defendants Premier and Blackburn have not shown that their failure to timely respond was substantially justified.[1]

Here, the Plaintiff voluntarily extended the discovery deadline, and repeatedly attempted to confer with counsel to voluntarily resolve the discovery disputes without court intervention. When reviewing the totality of the circumstances, the Court finds that awarding reasonable attorney's fees incurred in bringing the motion to compel against Defendants Premier and Blackburn is just.

---

[1] "Substantial justification exists if the Motion posited a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-cv-991-SEB-MJD, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013).

*See* Fed. R. Civ. P. 37(a)(5)(A) Advisory Committee Notes (1970 Amendment) (the "unjust" language provides the Court with "necessary flexibility" in awarding fees.).

Thus, the Court **GRANTS** Plaintiff's request for fees incurred in connection with the motion. Within 14 days, the Plaintiff shall submit a statement, along with substantiation, of attorney fees incurred in preparing the present motion to compel. The Court will make an award of reasonable attorney fees following review of that submission.

So ORDERED.

Date: 10/26/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email