**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.** *Plaintiff*, v. **PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,** *Defendants*. | CASE NO. 1:20-cv-00354-TWP-DLP |

**NEXTGEAR CAPITAL, INC.'S RESPONSE IN OPPOSITION TO PREMIER GROUP AUTOS, LLC'S AND JAMES M. BLACKBURN'S MOTION TO PARTICIPATE IN SETTLEMENT CONFERENCE REMOTELY**

NextGear Capital, Inc. ("NextGear"), respectfully submits its Response in Opposition to Premier Group Autos, LLC's ("Premier") and James M. Blackburn's (collectively, "Defendants") Motion to Participate in Settlement Conference Remotely, and states:

1. The Court should deny Defendants' request to attend the November 10, 2021 settlement conference remotely. While NextGear is sympathetic to anyone who has a loved one dealing with COVID-19, Defendants have known of the need to attend this conference in person since January 20, 2021, (*see* ECF No. 51), and Defendants' Motion is the first time they've informed the Court that Mr. Blackburn no longer lives in the United States. Indeed, his active Answer still states that he is a resident of Florida. (*See* ECF No. 26 at ¶¶ 2, 3.)

2. What's more, recent events concerning Mr. Blackburn cause NextGear to question the legitimacy of his need to be in the United Kingdom. NextGear recently attempted to take Mr. Blackburn's deposition (both individually and as the corporate

1

representative of Premier), and was informed that Mr. Blackburn would have to be deposed remotely because he would be in the United Kingdom. (*See* Sept. 28, 2021 email from Blackburn's counsel stating that "You can either agree to depose Mr. Blackburn by Zoom or some other remote platform or we can all plan to go to England for his deposition," a true and correct copy of which is attached as Exhibit "A.") Based on his counsel's representation that Mr. Blackburn would be in the United Kingdom, NextGear agreed to take the deposition remotely.

3. But when the deposition commenced via Zoom on October 26, 2021, Mr. Blackburn turned out to actually be in Ft. Lauderdale, Florida. Had NextGear known Mr. Blackburn was going to be in the United States, it would have insisted upon taking his deposition in person. Thus, based on the representations about Mr. Blackburn's location, NextGear was deprived of an opportunity to take Mr. Blackburn's deposition in person. (For the record, NextGear does not fault Mr. Blackburn's counsel. Given what NextGear has learned about Mr. Blackburn's veracity in this case, NextGear does not doubt that Mr. Blackburn told his counsel he would be in the United Kingdom.) In any event, Mr. Blackburn's deposition had to be suspended after a few hours because Mr. Blackburn had to pick up his daughter from school, and so the parties agreed to complete the deposition (again, remotely) on November 3.

4. The evening before the November 3 resumption of Mr. Blackburn's deposition, however, Mr. Blackburn's counsel emailed to state that he had just been informed by Mr. Blackburn that Mr. Blackburn would be undergoing an unspecified surgical procedure on November 3 that would prevent him from attending his deposition. No further information regarding that procedure or its outcome have been provided, nor any dates for the resumption of that deposition.

5. The basis for the Defendants' current motion is that Mr. Blackburn's brother is hospitalized with COVID-19. (ECF No. 87 at ¶¶ 6-7.) NextGear understands the desire to be close to a loved one suffering from COVID-19, but given COVID-19 protocols in hospitals, it is unlikely that Mr. Blackburn would be permitted to be near his brother at this time. Any interaction with his brother would likely have to be through remote means, which would be equally available if Mr. Blackburn was in the United States for the settlement conference.

6. Defendants' Motion also urges that a trip to the United States would be a "financial burden." (*Id.* at ¶ 5.) That argument fails, however, particularly since Mr. Blackburn apparently had no financial difficulty being in Florida just a couple of weeks ago. Besides, Defendants have known about the requirement that they be present in Indianapolis on November 10 since January 20, 2021, so their failure to set aside appropriate funds for travel at that time is entirely their own fault and no basis to insulate them from the personal-attendance requirement.

7. Given the foregoing, NextGear submits that Defendants should not be relieved of the obligation to attend the settlement conference in person. In-person settlement conferences are the most effective means of resolution, and the undersigned's prior experience with remote or telephonic settlement conferences and mediations has shown that the distance permitted through remote attendance makes parties less likely to budge or concede certain points. Remote attendance also deprives the Court of an opportunity to look parties in the eye and speak directly and frankly to them about the case. Since discovery has revealed that Mr. Blackburn is the key player in the events underlying this case, his personal attendance is necessary for a fair and effective resolution of this matter.

## CONCLUSION

Accordingly, NextGear requests that the Court deny Defendants' request to attend the November 10, 2021 settlement conference remotely.

Dated: November 5, 2021       Respectfully submitted,

/s/ Brian S. Jones
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

## CERTIFICATE OF SERVICE

I certify that on November 5, 2021, a true and correct copy of the above and foregoing was served on all counsel of record through CM/ECF.

                                                /s/ Brian S. Jones
                                                BRIAN S. JONES

4245125