**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.** | |
| *Plaintiff*, | |
| v. | **CASE NO. 1:20-cv-00354-TWP-DLP** |
| **PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,** | |
| *Defendants.* | |

**NEXTGEAR CAPITAL, INC.'S OPPOSED MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND FIRST AMENDED ANSWER TO
KESSLER'S COUNTERCLAIM**

NextGear Capital, Inc. ("NextGear"), respectfully submits its Motion for Leave to File its First Amended Complaint and First Amended Answer to Defendant Edward Kessler's Counterclaim, and states:

## BACKGROUND

With the benefit of two completed depositions and document discovery—and before the upcoming discovery and dispositive motions deadline—NextGear seeks leave to file two amended pleadings that will substantially reduce the issues before the Court and align the pleadings with the facts learned in discovery.

First, NextGear seeks to amend its Complaint to eliminate its cause of action for conversion and to revise the attached exhibits to make them consistent with the facts revealed in discovery. (A copy of NextGear's proposed Amended Complaint is attached as Exhibit "A.") Second, for similar reasons, NextGear seeks to amend its Answer to Kessler's Counterclaim to align with the facts revealed in discovery—namely, that Mr.

1

Kessler did not sign a Power of Attorney document—and to make clear that NextGear is not seeking any relief based upon a Power of Attorney. (A copy of NextGear's proposed Amended Answer to the Kessler Counterclaim is attached as Exhibit "B.") Each of these amended pleadings would simplify the issues before the Court and reduce the burden on the Court and the parties for dispositive motions and trial. Importantly, since the amendments reduce the number of causes of action to be resolved and simplify the matters before the Court, the Defendants will suffer no prejudice from the proposed amendments. Given Rule 15's liberal amendment standard, the Court should grant leave to amend.

## ARGUMENT AND AUTHORITIES

Where, as here, a party is outside of the time that it may amend its pleadings as a matter of right, Federal Rule of Civil Procedure 15 permits a party to amend its pleading with the court's leave, and instructs that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). Under Rule 16, however, a case management plan deadline "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

The Seventh Circuit has acknowledged that these rules are somewhat in tension when a party seeks to amend the pleadings outside of the date set forth in the relevant case management plan. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). In such a scenario, it has instructed that district courts should consider the good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (7th Cir. 2014); *White v. Elite Beverages*, 2020 WL 8024508, at *1 (S.D. Ind. May 28, 2020). Under that standard, the primary consideration for district courts "is the diligence of the party

seeking amendment." *Alioto*, 651 F.3d at 720.

District courts in this Circuit have held that a party can demonstrate good cause by pursuing a motion to amend promptly or "soon after" a discrepancy or additional information is discovered during a deposition or while discovery is ongoing. *See Vitelo v. Brazzaz, LLC*, 2010 WL 3273898, at *4 n.34 (N.D. Ill. Aug. 16, 2010) (citing *Navarro v. Redel*, 2008 WL 750572 at * 1 (E.D. Wis. Mar. 19, 2008)); *Friend v. Taylor L., PLLC*, 2017 WL 6334297, at *2 (N.D. Ind. Dec. 11, 2017) (good cause to amend answer to add second affirmative defense where discovery produced new information); *Lauer v. Patriot Paint Co.*, 2007 WL 2068595, at *2 (N.D. Ind. July 17, 2007) (defendant demonstrated good cause to amend after the deadline because information was not known until after the pleading deadline lapsed and during ongoing discovery).

As such, if a plaintiff has shown good cause, the Court should allow amendment "'unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend.'" *White*, 2020 WL 8024508, at *1 (quoting *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 242, 358 (7th Cir. 2015)). District courts have broad discretion in this regard. *Id.*

Here, the original amendment deadline under the Case Management Plan was May 30, 2021. (*See* ECF No. 52 at ¶ III(D). Prior to that date, the parties had not conducted any significant discovery. In fact, the first deposition was not taken until July 22, 2021, and the first deposition of a defendant (Kessler) was not completed until October 29, 2021. The deposition of the other defendant, James Blackburn, will not conclude until December 16, 2021 at the earliest. Because of the unforeseen delays associated with discovery, the parties jointly agreed to extend the fact discovery and dispositive motions deadline to December 31, 2021. (*See* ECF No. 99.)

Despite the fact that discovery remains ongoing, NextGear has been diligent in seeking to amend in response to information revealed in discovery. In fact, NextGear first asked counsel for the Defendants whether they would oppose this Motion on November 18, 2021, less than three weeks after the Kessler deposition and a week after the settlement conference. And despite multiple attempts at contact, NextGear did not learn that this motion would be opposed until December 6, 2021.

In addition to NextGear's diligence, good cause exists for the proposed amendments. First, through the depositions of Arturo Mayoral (a NextGear sales executive), Mr. Kessler, and the partial deposition of Mr. Blackburn, NextGear has come to understand that Mr. Kessler did not sign a Power of Attorney, but that someone purporting to be Mr. Kessler did. NextGear did not have the full scope of such information prior to the amendment deadline in the Case Management Plan. Moreover, as part of its discovery obligations, NextGear has already amended its responses to Mr. Kessler's Interrogatories and Requests for Admissions reflecting the facts learned in discovery. Thus, NextGear's proposed Amended Complaint and Amended Answer to the Kessler Counterclaim would make those pleadings consistent with what has been learned in discovery.

Additionally, through the Kessler deposition and the partial Blackburn deposition, NextGear has come to understand that the facts no longer support a cause of action for conversion because the Defendants sold all collateral. NextGear did not have this information available prior to the amendment deadline in the Case Management Plan as well. As such, NextGear seeks to remove that cause of action through its proposed Amended Complaint.

4

The proposed amendments will not cause any prejudice to the Defendants. Indeed, they actually reduce the disputed issues among the parties prior to the end of the discovery period and the dispositive motions deadline. NextGear has not sought leave out of any bad faith or dilatory purpose; instead, NextGear is seeking to do what the Rules require—learn the truth through the discovery process and make only those legal arguments supported by the facts.

As stated, NextGear has asked Kessler's and Blackburn's counsel whether they would opposed the relief requested in this Motion since November 18. On December 6, Kessler's counsel stated for the first time that Kessler opposed any amendments to the pleadings "at this late stage" without providing any other justification. Blackburn's counsel has yet to respond.

## CONCLUSION

Accordingly, for the foregoing reasons, NextGear respectfully requests that the Court grant it leave to file the attached Amended Complaint and Amended Answer to the Kessler Counterclaim.

Dated: December 7, 2021                    Respectfully submitted,


/s/ Brian S. Jones
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

**CERTIFICATE OF SERVICE**

I certify that on December 7, 2021, a true and correct copy of the above and

foregoing was served on all counsel of record through CM/ECF.

/s/ Brian S. Jones

BRIAN S. JONES

4272326