UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00354-TWP-DLP ) |
| PREMIER GROUP AUTOS, LLC, *et al.*, | ) ) |
| Defendants. | ) ) ) |
| JAMES M BLACKBURN, *et al.*, | ) ) |
| Counter Claimants, | ) ) |
| v. | ) ) |
| NEXTGEAR CAPITAL, INC., *et al.*, | ) ) |
| Counter Defendants. | ) ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint and First Amended Answer to Kessler's Counterclaim, Dkt. [100]. Plaintiff asserts that permitting the amendments would substantially reduce the issues before the Court because the proposed Amended Complaint eliminates the conversion claim. (Dkt. 100 at 1, 4). Plaintiff also contends that the proposed Amended Answer to Defendant Kessler's Counterclaim would align its Answer with the facts learned in discovery – namely that Mr. Kessler did not sign the Power of Attorney document – and make clear that Plaintiff is not seeking relief based on that document. (Id. at 1-2, 4). Plaintiff further maintains that Defendants will not be prejudiced by the proposed

1

amendments. (Id. at 2, 5). The Defendants failed to file responses to the present motion, and the time to do so has passed.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings, noting that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule, however, is somewhat restricted when a scheduling order has been entered. *See Alioto v. Town of Libson*, 651 F.3d 715, 719 (7th Cir. 2011). The Court entered the case management plan on January 20, 2021 and set the date to amend pleadings as May 30, 2021 (Dkt. 52 at 4). Plaintiff filed the present motion on December 7, 2021. (Dkt. 100). In cases, like this, where a motion to amend is filed after the scheduling order deadline, the heightened good cause standard of Rule 16 is applied before considering whether the requirements of Rule 15(a)(2) are met. *Alioto*, 651 F.3d at 719 (citing Federal Rule of Civil Procedure 16(b)(4)). Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The diligence required to amend a pleading pursuant to Rule 16(b) "is not established if delay is shown and the movant provides no reason, or no good reason, for the delay." *Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 1:16-cv-726-TWP-MPB, 2018 WL 1241994, at *2 (S.D. Ind. Mar. 9, 2018) (citing *Alioto*, 651 F.3d at 719).

The Court finds that Plaintiff has established good cause for the delay. Plaintiff asserts that the parties had not conducted significant discovery prior to the May 2021 deadline for amending pleadings. (Dkt. 100 at 3). Rather, the first deposition in this case did not take place until July 2021, Mr. Kessler's deposition was not completed

until October 29, 2021, and Defendant Blackburn's deposition had not concluded by the filing of the present motion. (Id.). Plaintiff further contends that it first broached amending its Complaint and Answer to Counterclaim less than three weeks after Mr. Kessler's deposition but, despite multiple attempts at contact, did not discover that the motion would be opposed until the day before filing the present motion. (Id. at 4).

The Court also finds that there is no evidence of undue delay, bad faith, dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility, that would warrant denying the request to amend. Moreover, Defendants have waived any such arguments by providing no response to the present motion. *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017) ("Failure to respond to an argument generally results in waiver."). The Court finds that narrowing the issues and aligning the pleadings will reduce the burden on the Court and the parties for dispositive motion(s) and trial.

For the foregoing reasons, the Court hereby **GRANTS** the present motion. The Plaintiff shall file the First Amended Complaint and the First Amended Answer within three (3) days of this Order.

So ORDERED.
Date: 1/10/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email