IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.<br><br>    *Plaintiff*,<br><br>v.<br><br>PREMIER GROUP AUTOS, LLC,<br>JAMES M. BLACKBURN, and<br>EDWARD A. KESSLER,<br><br>    *Defendants*. | CASE NO. 1:20-cv-00354-TWP-DLP |

### NEXTGEAR CAPITAL, INC.'S AMENDED COMPLAINT

NextGear Capital, Inc. ("NextGear"), by counsel, respectfully submits its Amended Complaint against Premier Group Autos, LLC, James M. Blackburn, and Edward A. Kessler (collectively, "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. NextGear is a Delaware corporation with its principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.

2. Premier Group Autos LLC ("Premier") is a Florida Limited Liability Company with a physical address of 11 SW 12th Avenue, Suite 103, Building 59, Dania Beach, Florida 33004-3527. Premier has answered and appeared in this case.

3. James Michael C Blackburn is an individual residing at 4875 NE 4th Avenue, Fort Lauderdale, Florida 33334-6050. Blackburn has answered and appeared in this case.

4. Edward Anthony Kessler is an individual residing at 5909 Murray Avenue, Bethel Park, Pennsylvania 15102-3449. Kessler has answered and appeared in this case.

1

5.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper pursuant to 28 U.S.C. § 1391 and the parties' agreement.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  Premier and NextGear entered into a Demand Promissory Note and Loan and Security Agreement (the "Note") whereby Premier granted NextGear a security interest in all of its assets and properties wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory then owned or thereafter acquired; purchase money inventory, the purchase of which was financed or floorplanned by NextGear for Premier, of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general intangibles then owned or thereafter acquired by Premier, together with the proceeds thereof; and all of Premier's documents, books and records relating to the foregoing (the "Collateral"). A true and correct copy of the Note is attached hereto and incorporated herein as "Exhibit A."

7.  Blackburn executed an Individual Guaranty (the "Blackburn Guaranty") in favor of NextGear, whereby Blackburn guaranteed prompt and full payment to NextGear of all liabilities and obligations of Premier pursuant to the Note. A true and correct copy of the Blackburn Guaranty is attached hereto and incorporated herein as "Exhibit B."

8.  Kessler executed an Individual Guaranty (the "Kessler Guaranty") in favor of NextGear, whereby Kessler guaranteed prompt and full payment to NextGear of all liabilities and obligations of Premier pursuant to the Note. A true and correct copy of the Kessler Guaranty is attached hereto and incorporated herein as "Exhibit C."

9. NextGear advanced funds to Premier and to certain third parties on Premier's behalf for the purchase of inventory as Collateral pursuant to the terms of the Note.

10. The funds advanced by NextGear to Premier and to certain third parties on Premier's behalf have not been fully repaid as agreed.

11. Premier defaulted under the Note by, among other things, failing to make payments of principal and/or interest due thereunder.

12. As a result of the occurrence and continuance of an Event of Default, as that term is defined in the Note, NextGear declared the entire Indebtedness due.

13. As of November 3, 2021, the amounts due and owing under the Note total $421,391.75, exclusive of attorneys' fees and costs (the "Indebtedness").

14. The amount due from Premier pursuant to the Note has not been paid.

15. As a result of Premier's default, NextGear has incurred additional expenses under the Note, including, without limitation, attorneys' fees and court costs, all of which amounts NextGear is entitled to recover as the holder of the Note.

## CAUSES OF ACTION

### COUNT I:
### BREACH OF CONTRACT (PREMIER GROUP AUTOS, LLC)

16. NextGear realleges and incorporates by reference the allegations of paragraphs 1 through 15 as if set forth fully herein.

17. As set forth above, Premier defaulted under the Note by, among other things, failing to make payments of principal and/or interest due thereunder.

18. Despite demand for payment, Premier has failed or refused to make payments for the amounts due and owing under the Note.

19. The Indebtedness is now due and owing and has not been paid by Premier.

20. NextGear owns and holds the Note and all rights to recover thereunder for Premier's breach of contract.

21. All conditions precedent to the right of NextGear to recover under the Note have occurred or have been waived.

## COUNT II:
### BREACH OF GUARANTY (BLACKBURN)

22. NextGear realleges and incorporates by reference the allegations of paragraphs 1 through 21 as if set forth fully herein.

23. As a condition of extending credit to Premier, NextGear required Blackburn to execute the Blackburn Guaranty in favor of NextGear, whereby Blackburn guaranteed prompt and full payment of all liabilities and obligations of Premier pursuant to the Note (the "Guaranteed Obligations").

24. Under the terms of the Blackburn Guaranty, Blackburn waived, among other things, the right to receive notice of demand of any kind.

25. The Blackburn Guaranty provides for the recovery of all reasonable costs of collection and attorneys' fees.

26. Premier is in default under the Note, and there are unpaid amounts due and owing by Premier, all of which constitute Guaranteed Obligations of Blackburn.

27. NextGear owns and holds the Blackburn Guaranty and all rights to recover thereunder for Blackburn's breach of guaranty.

28. All conditions precedent to the right of NextGear to recover under the Blackburn Guaranty have occurred or have been waived.

## COUNT III:
### BREACH OF GUARANTY (KESSLER)

29. NextGear realleges and incorporates by reference the allegations of paragraphs 1 through 28 as if set forth fully herein.

30. As a condition of extending credit to Premier, NextGear required Kessler to execute the Kessler Guaranty in favor of NextGear, whereby Kessler guaranteed prompt and full payment of all liabilities and obligations of Premier pursuant to the Note (as before, the "Guaranteed Obligations").

31. Under the terms of the Kessler Guaranty, Kessler waived, among other things, the right to receive notice of demand of any kind.

32. The Kessler Guaranty provides for the recovery of all reasonable costs of collection and attorneys' fees.

33. Premier is in default under the Note, and there are unpaid amounts due and owing by Premier, all of which constitute Guaranteed Obligations of Kessler.

34. NextGear owns and holds the Kessler Guaranty and all rights to recover thereunder for Kessler's breach of guaranty.

35. All conditions precedent to the right of NextGear to recover under the Kessler Guaranty have occurred or have been waived.

## REQUEST FOR RELIEF

NextGear respectfully requests that the Court enter a judgment for damages against Premier, Blackburn, and Kessler, jointly and severally, plus post-judgment interest at the highest rate provided by law until paid, costs of collection, including, but not limited to, attorneys' fees, court costs, sale costs, and title search fees, and all other relief the Court deems just and proper.

| | |
|---|---|
| Dated: January 10, 2022 | Respectfully submitted,<br><br>/s/ Brian S. Jones<br>DAVID J. JURKIEWICZ<br>Attorney No. 18018-53<br>BRIAN S. JONES<br>Attorney No. 29578-49<br>**BOSE MCKINNEY & EVANS LLP**<br>111 Monument Circle, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: (317) 684-5000<br>Facsimile: (317) 684-5173<br>djurkiewicz@boselaw.com<br>b.jones@boselaw.com<br><br>**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.** |

## CERTIFICATE OF SERVICE

I certify that on January 10, 2022, a true and correct copy of the above and foregoing was served on all counsel of record through CM/ECF.

/s/ Brian S. Jones
BRIAN S. JONES

4260734