# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.** *Plaintiff*, v. **PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,** *Defendants.* | CASE NO. 1:20-cv-00354-TWP-DLP |

## NEXTGEAR CAPITAL, INC.'S AMENDED ANSWER TO EDWARD A. KESSLER'S COUNTERCLAIM

NextGear Capital, Inc. ("NextGear"), respectfully submits its Amended Answer to Edward Kessler's ("Kessler") Counterclaim, and states as follows:

1. Plaintiff, Counterclaim/Defendant, NextGear Capital, Inc. ("NextGear"), is a Delaware Corporation with its principal place of business located in Carmel, Indiana.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 1 of the Counterclaim.

2. Defendant/Counterclaimant, Edward Kessler ("Kessler"), is an individual who resides in Bethel Park, Pennsylvania and is a citizen of the state of Pennsylvania.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 2 of the Counterclaim.

3. Defendant, James Blackburn ("Blackburn"), upon information and belief, is a citizen of the state of Florida and resides in Fort Lauderdale, Florida.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 3 of the Counterclaim.

4. Blackburn and Kessler were members of Defendant, Premier Group Autos, LLC (PGA").

**ANSWER:** NextGear admits the allegations set forth in Paragraph 4 of the Counterclaim.

5. PGA was created for the business purpose of distributing high end, aftermarket, Land Rovers and Range Rovers utilizing the Overfinch brand.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 5 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 5 of the Counterclaim.

6. In early March 2019, Blackburn approached NextGear about trying to obtain a $1,000,000.00 line of credit for floor plan financing for use in the PGA business.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 6 of the Counterclaim.

7. NextGear did not extend the requested $1,000,000.00 line of credit to PGA, but NextGear did approve PGA for a floorplan financing line of credit in the amount of $500,000.00.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 7 of the Counterclaim.

8. In order to obtain the $500,000.00 floorplan financing line of credit from NextGear, PGA, Kessler and Blackburn were required to provide NextGear with a retainer in the amount of $100,000.00, in addition to signing certain loan documents, including a power of attorney document.

**ANSWER:** NextGear admits that certain documents were required to be executed in order to obtain the floorplan line of credit but denies the remaining allegations set forth in Paragraph 8 of the Counterclaim.

9. Specifically, the Power of Attorney document NextGear required Kessler and Blackburn to sign in order to obtain the $500,000.00 line of credit granted NextGear with certain rights, including the authority to execute documents, draw on the line of credit, settle claims, and contact third parties in PGA's name.

**ANSWER:** NextGear states that the Power of Attorney document and other document speaks for themselves. Otherwise, to the extent the allegations set forth in Paragraph 9 of the Counterclaim deviate from the express terms of the referenced document, NextGear denies the allegations set forth in Paragraph 9 of the Counterclaim.

10. Kessler was not comfortable in signing the Power of Attorney document and objected to signing the document as part of the NextGear floorplan financing, as well as providing a $100,000.00 retainer.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 10 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 10 of the Counterclaim.

11. After Kessler objected to executing the Power of Attorney document and providing NextGear with the authority to act as set forth in the Power of Attorney document, Blackburn came back to Kessler and informed Kessler that NextGear would provide a floorplan financing line of credit in the amount $150,000.00, which did not require the execution of the Power of Attorney document, nor payment of the $100,000.00 line of credit.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 11 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 11 of the Counterclaim.

12. Accordingly, Kessler agreed to allow PGA to enter into a transaction with NextGear that would be for a limited amount of floor plan financing of no more than $150,000.00, which did not require the execution of the Power of Attorney document.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 12 of the Counterclaim.

13. As such, on or about March 27, 2019, PGA entered into a Promissory Note with NextGear for floorplan financing for a credit line of no more than $150,000.00 (hereinafter "NextGear Note"). The NextGear Note was signed electronically by Kessler and Blackburn as members of PGA. The NextGear Note also included personal guarantees by both Kessler and Blackburn, which were also signed electronically by Kessler and Blackburn. A true and accurate copy of the NextGear Note, Security Agreement and Guaranty is attached as <u>Exhibit 1.</u>

**ANSWER:** NextGear denies the allegations of Paragraph 13 of the Counterclaim, and further states that the referenced documents speak for themselves.

