UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-cv-00354-TWP-DLP |
| PREMIER GROUP AUTOS, LLC, *et al.*, | ) |
| Defendants. | ) |
| | ) |
| JAMES M BLACKBURN, *et al.*, | ) |
| Counter Claimants, | ) |
| v. | ) |
| NEXTGEAR CAPITAL, INC., *et al.*, | ) |
| Counter Defendants. | ) |

**ORDER ON REQUEST FOR ATTORNEY'S FEES**

On October 26, 2021, the Court determined that reasonable attorney's fees were appropriate to compensate Plaintiff for bringing its motion to compel after Defendants Premier and Blackburn's failure to timely respond to discovery. (Dkt. 85). The Court directed Plaintiff's counsel to file a statement, along with substantiation, of attorney fees incurred in preparing the motion to compel and advised that the court would make an award of reasonable attorney fees following review of Plaintiff's submission. (Id. at 4).

1

On November 9, 2021, Plaintiff filed its Statement Supporting Attorney's Fees Request, asserting that it incurred $2,021.00 in attorney fees in preparing and filing the motion to compel. (Dkt. 96 at 1). Specifically, Plaintiff's counsel, Brian Jones, declares that he worked 4.7 hours, at an hourly rate of $430, on the motion to compel. (Dkt. 96-1 at 2-3).

## Discussion

Under Rule 37(a)(5), the Court's fee award is for work "incurred in making the [discovery] motion." A reasonable fee for that work is determined by multiplying (1) a reasonable rate by (2) the number of hours reasonably expended. *E.g., Mathur v. Board of Trustees*, 317 F.3d 738, 742 (7th Cir. 2003).

A reasonable hourly rate presumptively is the rate an attorney actually bills to, and receives from, paying clients. *Mathur*, 317 F.3d at 744. As indicated in Mr. Jones's supporting documentation, Mr. Jones is a partner with Bose McKinney & Evans LLP, with nearly twenty years of legal experience; he and his firm have an established relationship with Plaintiff; and Plaintiff is billed $430 per hour for Mr. Jones's work. (Dkt. 96-1). Because the requested rate is a tested market rate, the Court finds the $430 hourly rate reasonable for purposes of deciding the fee award.

The next inquiry is whether the number of hours expended is reasonable. *Mathur*, 317 F.3d at 742. District courts have exceptional discretion to determine whether the time an attorney spends on a motion to compel is reasonable. *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). In making this determination, courts should exclude hours that are "excessive, redundant, or

otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). After reviewing Mr. Jones's declaration as well as the billing statement, the Court finds the 4.4 hours spent drafting the motion to compel and the 0.3 hours spent corresponding with Plaintiff regarding the motion to compel to be reasonable. This Court has previously found fees reasonable where the amount requested allowed for roughly one page of briefing per hour of work alleged. *See FinishMaster, Inc. v. GMP Cars Collision Fairfield, LLC*, No. 1:20-cv-00299-RLY-MJD, 2020 WL 4473001, at *2 (S.D. Ind. Aug. 3, 2020) (citing *Slaubaugh v. State Farm Fire & Cas. Co.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014). Here, Plaintiff has requested fees for 4.7 hours for briefing that spans 4 pages and includes a redacted billing statement. (Dkt. 96; Dkt. 96-1). Accordingly, the Court finds that Plaintiff's $2,021 fee request is reasonable.

Federal Rule of Civil Procedure 37(a)(5)(A) provides in relevant part that the Court may "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "When a party's attorney is at fault for a discovery violation, the appropriate remedy is to shift costs to the party's counsel." *Thompson v. Fajerstein*, No. 08-cv-3240, 2010 WL 4628515, at *1 (N.D. Ill. Nov. 8, 2010). In the response to Plaintiff's motion to compel, counsel for Premier and Blackburn states that he "accepts responsibility for the delay." (Dkt. 81 at 1). In that light, the Court finds that it is proper for the Court to award the fees against Mr. Rocap, rather than his clients.

## Conclusion

For the foregoing reasons, Defendants Premier and Blackburn's counsel, Mr. Rocap, is ordered to pay Plaintiff $2,021 for attorney fees incurred in making the motion to compel within 30 days of this Order. Plaintiff's counsel shall provide Mr. Rocap with the appropriate information for remitting payment to Plaintiff.

So ORDERED.

Date: 1/24/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email