# Exhibit "P"

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.** *Plaintiff*, v. **PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,** *Defendants*. | CASE NO. 1:20-cv-00354-TWP-DLP |

### NEXTGEAR CAPITAL, INC.'S SECOND AMENDED OBJECTIONS AND RESPONSES TO EDWARD A. KESSLER'S FIRST INTERROGATORIES

NextGear Capital, Inc. ("NextGear"), respectfully submits its Second Amended Objections and Responses to Edward A. Kessler's ("Kessler") First Interrogatories, which replace in their entirety NextGear's prior objections and responses, and states:

### GENERAL OBJECTIONS

NextGear generally objects to Kessler's Interrogatories and their accompanying instructions and definitions on the following grounds, each of which are expressly incorporated by reference into each of the answers below:

**A. Obligations Beyond the Rules**. NextGear objects to the Interrogatories and their accompanying instructions and definitions to the extent they purport to impose requirements in addition to or beyond those contained in the Rules. NextGear will respond to Kessler's discovery requests in accordance with the Rules, and NextGear rejects anything to the contrary contained in Kessler's discovery requests.

**B. Discovery Is Incomplete and Ongoing.** Discovery is ongoing in this litigation, and NextGear reserves the right to modify or amend its responses based on subsequent discovery or investigation in this litigation.

**C. Privilege.** NextGear objects to the Interrogatories and their accompanying instructions and definitions to the extent they purport to seek information that is protected by the attorney-client privilege, or any other legally recognized privilege, including information, materials, or documents that contain or reflect confidential communications between or among NextGear and its attorneys or that are otherwise privileged. Accordingly, unless otherwise indicated, NextGear's answers exclude from their scope all privileged information. Inadvertent disclosure of privileged information by NextGear is not a waiver of any applicable privilege. NextGear further objects to the extent any part of any Request seeks sensitive or confidential corporate information not related to the subject matter of this lawsuit.

**D. Work Product.** NextGear objects to each Interrogatory and the accompanying instructions and definitions to the extent they seek information, materials, or documents protected by the work-product doctrine, including such information, materials, or documents that were prepared in anticipation of litigation by or for NextGear or its representatives, or that contain or reflect the work product, mental impressions, conclusions, opinions, or legal theories of an attorney or representative of NextGear concerning this litigation.

**E. Trial Preparation Materials.** NextGear objects to each Interrogatory and the accompanying instructions and definitions to the extent that it seeks to discover information that was acquired or developed in anticipation of litigation.

**F. Unduly Burdensome or Facts Known By Others**. NextGear objects to each Interrogatory and the accompanying instructions and definitions to the extent it is intended to impose upon NextGear an obligation to provide or describe facts and events beyond the personal knowledge of NextGear and within the knowledge of other parties. NextGear should not bear the unnecessary and duplicative burden of investigating such matters when Kessler has received or may receive discovery on such matters from the party or parties directly involved.

**G. Unduly Burdensome and Immaterial or Lack of Time References**. NextGear objects to each Interrogatory and the accompanying instructions and definitions to the extent it includes no time references and purports to require NextGear to provide information concerning an unlimited period of time.

**H. Other Objections**. In answering any Interrogatory, NextGear does not waive or intend to waive:

(1)  objections as to competency, relevancy, materiality, or admissibility;

(2)  rights to object on any grounds to the use of any responses herein in any subsequent proceedings, including the trial of this or any other actions;

(3)  objections as to vagueness or ambiguity; and

(4)  rights to object further to this or any other requests in this proceeding.

In providing answers to Kessler's Interrogatories, NextGear does not stipulate, concede, or otherwise admit that the subject matter of the Interrogatory or of the Answers is relevant, material, or admissible. All objections to the introduction of Kessler's Interrogatories and/or NextGear's Answers are expressly preserved and may be interposed at any time at or before trial.

Subject to the foregoing general objections, and without waiving them, NextGear's specific objections and Answers are set forth below.

## ANSWERS TO INTERROGATORIES

1. Identify all individuals who have assisted in answering these Interrogatories, the Requests for Admission and the Requests for Production served on Defendant in this case.

**ANSWER:** Andrew Ramey, Manager of Lending Services for NextGear Capital, Inc. Arturo Mayoral, Sr. Client Solutions Executive for NextGear Capital, Inc.

2. Identify all persons/individuals who have knowledge with respect to any of the allegations in Plaintiff's Complaint and/or the defenses/denials asserted in Plaintiff's Answer to the Counterclaim; and state what knowledge each person/individual has and/or claims to have.

