IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **NEXTGEAR CAPITAL, INC.**  *Plaintiff*,  v.  **PREMIER GROUP AUTOS, LLC, JAMES M. BLACKBURN, and EDWARD A. KESSLER,**  *Defendants.* | CASE NO. 1:20-cv-00354-TWP-DLP |

### NEXTGEAR CAPITAL INC.'S RESPONSES TO EDWARD A. KESSLER'S FIRST REQUEST FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("FRCP"), NextGear Capital Inc. ("NextGear"), Plaintiff, for its Responses to Defendant, Edward A. Kessler's, First Requests for Admission states:

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. The following responses are based on information available as of the date of these responses. Further discovery, independent investigation, and analysis may lead to the discovery of additional information and documents, supply additional facts, and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from the information in these responses.

2. In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, NextGear objects to each Request to the extent that it seeks to elicit information subject to and protected by the attorney-client


EXHIBIT H

privilege, the attorney work-product doctrine, or other applicable privilege or discovery exemption. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or doctrine.

3. NextGear objects to these Requests, and to each and every individual request contained in these Requests, to the extent that they call for information not within the possession, custody, or control of NextGear. The responses given here are based upon information reasonably available to NextGear and documents within NextGear's possession, custody, and control.

4. These responses are made solely for the purpose of discovery in this action.

5. Nothing in these responses is intended to waive the following objections, which are expressly reserved: all objections as to competency, relevancy, authenticity, propriety, materiality, and admissibility of the subject matter of the discovery requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these discovery requests; all objections on any ground to any request for further responses to these or other discovery requests; and any and all other objections and grounds which would or could require or permit the exclusion of any document, or statement in such document, from evidence—all of which objections and grounds are reserved and may be interposed at the time of trial.

## RESPONSES TO REQUESTS FOR ADMISSION

1. Admit that the Power of Attorney document purportedly signed by Edward Kessler, which is contained within Exhibit A to Your Complaint, was not signed by Edward Kessler.

    **RESPONSE:** Denied.

2. Admit that Edward Kessler did not appear before Arturo Mayoral and sign the Power of Attorney document, which Power of Attorney document is contained within Exhibit A to your Complaint.

    **RESPONSE:** Denied.

3. Admit that Plaintiff would not lend any money to PGA until Kessler and Blackburn signed the Power of Attorney documents.

    **RESPONSE:** Denied.

4. Admit that the NextGear Note, which is attached to Kessler's Counterclaim, is a true and accurate copy of the documents sent by Plaintiff to Kessler for electronic signature.

    **RESPONSE:** Denied. A true and accurate copy of the Demand Promissory Note and Loan and Security Agreement is attached to NextGear's Complaint as Exhibit "A," a true and correct copy of the Blackburn Guaranty is attached to NextGear's Complaint as Exhibit "B," and a true and correct copy of the Kessler Guaranty is attached to NextGear's Complaint as Exhibit "C."

5. Admit that Kessler has never signed the specific Power of Attorney document, which is attached to your Complaint and contained within Exhibit A of the Complaint.

**RESPONSE:** Denied.

Dated: April 21, 2021                    Respectfully submitted,

/s/ Brian S. Jones
DAVID J. JURKIEWICZ
Attorney No. 18018-53
BRIAN S. JONES
Attorney No. 29578-49
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
djurkiewicz@boselaw.com
b.jones@boselaw.com

**ATTORNEYS FOR NEXTGEAR CAPITAL, INC.**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2021, a true and correct copy of the above and foregoing was served via email on all counsel of record.

/s/ Brian S. Jones
BRIAN S. JONES

4094967