# EXHIBIT "1"

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF INDIANA
                  INDIANAPOLIS DIVISION


NEXTGEAR CAPITAL, INC.,         )
                                )
          Plaintiff,            )
                                )
     -v-                        ) CAUSE NO.
                                ) 1:20-cv-00354-TWP-DLP
PREMIER GROUP AUTOS, LLC,       )
JAMES M. BLACKBURN, AND         )
EDWARD A. KESSLER,              )
                                )
          Defendants.           )
```

        The deposition upon oral examination of
EDWARD A. KESSLER, a witness produced and sworn before
me, Elizabeth T. Lindner, RPR, Notary Public in and
for the County of Marion, State of Indiana, taken on
behalf of the Plaintiff at the offices of Bose
McKinney & Evans, 111 Monument Circle, Suite 2700,
Indianapolis, Indiana, on October 29, 2021, at
10:04 a.m., pursuant to all applicable rules.

              STEWART RICHARDSON & ASSOCIATES
              Registered Professional Reporters
                      (800)869-0873

```
 1                    APPEARANCES

 2   FOR THE PLAINTIFF:

 3        Brian S. Jones, Esq.
          David J. Jurkiewicz, Esq.
 4        BOSE MCKINNEY & EVANS, LLP
          111 Monument Circle
 5        Suite 2700
          Indianapolis, IN  46204
 6        b.jones@boselaw.com
          djurkiewicz@boselaw.com
 7

 8   FOR THE DEFENDANT:
     Edward A. Kessler
 9
          Jason Delk, Esq.
10        Austin Sparks, Esq.
          DELK MCNALLY, LLP
11        211 South Walnut Street
          Muncie, IN  47305
12        delk@delkmcnally.com
          sparks@delkmcnally.com
13

14   FOR THE DEFENDANTS:
     Premier Group Autos, LLC, and James M. Blackburn
15
          Richard A. Rocap, Esq.
16        ROCAP LAW FIRM, LLC
          10293 North Meridian Street
17        Suite 175
          Indianapolis, IN  46290
18        rar@rocap-law.com

19

20

21

22

23

24

25
```

1          THE REPORTER:  My name is Elizabeth Lindner,
2     an associate of Stewart Richardson Deposition
3     Services, located in Indianapolis, Indiana.
4     Today's date is October 29, 2021.  The time is
5     10:04 a.m.  This deposition is being held at the
6     offices of Bose McKinney & Evans, located in
7     Indianapolis, Indiana.  The deponent's name is
8     Edward A. Kessler.
9          Will counsel please identify yourselves and
10    any persons present with you for the record.
11         MR. JONES:  Brian Jones on behalf of NextGear,
12    and I've got David Jurkiewicz here as well.
13         MR. ROCAP:  Richard Rocap here for
14    Mr. Blackburn and Premier Auto.
15         MR. DELK:  Jason Delk on behalf of Edward
16    Kessler, along with my associate, Austin Sparks.
17                   EDWARD A. KESSLER,
18 having been first duly sworn or affirmed to tell the
19 truth, the whole truth, and nothing but the truth,
20 was examined and testified as follows:
21 DIRECT EXAMINATION
22 BY MR. JONES:
23 Q  Sir, state your full name for the record, please.
24 A  Edward Anthony Kessler.
25 Q  Thank you, Mr. Kessler.  My name is Brian Jones.  I

```
 1      going to mark as -- I think we are up to --
 2           THE REPORTER:  33.
 3           MR. JONES:  -- 33.
 4           Can we take a quick break?
 5           THE REPORTER:  It is 1:51 p.m.
 6           (Exhibit 33 marked.)
 7           (A brief recess was taken.)
 8           THE REPORTER:  It is 1:56 p.m.
 9  BY MR. JONES:
10  Q  After a brief break, Mr. Kessler, I've handed you
11     what I've marked Exhibit 33, and ask you if you've
12     seen this email before.
13  A  Yes, this was the email that I was mentioning that
14     I emailed my lawyer friend down in Florida.
15  Q  Okay.  Was this something you did prior to
16     executing the NextGear agreement?
17  A  Yes.  March 26, yes.
18  Q  So I take it you forwarded it to him, and he wrote
19     this back to you; is that right?
20  A  Yeah.
21  Q  And the things he tells you about the agreement,
22     the first point says, "I didn't go over all the
23     documents, but here's a quick summary."  And point
24     1 is, and grants NextGear a security interest in
25     all of borrower's assets and properties, and it
```

```
 1       says that's as to Premier Group Autos, LLC; is that
 2       right?
 3  A    Yes.
 4  Q    Point 2 is the personal guarantee.  You are
 5       personally guaranteeing the loan if the company
 6       can't pay and/or defaults.  Do you see that?
 7  A    Yes.
 8  Q    When you received this email, what did you
 9       understand that to mean?
10            MR. DELK:  Other than what it says?
11  A    Other than -- yeah.
12  Q    Let me ask it this way.  Did you understand that to
13       mean anything other than what it says?
14  A    I understood what it states right there, yes.
15  Q    And then point 3 regarding the power of attorney,
16       you list three issues there, A, B, and C, and he
17       bolded, "Sell any of the collateral, e.g., all of
18       Borrower's assets and properties."
19            What concerns did you have in response to
20       seeing that from your lawyer?
21  A    I mean, the main thing was, like giving your client
22       the power of attorney, which will allow them to do
23       pretty much anything.  Like, that's mainly what I
24       was concerned with.
25  Q    Okay.
```

1  A  And I -- Blackburn was 100 percent aware that this
2     NextGear agreement would not have gone through if
3     that power of attorney needed to be signed.
4  Q  And at this point, March 26, 2019, your lawyer is
5     telling you that what is seen the documents, he is
6     saying you are giving the power of attorney; right?
7            MR. DELK:  Objection, misstates the document.
8     The document speaks for itself.
9  A  Yeah, it says you are giving the power of attorney
10    to NextGear.
11 Q  And there's nothing in here about the power of
12    attorney being optional; right?
13           MR. DELK:  Objection to form.
14 A  The power of attorney was included in the
15    documents.  It just didn't need -- like, so the
16    agreement that was sent to them, he sees just PDFs.
17 Q  Right.
18 A  Not so much a DocuSign, per se.  So he sees a power
19    of attorney that's included in the documents, which
20    is part of the agreement.  So how I'm looking at it
21    is, if that power of attorney needed to be signed,
22    then the whole agreement is voided.  You can't pick
23    and choose and have agreements signed on my behalf
24    behind my back and then try to use it against me
25    and sue me for a million dollars.

