IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:20-cv-00354-TWP-DLP |
| vs. | ) |
| | ) |
| PREMIER GROUP AUTOS, LLC, | ) |
| JAMES BLACKBURN, and | ) |
| EDWARD A. KESSLER. | ) |
| | ) |
| Defendants. | ) |

**RESPONSE OF PREMIER GROUP AUTOS, LLC,
AND JAMES BLACKBURN TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT**

Premier Group Autos, LLC and James Michael C. Blackburn (collectively hereafter "Defendants"), submit their response in opposition to the motion for summary judgment of NextGear Capital, Inc. ("NextGear").

NextGear brought this action to collect monies alleged to be due pursuant to certain contractual agreements with Defendants. As NextGear points out in its Brief, this is a simple contract action. As such, the exhaustive history of the parties and the transaction provided by NextGear is, as a practical matter, irrelevant and immaterial. Defendants can only assume it was included to paint Defendants in a bad light and by doing so, gain the favor of this Court.

Defendants are not disputing that the contractual documents supporting NextGear's claims are valid and were signed by the Defendants. What Defendants do dispute is whether Defendants are obligated to pay NextGear at all.

Defendants have raised the affirmative defense of impossibility of performance and believe that a question of fact exist in regard to that defense that should result in the denial of

1

NextGear's motion for summary judgment.

NextGear was aware, at the time that it was making its loan to Defendants that a company called Overfinch existed. NextGear also knew that Overfinch provided high-end accessories for Land Rover and Range Rover automobiles and that dealers could send vehicles to Overfinch where they would be upgraded by Overfinch for a fee. See Mayoral deposition Exhibit 1, page 187, lines 9-18 and page 188, lines 16-21. In fact, this was the primary business of Defendants. See Blackburn deposition, Exhibit 2, page 75, line 23 through page 76, line 4. NextGear was aware that Defendants had entered into a distribution agreement with Overfinch and that its primary focus was the sale of Overfinch conversion automobiles. See Blackburn Affidavit, Exhibit 3.

Defendants entered into their distribution agreement with Overfinch on December 3, 2018. See Overfinch Agreement, Exhibit G to NextGear's Designation of Evidence. The Agreement contained an automatic renewal provision for additional one year terms absent notice by either party at least thirty (30) days prior to expiration of a term that the Agreement would not renew. Thus, Overfinch needed to send notice to Defendants on or before November 3, 2019 if it did not intend to renew the Agreement.

As noted by NextGear in its recitation of the historical progress of Defendants' business, during the initial ten (10) months of the Overfinch agreement, the hoped-for results were not realized, Overfinch vehicles were not being sold as expected, sales quotas were not being met and the Premier Auto Group, LLC was beginning to struggle financially. NextGear Brief, *Premier Collapses, and Kessler Sues Blackburn in Florida,* page 13. However, in spite of these deficiencies, Overfinch had not made any complaints to Defendants regarding their deficiencies and, in fact, expressed approval of Defendants efforts. See Blackburn deposition, Exhibit 2, page

67, lines 13-21.  November 3, 2019 arrived and passed without Defendants having received notice of Overfinch's intention not to renew the Distribution Agreement. See Blackburn deposition, Exhibit 2, page 70, lines 5-13.  Surprisingly, on November 11, 2019, eight days after passage of the notice deadline, Overfinch terminates the Distribution Agreement. See Overfinch letter, Exhibit N to NextGear's Designation of Evidence.  While NextGear characterizes the termination as a result of Defendants failures to meet sales quotas, a close reading of the notice indicates the true reason, as stated in the second paragraph of the letter:

> Due to the recent transactions that we have become aware of relating to the financing of vehicles, we shall suspend all existing business / transactions with you and you should not trade under or using the Overfinch brand with immediate effect, pending the outcome of the investigations.

      Approximately six weeks prior to the receipt of this letter, Defendants had entered negotiations with a new financing source, James Archbell, to provide sufficient financing to retire the obligations to NextGear.  See Blackburn deposition, Exhibit 2, page 107, lines 18-25 discussing Exhibit 27 to the deposition.   Around the same time as Defendants received NextGear's termination of the Distribution Agreement, James Blackburn learned that a NextGear representative had called Mr. Archbell, without Mr. Blackburn's knowledge, and alerted him to Defendants' financial condition, after which negotiations with Mr. Archbell ceased. See Blackburn Affidavit, Exhibit 3.1. Note that the day before the designated email exchange, Overfinch had sent its termination letter to Defendants after being informed by NextGear's representative alerted Overfinch to Defendants financial woes. See Blackburn deposition, Exhibit 2, page 109, lines 2-9.

      Thus, Defendants had been in a distribution agreement with Overfinch for 11 months. The distribution agreement was going to automatically renew due to lack of a non-renewal notice

3

and Defendants had secured alternative financing sufficient to retire the debt to NextGear. While the picture was still not rosie, the end of Defendants relationship and obligations to NextGear were in sight and heading toward a viable resolution. Suddenly, a NextGear representative calls Defendants white-knight financier and Overfinch, the very essence of Defendants existence and upon which their business plan relied for success, informs both of these entities of NextGear's financial woes and brings the Defendants' business to a crushing end.