14. Kessler received the NextGear Note, Security Agreement and Personal Guaranty electronically and signed the documents via electronic signature through an electronic signature program. The above-referenced Power of Attorney documents NextGear originally requested Kessler to sign were a part of the documents sent to Kessler for signature on March 26, 2019, but did not require electronic signature as Kessler was told that the Power of Attorney document was not required to be signed in order to obtain the $150,000.00 line of credit.

**ANSWER:** NextGear admits that Kessler signed the Demand Promissory Note and Loan and Security Agreement and his Guaranty through electronic means. NextGear further admits that a Power of Attorney document was sent to Kessler on or about March 26, 2019, but denies the remaining allegations set forth in Paragraph 14 of the Counterclaim.

15. After Kessler executed the NextGear Note on March 27, 2019, Kessler understood that PGA was then able to use the NextGear floorplan financing line of credit in the amount of $150,000.00.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 15 of the Counterclaim.

16. However, unbeknownst to Kessler, before NextGear would lend money under the NextGear Note and the $150,000.00 line of credit, NextGear still required Kessler and Blackburn to execute the Power of Attorney documents.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 16 of the Counterclaim.

17. On April 18, 2019, unbeknownst to Kessler and without Kessler's knowledge and/or consent, the Power of Attorney document (the "POA") was executed purportedly in Kessler's name. A true and accurate copy of the forged and fraudulently executed POA is attached to the Plaintiffs Complaint and is contained within Exhibit A to the Plaintiff's Complaint.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 17 of the Counterclaim.

18. According to the attestation of the Notary Public, Arturo Mayoral, Senior Account Executive with NextGear, Kessler allegedly signed the POA in front of Mr. Mayoral in Broward County, Florida.

**ANSWER:** NextGear admits that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral in Broward County, Florida.

19. However, Kessler did not sign the POA, and was not in Broward County, or even the state of Florida, on or around the date Kessler purportedly signed the POA.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 19 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 19 of the Counterclaim.

20. Kessler never signed the POA and never gave any person authority to sign the POA on behalf of Kessler.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 20 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 20 of the Counterclaim.

21. In fact, Blackburn, along with the assistance of NextGear and NextGear's Senior Account Executive, forged Kessler's signature on the POA, or caused Kessler's signature to be forged on the POA.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 21 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 21 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral in Broward County, Florida.

22. After NextGear obtained the forged and fraudulently obtained POA, unbeknownst to Kessler, Blackburn began flooring vehicles and drawing on the line of credit. Also, because NextGear now had the fraudulently obtained POA, NextGear and Blackburn increased the originally authorized line of credit from $150,000.00 to over $350,000.00, which, again, was done without Kessler's knowledge and/or consent.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 22 of the Counterclaim. NextGear further states that Premier Group Autos, LLC floored a vehicle with NextGear two days prior to Mr. Blackburn's execution of a Power of Attorney on behalf of Premier Group Autos, LLC.

23. Again, unknown to Kessler, Blackburn ultimately caused PGA to default under the NextGear Note, which caused NextGear to file the instant lawsuit against PGA, Kessler and Blackburn, wherein NextGear claims Kessler is responsible for $357,588.73.

**ANSWER:** NextGear admits that it seeks to recover an amount not less than $357,588.73, in addition to its attorney's fees and costs, from Kessler as a result of PGA's defaults and pursuant to Kessler's Guaranty, which Kessler does not deny executing, but otherwise denies the remaining allegations set forth in Paragraph 23 of the Counterclaim.

24. As a result of NextGear and Blackburn's fraudulent and unlawful conduct, Kessler has been damaged.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 24 of the Counterclaim.

**COUNT I—FORGERY**

25. Kessler repeats and incorporates by reference the allegations set forth in paragraphs 1 through 24 of his Counterclaim.

**ANSWER:** NextGear repeats and incorporates by reference its answers to Paragraphs 1 to 24 of the Counterclaim as if fully set forth herein.