**ANSWER:** NextGear objects to this Interrogatory as overly broad and unduly burdensome because it seeks identification of "all persons/individuals" with knowledge concerning "any" of the allegations in NextGear's Complaint without limitation as to time, location, subject, or information within NextGear's care, custody, or control. NextGear further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege.

Subject to and without waiver of the foregoing objections, NextGear states that the witnesses identified in its Disclosures and Witness and Exhibit Lists (and any supplements thereto) represent NextGear's best knowledge regarding persons that may have knowledge pertaining to the allegations in NextGear's Complaint.

3. Identify all individuals you plan to call as a witness in the trial of this matter and describe in detail the nature of the testimony of each such person/individual You plan to call as a witness.

**ANSWER:** NextGear objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and work-product doctrine.

Subject to and without waiver of the foregoing objections, while NextGear has not yet finalized any decisions about which witnesses it will call for trial, NextGear states that the witnesses identified in its Disclosures and Witness and Exhibit Lists (and any supplements thereto) are those that NextGear may call as a witness for trial, whether in person or through a deposition.

4. Describe in detail the circumstances surrounding the signing of the Power of Attorney documents which were signed by Blackburn and purportedly by Kessler. As part of your answer, state in detail the reason why the Power of Attorney documents were required to be signed, identify who was present at the signing of the Power of Attorney documents, the location of the signing and all discussions had between Blackburn and Arturo Mayoral before, during and after the signing of the Power of Attorney documents.

**ANSWER:** NextGear objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous. The interrogatory is overly broad and unduly burdensome because it seeks description of "the circumstances surrounding the signing of the Power of Attorney documents" without limitation as to time, location, subject, or information within NextGear's care, custody, or control. The interrogatory is vague and ambiguous because the term "circumstances surrounding the signing of the Power of

5

Attorney documents" is undefined and provides no basis for NextGear to determine what information constitutes a "circumstance" or not.

Subject to and without waiver of the foregoing objections, NextGear states that on April 18, 2019, Mr. Blackburn signed a Power of Attorney on behalf of Premier Group Autos, LLC ("Borrower"). Mr. Blackburn was within the presence of Arturo Mayoral at 1500 Cordova Rd Suite 206, Fort Lauderdale, Florida 33316 at the time the Power of Attorney document was signed. Following investigation and discovery, NextGear has determined that Mr. Kessler most likely did not sign a Power of Attorney in the presence of Mr. Mayoral. NextGear is not seeking any relief based on any Power of Attorney document pertaining to Mr. Kessler.

5. Identify all lending transactions for the past five (5) years in which You did not require a power of attorney document to be signed by the Borrower as part of the lending process and/or overall lending transaction and identify all documents that relate to and/or refer to each such lending transaction identified.

**ANSWER:** NextGear objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous, not relevant to any party's claim or defense, and not proportional to the needs of the case. Specifically, the interrogatory would require NextGear to engage in a manual search of hundreds of transactions on an issue that is not relevant to any dispute between the parties, and the burden and expense of such a search grossly outweighs any benefit for this case. NextGear further objects to the interrogatory as overly broad, unduly burdensome, and calling for the protected and confidential financial information of third persons not involved in this case because it seeks "all documents" that relate to any lending transactions responsive to the

6

interrogatory—information that is wholly unrelated to any issue between Kessler and NextGear.

6. With respect to the subject Demand Promissory Note and Loan and Security Agreement with PGA, describe in detail why You required the subject Power of Attorney documents to be signed by Kessler and Blackburn. As part of your answer, also provide the following information: (a) state with particularity when You required the Power of Attorney documents to be signed by Kessler and/or Blackburn; (b) identify and describe in detail all communications had with Blackburn regarding the signing of the subject Power of Attorney documents; (c) state whether You required the Power of Attorney documents to be signed prior to You lending any money to PGA; and (d) identify all documents that relate to and/or refer to the execution of the Power of Attorney documents and/or communications had surrounding the execution of the Power of Attorney documents.

**ANSWER:** NextGear objects to this interrogatory as overly broad, unduly burdensome, and vague and ambiguous in that it seeks information about "all communications had with Blackburn" and identification of "all documents that related to and/or refer to the execution of the Power of Attorney documents and/or communications had surrounding the execution of the Power of Attorney documents" without limitation as to time, scope, and whether the information sought is within NextGear's care, custody, or control. NextGear further objects to the interrogatory as requesting information protected by the attorney-client privilege and work-product doctrine.