```
 1  Q   So you had testified earlier that you had told
 2      Mr. Blackburn you can continue to negotiate with
 3      NextGear but it will not include a power of
 4      attorney.  That's your testimony; right?
 5          MR. DELK:  Let's clarify the timing of that.
 6  A   Yes.  Say that again.
 7  Q   You testified earlier today that in the February,
 8      March, early March --
 9          MR. DELK:  Misstates prior testimony.  Didn't
10      testify it was February or March.
11  A   No, I --
12  Q   Okay.
13  A   So I didn't say -- as I said before, that agreement
14      with my parents, in my mindset, was a substitute to
15      the NextGear agreement.
16  Q   Okay.
17  A   So as I stated before, at that time it was my
18      understanding that that was a substitute of
19      NextGear.  And I didn't know that, like you said,
20      Blackburn was still contacting NextGear that I
21      wasn't aware of, nor was I copied on any of the
22      communications.
23  Q   So then when you found out that he was, was when
24      you forwarded that agreement on to your attorney to
25      review; correct?
```

```
 1         MR. DELK:  Let's clarify which agreement.
 2   A  Yeah.
 3   Q  So the agreement you emailed to your lawyer.
 4   A  I would have to go back to the agreement.  I mean,
 5      this is -- it could have been the $150,000, it
 6      could have been the 500 depending on how quickly he
 7      got back to the original email.  I would have to go
 8      back to my records to accurately answer that
 9      question.
10   Q  But suffice it to say, as of Tuesday, March 26,
11      2019, 7:20 p.m., you've got an email from your
12      lawyer having reviewed a NextGear agreement.
13   A  Reviewing a NextGear agreement, correct.
14   Q  Where it gave NextGear a security interest in all
15      of the borrower's assets and properties, point 1.
16   A  Yes.
17   Q  Point 2, it had a personal guarantee; right?
18   A  Yes.
19   Q  And point 3, it describes what happens in a power
20      of attorney that was just part of that agreement as
21      you just testified; right?
22   A  That was part of that agreement, yes.
23   Q  And after receiving this email, at some point you
24      went on to the electronic DocuSign that had been
25      sent to you by NextGear and signed electronically
```

1     where you were supposed to sign; correct?
2         MR. DELK: Objection to form.
3 A  I electronically signed that document. The power
4     of attorney did not need to be signed.
5 Q  Now, when you say "the power of attorney did not
6     need to be signed," do you mean -- did someone ever
7     tell you, "Hey, don't worry about the power of
8     attorney. It's not part of the deal"?
9 A  Then why did NextGear require the power of attorney
10    to be electronically signed in the other agreement,
11    the $500,000 with the $100,000 retainer? That
12    needed to be required, electronically signed. So
13    why didn't -- why didn't NextGear -- why did
14    NextGear then not require this power of attorney to
15    be signed? Like, if that power of attorney needed
16    to be electronically signed, this whole entire
17    agreement would not have gone through, and I
18    wouldn't be talking to you today.
19 Q  So it's your testimony, then, that when you looked
20    at the DocuSign for the $500,000, there was a place
21    for you to sign the power of attorney
22    electronically?
23 A  Electronically for the power of attorney for the
24    $500,000 loan with the $100,000 retainer, yes.
25 Q  Okay.

```
 1  STATE OF INDIANA
 2  COUNTY OF MARION
 3
 4         I, Elizabeth T. Lindner, a Notary Public in
 5  and for said county and state, do hereby certify that
 6  the deponent herein was by me first duly sworn to tell
 7  the truth, the whole truth, and nothing but the truth
 8  in the aforementioned matter;
 9         That the foregoing deposition was taken on
10  behalf of the Plaintiff; that said deposition was
11  taken at the time and place heretofore mentioned
12  between 10:04 a.m. and 5:02 p.m.;
13         That said deposition was taken down in
14  stenograph notes and afterwards reduced to typewriting
15  under my direction; and that the typewritten
16  transcript is a true record of the testimony given by
17  said deponent;
18         And thereafter presented to said witness for
19  signature; that this certificate does not purport to
20  acknowledge or verify the signature hereto of the
21  deponent.
22         I do further certify that I am a disinterested
23  person in this cause of action; that I am not a
24  relative of the attorneys for any of the parties.
25
```

1        IN WITNESS WHEREOF, I have hereunto set my
2   hand and affixed my notarial seal this 8th day of
3   November, 2021.

*[Signature: Elizabeth T. Lindner]*

Elizabeth T. Lindner
NOTARY PUBLIC SEAL
STATE OF INDIANA
Commission No. NP0673781
My Commission Expires Nov. 11, 2023

13  My commission expires:
    November 11, 2023
14
    Job No. 166492