"[I]mpossibility is an affirmative defense to performance of an executory contract and is generally invoked as a defense to an action for damages. *Bernel v. Bernel,* 930 N.E.2d 673, 683 (Ind.Ct.App.2010), *trans. denied.* Impossibility has been defined as 'where the performance of a contract becomes impossible, non-performance is excused, and no damages can be recovered.' *Dove v. Rose Acre Farms, Inc.,* 434 N.E.2d 931, 935–936 (Ind.Ct.App.1982). To invoke impossibility, one must demonstrate that performance is 'not merely difficult or relatively impossible, but absolutely impossible, owing to the act of God, the act of the law, or the loss or destruction of the subject-matter of the contract.' *Ross Clinic, Inc. v. Tabion,* 419 N.E.2d 219, 223 (Ind.Ct.App.1981) (quoting *Krause v. Bd. of Trustees of Sch. Town of Crothersville,* 162 Ind. 278, 283–284, 70 N.E. 264, 265 (1904)). Wagler v. W. Boggs Sewer Dist., Inc., 980 N.E.2d 363, 378 (Ind. Ct. App. 2012).

In the case at bar, the subject matter of the contract between NextGear and Defendants was the Overfinch Distribution Agreement. Without that agreement, the primary business purpose of Defendants could not be met. NextGear's representative took it upon himself to insert himself into that relationship conveying information that, even though it may have been accurate, soured the relationship to the point of termination. Defendants submit that a question of fact exists that the trier of fact should hear to determine whether the facts, as eventually proven at

4

trial, support the impossibility defense. A similar conclusion was drawn by the Indiana Court of Appeals in another case involving NextGear, under similar circumstances after review of similar evidence. In the case of <u>SWL, L.L.C. v. NextGear Capital, Inc.</u>, 131 N.E.3d 746 (Ind. Ct. App. 2019), NextGear sued a dealer for breach of its floor plan agreement. The dealer fell into some financial difficulties and began to negotiate with NextGear for a resolution. During the course of attempting to resolve matters with the dealer, a NextGear representative informed another lender with whom dealer had floor plan financing that dealer had defaulted on its loans with NextGear resulting in the repossession of vehicles financed by the other lender. The dealer's owner, Mr. Lollar, provided evidence to the Court that he believed an agreement for resolution of dealer's default had been reached and that NextGear's notification to the dealer's other lender prompted said lender to repossess the vehicles it was financing. The Court found that the dealer's designated evidence was sufficient to create a question of fact, requiring denial of NextGear's motion for summary judgment.

Likewise, in the case at bar, Defendants have designated sufficient evidence to raise questions of fact requiring denial of NextGear's motion. Defendants outline the disputed questions of facts as follows:

STATEMENT OF MATERIAL FACTS IN DISPUTE

1. Defendants have waived any defense based on NextGear's conduct. NextGear claims that the contracts contain language providing that Defendants give up the ability to challenge their liability to NextGear based on any alleged tort by NextGear, citing to NextGear's Exhibit B at ¶2(b). NextGear's Brief in Support, page 10. The nature of Defendants' defense in this matter is not a claim that NextGear committed a tort against Defendants resulting in a breach by Defendants but, rather, that the actions of NextGear's representative

rendered performance under the Note and Guarantee impossible, thereby excusing performance under the Note or Guaranty. By improperly and unnecessarily informing Overfinch of Defendants' financial condition, NextGear destroyed the very business of Defendants rendering continued performance under the Note and Guaranty impossible and, thus, excusing performance.

2. The termination of the Overfinch Distribution Agreement was based on Defendants failed performance thereunder. NextGear's Brief in Support, page 11.  As has been shown above the reason for Overfinch's termination was not non-performance. Defendants' under-performance had been accepted by Overfinch for 11 months.  It was only after NextGear's representative improperly informed Overfinch of Defendants' financial condition that Overfinch issued its termination letter.

3. Mr. Blackburn had no knowledge of statements made by a NextGear representative to both Overfinch and James Archbell. NextGear's Brief in Support, pages 17-18. In fact, Mr. Blackburn offered no such testimony.  The contention of NextGear is an incomplete and inaccurate paraphrasing of Mr. Blackburn's testimony.  What Mr. Blackburn testified to, in fact, was that even though he could not recite the conversations verbatim as he was not a party to them, he was aware of the content of the conversations and the effect that they had on Defendants' business relationships with those two entities.  See Blackburn deposition, Exhibit 2, page 107, line 18 through page 114, line 7.

4. Defendants' default under the Note and Guaranty.  Defendants had secured alternative financing with James Archbell sufficient to retire the obligations to NextGear. It was only after NextGear's representative improperly informed Mr. Archbell of Defendants' financial condition that Mr. Archbell ended the refinancing attempt.

Wherefore, Defendants pray that NextGear's motion be denied and for all other relief necessary and proper in the premises.

Respectfully submitted:

ROCAP LAW FIRM LLC

 /s/ Richard A. Rocap
Richard A. Rocap, Atty. No. 6333-49
*Attorney for Premier Group Autos, LLC and James Michael C. Blackburn*

ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Carmel, IN 46290-1130
(317) 846-0700
rar@rocap-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 28, 2022, a true and correct copy of the above and foregoing *Response* was filed electronically through the Court's CM/ECF system. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

 /s/ Richard A. Rocap
Richard A. Rocap, Atty. No. 6333-49
*Attorney for Premier Group Autos, LLC and James Michael C. Blackburn*

ROCAP LAW FIRM LLC
10293 North Meridian Street, Suite 175
Carmel, IN 46290-1130
(317) 846-0700
rar@rocap-law.com