26. Blackburn wrongfully and fraudulently signed Kessler's name and/or caused Kessler's signature to be forged to the subject POA so that Blackburn could obtain access to funds from NextGear.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 26 of the Counterclaim.

27. Kessler did not give authority to Blackburn to sign Kessler's name to the POA.

**ANSWER:** NextGear lacks information sufficient to enable it to admit or deny the allegations set forth in Paragraph 27 of the Counterclaim, and for that reason, denies the allegations set forth in Paragraph 27 of the Counterclaim.

28. In addition, in order for NextGear to obtain the business from PGA and enter into the lending relationship with PGA, NextGear's Senior Account Executive, Arturo Mayoral, acting as an agent/employee of NextGear, as well as a Florida Notary Public, aided and abetted Blackburn in forging Kessler's signature to the POA and/or causing Kessler's signature to be forged to the POA.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 28 of the Counterclaim.

29. NextGear employee, Arturo Mayoral, while serving as a Florida Notary Public, and while acting within the course and scope of his employment with NextGear, attested that Kessler appeared before Mayoral and executed the subject POA.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 29 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

30. However, contrary to Mayoral's attestation as a Florida Notary Public, Kessler did not, in fact, appear before Mayoral to execute the subject POA and Kessler has never signed the subject POA.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 30 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

31. Mayoral's statements in the POA, as well as the false and fraudulent statements as a Notary Public, were false when made and were made with intent to defraud Kessler and to satisfy NextGear's lending requirements so that NextGear and Mayoral could obtain the business from PGA and enter into the lending relationship.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 31 of the Counterclaim.

32. Mayoral's false and fraudulent statements in the POA were made within the course and scope of Mayoral's employment with NextGear.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 32 of the Counterclaim.

33. Mayoral and NextGear's actions and assistance in making and possessing the forged and false POA constitutes forgery under IND. CODE § 35-43-5-2(d).

**ANSWER:** NextGear denies the allegations set forth in Paragraph 33 of the Counterclaim.

34. In addition, NextGear is liable to Kessler for damages as a result of NextGear's concerted action in conspiring with Blackburn to forge the POA and falsely obtain Kessler's signature.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 34 of the Counterclaim.

35. As a result of NextGear's actions, Kessler has suffered damages.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 35 of the Counterclaim.

36. Under Indiana's Crime Victim Relief Act, NextGear is liable to Kessler for compensatory damages, treble damages and attorney's fees.

**ANSWER:** NextGear states that Paragraph 36 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 36 of the Counterclaim.

## COUNT II-DECEPTION

37. Kessler repeats and incorporates by reference the allegations set forth in paragraphs 1 through 36 of his Counterclaim.

**ANSWER:** NextGear repeats and incorporates by reference its answers to Paragraphs 1 to 36 of the Counterclaim as if fully set forth herein.

38. NextGear employee, Arturo Mayoral, while serving as a Florida Notary Public, and while acting within the course and scope of his employment with NextGear, attested and swore on the POA document that Kessler appeared before Mayoral and executed the subject POA.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 38 of the Complaint. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

39. However, contrary to Mayoral's attestation as a Florida Notary Public, Kessler did not, in fact, appear before Mayoral to execute the subject POA and Kessler has never signed the subject POA.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 39 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

40. Mayoral's statements in the POA, as well as the false and fraudulent statements as a Notary Public, were false when made and were made with intent to defraud Kessler and to satisfy NextGear's lending requirements so that NextGear and Mayoral could obtain the business from PGA and enter into the lending relationship.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 40 of the Counterclaim.

41. Mayoral's false and fraudulent statements in the POA were made within the course and scope of Mayoral's employment with NextGear.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 41 of the Counterclaim.

42. Mayoral and NextGear's actions in knowingly and intentionally making the false and misleading statements in the POA were done with the intent to obtain the business from PGA and to secure the lending relationship with PGA so that NextGear could benefit from the lending relationship.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 42 of the Counterclaim.