Subject to and without waiver of the foregoing objections, NextGear states that it required the execution of a Power of Attorney by Borrower as part of its ordinary, customary, and regular business practices, primarily in order to allow NextGear to process titles on Borrower's behalf as needed, in order to prevent unnecessary delays in Borrower's business flow. NextGear informed Mr. Blackburn that a Power of Attorney needed to be executed by Borrower as part of NextGear's ordinary, customary, and regular business practices. NextGear did not require the execution of a Power of Attorney prior to lending money to Premier Group Autos, LLC, and, in fact, Borrower floored a vehicle with NextGear on April 16, 2019, two days before Mr. Blackburn executed a Power of Attorney for Borrower. Documents pertaining to the Power of Attorney form executed by Borrower have been produced as part of NextGear's responses to Kessler's Requests for Production, subject to NextGear's objections therein.

7. Identify and describe in detail the compensation structure and/or compensation package for Arturo Mayoral for the years 2018, 2019 and 2020 and state whether the signing of new loans and/or new loan agreements for customers in any way impacts Mayoral's compensation, and if so, to what extent. As part of your answer also identify any and all documents that relate to and/or refer to Arturo Mayoral's compensation for the years 2018, 2019 and 2020.

**ANSWER:** NextGear objects to this Interrogatory as calling for the personal and confidential financial information of a third party. NextGear further objects to this request as overly broad, unduly burdensome, calling for information not relevant to any party's claim or defense, and not proportional to the needs of the case.

Subject to and without waiver of these objections, and pursuant to the Court's July 13, 2021 order, NextGear directs Defendant to documents already produced by NextGear.

8. Describe in detail why You did not require the Power of Attorney documents to be electronically signed by Kessler when you originally sent the Loan Documents (as that term is defined in the Note) to Kessler via DocuSign for Kessler's electronic signature.

**ANSWER:** NextGear states that Indiana law, which governs the terms of the Note, required that all Powers of Attorney must be notarized in order to be effective. Therefore, a physical signature from Borrower was required and was obtained on April 18, 2019, when Mr. Blackburn executed a Power of Attorney for Borrower. NextGear is not seeking any relief based on any Power of Attorney document pertaining to Mr. Kessler.

9. For each of the accompanying Requests for Admission (served simultaneously with these Interrogatories) which you do not admit without qualification, please state with specificity and in detail how the fact or facts which you are requested to admit are not true and state what you contend the true facts are. Please identify by name, address, employer, telephone number, and relationship to you, if any, each and every witness that you contend can or will so testify, and describe each and every document which you believe refutes the fact or facts which you have been requested to admit.

If you give lack of information or knowledge as a reason for failing to admit or deny a Request, please describe all efforts made by you or your attorney or insurance company

9

to obtain the necessary information to permit you to admit or deny the Request, and which you contend constitutes "reasonable inquiry" within the meaning of Rule 36 of the Indiana Rules of Trial Procedure. Also, with respect to each of the above Requests for Admission that you contend you can neither admit nor deny, please state separately whether you presently know of any facts or any person who knows of any facts that tend to prove that the matters set forth in such Request for Admission are not true. For each Request for Admission with respect to which you claim to have such facts or know of any such person, please do the following:

(a) State in detail all facts which you contend tend to disprove the truth of the Request for Admission;

(b) Identify by name, address and telephone number, and relationship to you, if any, each and every person who you contend can or will testify that the Request for Admission is not true; and

(c) Identify and describe each and every document or item of tangible evidence that you contend will prove that the Request for Admission is not true and identify the present custodian of each and every document by name, address and telephone number and relationship to you, if any.

**ANSWER:** Request for Admission 3 was denied because NextGear was willing to lend money and did, in fact, lend money to Borrower on April 16, 2019, when Borrower floored a vehicle with NextGear two days prior to the execution of any Power of Attorney by Borrower. Request for Admission 4 was denied because the exhibit attached to Kessler's counterclaim differs from Exhibit "A" to NextGear's Complaint. NextGear states that Exhibit "A" to its Complaint contains the true and accurate copy of all documents sent to Mr. Kessler for electronic signature.

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing statements are true and accurate to the best of my knowledge, information, and belief.

NEXTGEAR CAPITAL, INC.

BY: *[signature]*
PRINTED: Andrew Ramey
TITLE: Manager of Lending Services

AS TO OBJECTIONS:

Dated: November 18, 2021

Respectfully submitted,

_/s/ Brian S. Jones_
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

## CERTIFICATE OF SERVICE

I certify that on November 18, 2021, a true and correct copy of the above and foregoing was served via email on all counsel of record.

*[signature]*

BRIAN S. JONES

4259104