43. As a result of NextGear's actions, NextGear and Mayoral have committed the crime of deception (IND. CODE § 35-43-5-3).

**ANSWER:** NextGear states that Paragraph 43 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 43 of the Counterclaim.

44. Kessler has been damaged by NextGear's unlawful conduct.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 44 of the Counterclaim.

45. In addition, NextGear is liable to Kessler for damages as a result of NextGear's concerted action in conspiring with Blackburn to forge the POA and in assisting Blackburn in knowingly and intentionally making false or misleading statements in the POA.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 45 of the Counterclaim.

46. Under Indiana's Crime Victim Act, NextGear is liable to Kessler for compensatory damages, treble damages and attorney's fees.

**ANSWER:** NextGear states that Paragraph 46 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 46 of the Counterclaim.

**COUNT III—VIOLATION OF FLORIDA STATUTE §117.05**

47. Kessler repeats and incorporates by reference the allegations set forth in paragraphs 1 through 46 of his Counterclaim.

**ANSWER:** NextGear repeats and incorporates by reference its answers to Paragraphs 1 to 46 of the Counterclaim as if fully set forth herein.

48. At all times relevant hereto, NextGear employee, Arturo Mayoral ("Mayoral"), served as a Senior Account Executive for NextGear.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 48 of the Counterclaim.

49. Mayoral also serves as a Florida Notary Public.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 49 of the Counterclaim.

50. As Mayoral is a Florida Notary Public, Mayoral's actions, conduct and duties while serving as a Florida Notary Public are governed by the Florida statutory code regarding Notaries Public.

**ANSWER:** NextGear states that Paragraph 50 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 50 of the Counterclaim.

51. Specifically, Florida Statute § 117.05 sets forth the standards and requirements for Florida Notaries Public and the requirements Mayoral must comply with when serving as a Florida Notary Public.

**ANSWER:** NextGear states that Paragraph 51 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 51 of the Counterclaim.

52. In accordance with Florida Statute §117.05(5), when Mayoral notarizes a document, while acting as a Florida Notary Public and within the course and scope of his employment with NextGear, Mayoral "…may not notarize a signature on a document unless he or she personally knows, or has satisfactory evidence, that the person whose signature is to be notarized is the individual who is described in and who is executing the instrument."

13

**ANSWER:** NextGear states that Paragraph 52 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, NextGear denies the allegations set forth in Paragraph 52 of the Counterclaim.

53. However, contrary to Mayoral's duties and obligations, as set forth in Florida Statute §117.05, Mayoral wrongfully attested that Kessler appeared before Mayoral and signed the subject POA.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 53 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

54. Contrary to Mayoral's attestation as a Florida Notary Public, Kessler did not, in fact, appear before Mayoral to execute the subject POA and Kessler has never signed the subject POA.

**ANSWER:** NextGear admits the allegations set forth in Paragraph 54 of the Counterclaim. NextGear further states that someone resembling and purporting to be Mr. Kessler executed a Power of Attorney in front of Arturo Mayoral.

55. Mayoral's statements in the POA, while serving as a Florida Notary Public, and while acting within the course and scope of his employment with NextGear, were false when made and were made with the intent to secure the lending relationship with PGA.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 55 of the Counterclaim.

56. Mayoral's false and fraudulent statements in the POA were made within the course and scope of Mayoral's employment with NextGear.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 56 of the Counterclaim.

57. Because Mayoral's misconduct occurred while he was acting within the course and scope of his employment with NextGear, and in furtherance of NextGear's business, NextGear is liable to Kessler for all damages caused by Mayoral's misconduct in accordance with Florida Statute §117.05(e).

**ANSWER:** NextGear denies the allegations set forth in Paragraph 57 of the Counterclaim.

58. As a result of NextGear and Mayoral's wrongful conduct, Kessler has suffered damages.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 58 of the Counterclaim.

## COUNT IV—DECLARATORY JUDGMENT

59. Kessler repeats and incorporates by reference the allegations set forth in paragraphs 1 through 58 of his Counterclaim.

**ANSWER:** NextGear repeats and incorporates by reference its answers to Paragraphs 1 to 58 of the Counterclaim as if fully set forth herein.

60. A true and justiciable controversy exists regarding Kessler's liability under the NextGear Note as a result of the fraud and forgery committed by Blackburn and NextGear.

**ANSWER:** NextGear denies the allegations of Paragraph 60 of the Counterclaim.

61. Kessler seeks a judicial declaration from the Court that he is not responsible and/or liable for the alleged breach of the NextGear Note as NextGear and/or Blackburn forged Kessler's name and/or signature to the subject POA, which document was required by NextGear to lend any money under the NextGear Note and to increase the amount of the line of credit under the NextGear Note.

**ANSWER:** NextGear denies the allegations of Paragraph 61 of the Counterclaim.

62. As a result of the fraud and forgery surrounding the entire transaction and the NextGear Note, Kessler should not be held liable for any amounts due and owing under the NextGear Note due to the forgery and fraud (as described herein) surrounding the execution of the "Loan Documents," as that term is described in the NextGear Note.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 62 of the Counterclaim.

### COUNT V – INDEMNIFICATION

63. Kessler repeats and incorporates by reference the allegations set forth in paragraphs 1 through 62 of his Counterclaim.

**ANSWER:** NextGear repeats and incorporates by reference its answers to Paragraphs 1 to 62 of the Counterclaim as if fully set forth herein.

64. As a result of Blackburn, Mayoral and NextGear's misconduct and wrongful actions in forging the subject POA, NextGear is seeking to recover alleged damages from Kessler for amounts that were never authorized and/or approved by Kessler, but were only possible to have been allegedly incurred by PGA through the false and fraudulent POA.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 64 of the Counterclaim.

65. Accordingly, Kessler is entitled to indemnification from NextGear for any claims/damages NextGear has pursued against Kessler in the above-referenced litigation.

**ANSWER:** NextGear denies the allegations set forth in Paragraph 65 of the Counterclaim.

**DEFENSES**

NextGear incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing Kessler's burden on any of the claims in the Counterclaim, NextGear states the following defenses to the claims in the Counterclaim. NextGear reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery.

1. Kessler's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Kessler's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, equitable estoppel, release, and laches.

3. Kessler's claims are barred, in whole or in part, by his failure to mitigate his alleged damages.

4. NextGear Capital owes no duty to Kessler which would allow recovery of damages for the injuries, if any, alleged in the Counterclaim.

5. NextGear Capital did not breach its duties, if any, owed to Kessler by operation of law or contract.

6. Neither NextGear Capital nor its agents caused, or proximately caused, the damages, if any, that Kessler claims to have incurred.

7. The harm suffered by Kessler, if any, was not caused by NextGear Capital's conduct.

8. The damages alleged by Kessler, if any, were caused in whole or in part by his own actions or inactions.

9.  NextGear Capital has fulfilled its obligations in good faith, with due care, and in accordance with applicable laws.

10. The claims of Kessler are barred by the coverage, terms, conditions, authorizations, exclusions, and other conditions and definitions contained in any applicable contracts and/or agreements.

11. The claims of Kessler are barred by his own failure to comply with the terms and conditions of any applicable contracts and/or agreements.

12. The equitable claims of Kessler are barred by the doctrine of unclean hands.

13. Several of the allegations made by Kessler are false, frivolous, and otherwise without any basis in law or fact.

## RELIEF REQUESTED

NextGear respectfully requests that the Court enter judgment in favor of NextGear, that Kessler take nothing by way of his Counterclaim, that Kessler's claims be dismissed with prejudice in their entirety, that NextGear be awarded its attorneys' fees and costs, as applicable, and that the Court award NextGear all other relief at law or in equity that the Court deems appropriate.

Dated: January 10, 2022              Respectfully submitted,

/s/ Brian S. Jones
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

## CERTIFICATE OF SERVICE

    I certify that on January 10, 2022, a true and correct copy of the above and foregoing was served on all counsel of record through CM/ECF.

                                                    /s/ Brian S. Jones  
                                                    BRIAN S. JONES

4260377